# Exhibit 11

**Subject:** RE: Asher Bronstin v. Southern California Edison Company d/b/a SoCal Edison, No. 8:25-cv-02334-FWS-ADS (C.D. Cal.)
**Date:** Friday, June 12, 2026 at 1:58:04 PM Eastern Daylight Time
**From:** Farag, Peter <pfarag@milbank.com>
**To:** Nathaniel Haas <NHaas@wtlaw.com>, Laroche, Matthew <MLaroche@milbank.com>
**CC:** Ryan Watstein <Ryan@wtlaw.com>, James Ruley <jruley@wtlaw.com>, Keith Dye <kdye@wtlaw.com>
**Category:** Filed to Clio
**Attachments:** Bronstin v. SCE - Cover Letter to Subpoena for Deposition of Heidarpour.pdf

[Warning – external]

Hi Nathaniel,

Thank you for the note, and for the professional courtesy of reaching out before attempting personal service.

To answer your question, yes, we represent the Heidarpour Law Firm, and you should direct communications regarding this matter to us. That said, we are not authorized to accept service of the attached subpoena, and nothing in this email should be construed as accepting or waiving service.

We do want to raise a threshold concern now. We understand the Heidarpour Law Firm has no involvement in, or connection to, the Asher Bronsin matter. Before your client imposes the burden of a subpoena on a non-party in litigation it had nothing to do with—we ask that you identify the specific, good-faith basis for believing the firm has discoverable information relevant to that case. Rule 45(d)(1) obligates the party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expenses on a non-party, and we would expect your office to confirm it has satisfied that obligation before proceeding.

We note as well that this is now the latest in a series of subpoenas directed or threatened to direct at the Heidarpour Law Firm across unrelated matters. We reserve all rights with respect to it, including to move to quash, to seek a protective order, and to seek costs and attorneys' fees, and to bring the pattern to the attention of the court.

We are happy to discuss. If you believe there is a legitimate basis for this subpoena, please share and we will evaluate it in good faith. Absent that, we request that you office withdraw the subpoena.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** Nathaniel Haas <NHaas@wtlaw.com>
**Sent:** Thursday, June 11, 2026 2:31 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>; James Ruley <jruley@wtlaw.com>; Keith Dye <kdye@wtlaw.com>

**Subject:** [EXT] Asher Bronstin v. Southern California Edison Company d/b/a SoCal Edison, No. 8:25-cv-02334-FWS-ADS (C.D. Cal.)

Matt, Peter: nice to meet you both. I understand that you are speaking to my colleagues Ryan and James this afternoon, related to a subpoena served by our office in the Chet Wilson case. We have also prepared a subpoena to Heidarpour (attached), arising from the above-captioned TCPA matter in the Central District of California. I wanted to give you a heads up and inquire if you will represent Heidarpour in connection with this subpoena, too, before I bother them with personal service. Could you please let me know? Thanks.

**Nathaniel Haas**
WATSTEIN TEREPKA LLP
P: 213-526-1880
nhaas@wtlaw.com
www.wtlaw.com

======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.