# Exhibit 12

**Subject:** Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)
**Date:** Tuesday, June 16, 2026 at 8:09:34 PM Eastern Daylight Time
**From:** Ryan Watstein <Ryan@wtlaw.com>
**To:** Farag, Peter <pfarag@milbank.com>, James Ruley <jruley@wtlaw.com>, Jennipher Borey <jborey@wtlaw.com>
**CC:** Laroche, Matthew <MLaroche@milbank.com>, Rebecca Rhym <rrhym@wtlaw.com>, nkatyal@milbank.com <nkatyal@milbank.com>
**Category:** Filed to Clio

Milbank team,

I'm also recirculating this email from yesterday morning, which you haven't responded to. Given the representations you made about the Bronstin case, please answer our questions below.

Thanks,
-Ryan

**Ryan D. Watstein (bio)**
WATSTEIN TEREPKA LLP
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Date:** Monday, June 15, 2026 at 10:22 AM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Rebecca Rhym <rrhym@wtlaw.com>
**Subject:** Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Peter,

One more thing: you criticized our "firm's efforts to serve [HLF] with yet another subpoena in a case HLF had nothing to do with." In that separate email, you even threaten to pursue sanctions yet again.

Did you know that Bronstin's phone records show calls with HLF right before some of the calls that Bronstin has sued about? Also, did you know that the day after we served the HLF subpoena in the Bronstin case, Bronstin reached out to us to dismiss his own "class action" case with prejudice, out of the blue? Do you contend that HLF has no relationship with Bronstin, or are we correct that your wording about the Bronstin was careful and intentional?

Again, every single one of your positions is flatly contradicted by facts. I understand you are just doing your job by representing HLF, and we do not fault you for that—but to not attempt to mischaracterize or mislead us again, and stop threatening us.

Best,
-Ryan

**Ryan D. Watstein (bio)**
WATSTEIN TEREPKA LLP
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Date:** Sunday, June 14, 2026 at 10:36 PM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Rebecca Rhym <rrhym@wtlaw.com>
**Subject:** Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Hello Peter,

As I mentioned in our other email exchange, I have been in trial prep all weekend and am just now catching up on Friday emails.

As to your comment about me mischaracterizing our call, I'm not sure what you are referring to. My email below isn't about our call. The facts I recited from our call are non-controversial: (a) you said you would produce the engagement letter and some other documents, (b) you did not say the engagement letter would be redacted, (c) you asked for a standstill on next week's deposition, and (d) I said we would review your production and would agree to a standstill if, depending on what you produced, doing so wouldn't prejudice our client. **What about this is inaccurate?**

Your email, on the other hand, is going to change our relationship, because it confirms I cannot trust you—and before this email, I thought we had a good rapport. Also, I am very busy and dislike having to do blow-by-blow rebuttals by email on a weekend while preparing for trial. But given the seemingly intentional inaccuracies below, pls see your comments (in black) and my responses (in red) here:

> To recap what we discussed, we told you our production would address the timing of when HLF first became involved with Mr. Wilson because you were accusing our

client of manufacturing a claim on Mr. Wilson's behalf. Our production answered that question. The text messages and engagement letter show that HLF had no relationship with Mr. Wilson until well after the messages alleged in the complaint, which is dispositive of any suggestion that HLF had anything to do with how the number entered Freeway's system. That is the point you said you cared about, and the production resolves it. The fee arrangement is irrelevant to that question.

There are several problems with this text. The most glaring is your statement that whether "HLF had anything to do with how the number entered Freeway's system" is "the point [I] said [I] cared about." You know that is not true. I emphasized, repeatedly, what you would know if you carefully read our motion: it is about a scheme where an undisclosed law firm, HLF, gets a client with legit claims by advertising and locks them in as a perpetual revenue stream for TCPA claims. (The engagement letter you produced is consistent with that, noting that client retains "HLF to represent them *for any and all* claims regarding" the "TCPA" and "FDCPA.") HLF then farms out hundreds of claims for that perpetual revenue stream to litigation counsel, which HLF, the plaintiffs, and litigation counsel file as "class actions" to extort companies into better-than-the-statute damages. HLF and its outside firms leave the class with nothing and their "clients" (like Chet Wilson) with next to nothing—a 90/10 or so contingency percentage that certainly violates applicable ethics rules. All while failing to disclose HLF's involvement and financial interest to dozens of federal courts across the country. That is an abuse of the class action mechanism. *That* abuse is our core adequacy challenge and *that* is why your production is so useless to us, particularly given its redaction of the "fee agreement" portion of the "contingent fee agreement" you produced.

Another point we make in our motion is that, once it has a client locked in, HLF also manufactures claims (either itself or in coordination with its perpetual revenue streams like Chet Wilson) by filling out lead forms and inputting their number. HLF generally only does this with people like Chet Wilson, who have strange numbers (like Wilson's 999-9999 number) such that it will be much easier to believe they have hundreds of TCPA claims, without raising too many eyebrows.

Our motion was never about fraud on Freeway, and you know that because I reiterated it to you, indicating that the timing you described was entirely consistent with what we have seen with every HLF client who we believed was bringing fraudulent claims. Of course, if Wilson worked with HLF to manufacture *other* claims, as is the typical HLF pattern, that is clearly relevant to his adequacy as a class representative (and counsel's adequacy, of course) regardless of whether they manufactured this exact claim here.

And all this is without even getting into the point that someone who would perpetrate this scheme would also likely fabricate documents.

In sum, the fee arrangement could not be more relevant to our motion, and your email both misstates my comments and our motion.

Nor does your motion for class certification seek this information; to the contrary, you argue that class certification should be denied without any further discovery.

I don't understand this comment. First, we didn't move for class certification. We did the opposite: we moved to deny class certification. Second, it's a motion, not a discovery request. Of course it doesn't seek information. The result of the motion is that, once granted, class discovery should not move forward. Only individual discovery would, though here that wouldn't happen either because Plaintiff moved to dismiss his own claim in response to our motion—generally a good indicator of merit. But none of this has anything to do with the subpoena to HLF, which we served *precisely* to gather information to bolster our pending motion and to oppose (in part) Plaintiff's counsel's motion to evade accountability for themselves and HLF. That Plaintiff's counsel is trying to pull this maneuver makes the HLF discovery more relevant and more needful, not less.

When you raised discovery about other cases, we told you, expressly, that we would not be producing information concerning other cases. Your email now demands precisely that—the unredacted fee terms across 50+ other Wilson settlements and HLF's and Mr. Wilson's respective recoveries in those matters. That information has no bearing on your pending motion, which turns on adequacy and predominance in this case, not on what HLF or anyone else recovered in unrelated settlements. Demanding it only confirms what this has become—a fishing expedition. A conclusion underscored by your firm's efforts to serve us with yet another subpoena in a case HLF had nothing to do with.

See above. The primary point of the motion is the sue-and-settle exertion scheme that HLF is running in coordination with Wilson and its outside counsel. That Plaintiff's counsel moved to dismiss their own case with prejudice to avoid accountability for that proves the merit of our position more than any other action possibly could. Calling our attempts to bolster the scheme we describe in great detail and have experienced ourselves in hundreds of cases a "fishing expedition" is outlandish. As you conceded on our call, this is your first involvement with HLF. We, on the other hand, have literally thousands of hours of experience with HLF and the abusive cases it brings and profits immensely from.

You told us on our call that you would work with us on deadlines given what we were producing. Instead, you sent the email below. To be clear, if you are willing to proceed with the standstill we discussed, pending the Court's ruling on the pending motion to dismiss and confirming in writing that the deposition is deferred, we will

continue to work with you in good faith on a reasonable schedule. If you are not, we will move to quash and to modify, and we will seek our fees and costs under Rule 45(d). We will also be compelled to alert the Court to your firm's misuse of the discovery process and to the false allegations you continue to make about our client. This would be a waste of the Court's and the parties' resources, particularly given the pending motion to dismiss this case.

If you are unwilling to provide us with an unredacted fee agreement or any additional information to support our positions on the two pending motions, then we are not agreeing to a standstill. Why would we do that? That would prejudice our client. If you are willing to work to provide us with information sufficient to support the pending motions, then we will absolutely work with you. The ball is in your court, and we are happy to discuss. Just let us know. To be clear, as we already have been: we don't necessarily need everything the subpoena asks for, but we cannot accept what is effectively nothing.

As to your threat of seeking fees and costs, we are not intimated by that. That would be frivolous.

We remain willing to discuss if it would be productive. But our client will not be pressured into portfolio-wide discovery, in this case or through the serial subpoenas your firm is now threatening, which appears designed to chill our client from pursuing meritorious litigation.

As I explained to you in detail, we have defended dozens of HLF claims that were voluntarily dismissed with prejudice under threat of sanctions. So many I've lost count. We describe some of them in great detail in our motion, but there are many, many others. Given that those cases are public record, this isn't legitimately in dispute. Anyways, I guess we have very different definitions of "meritorious litigation."

We also have now asked you twice to identify any specific evidence that HLF engaged in wrongdoing, and twice you have declined. We ask again. If you have it, share it, and we'll discuss it with our client. If you do not, the repeated, hyperbolic allegations about our client should stop.

By this point in this email, I'm exhausted. I explained some of HLF's wrongdoing above. I explained to you numerous instances where we have sent him letters explaining why claims HLF was threatening lack any merit. He farmed them out to litigation counsel and they were filed as class actions anyway, at a cost of *millions* to our clients. Litigation counsel confirmed that HLF never even shared the letters we sent to HLF and then dismissed the cases with prejudice after we shared those same letters. We cited cases in our pending motion that we believe were manufactured by

HLF, and we explained why we believe that to be the case. We explained how HLF is not identifying its interest in its "class actions" in violation of various courts' rules. We explained how his financial arrangements with counsel and his perpetual clients are unethical.

Of course, we don't yet have forensic evidence from HLF's devices showing him filling out lead forms to generate claims. And we don't yet have much of the information we would like to further bolster the above because it is in HLF's possession and you have made clear you won't give it to us. Saying we don't have evidence of wrongdoing under these circumstances is kind of like someone avoiding a lineup to avoid being identified and then using his lack of identification as proof he is innocent.

If none of what we say above and know from our thousands of hours of experience with HLF-generated class actions is true, and if HLF really didn't do anything wrong and has nothing to hide, why doesn't it provide the evidence we're asking for to prove it?

As I note above, we are happy to discuss further if you will give us additional information. But we will not cancel the deposition absent that. Just let us know if you would like to discuss to try and reach a compromise.

Best,
-Ryan

**Ryan D. Watstein (bio)**
WATSTEIN TEREPKA LLP
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Friday, June 12, 2026 at 1:55 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>; James Ruley <jruley@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Rebecca Rhym <rrhym@wtlaw.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

Ryan,

We are disappointed with your response. We disagree with both your characterization of our

call and your characterization of our production.

To recap what we discussed, we told you our production would address the timing of when HLF first became involved with Mr. Wilson because you were accusing our client of manufacturing a claim on Mr. Wilson's behalf. Our production answered that question. The text messages and engagement letter show that HLF had no relationship with Mr. Wilson until well after the messages alleged in the complaint, which is dispositive of any suggestion that HLF had anything to do with how the number entered Freeway's system. That is the point you said you cared about, and the production resolves it. The fee arrangement is irrelevant to that question. Nor does your motion for class certification seek this information; to the contrary, you argue that class certification should be denied without any further discovery.

When you raised discovery about other cases, we told you, expressly, that we would not be producing information concerning other cases. Your email now demands precisely that—the unredacted fee terms across 50+ other Wilson settlements and HLF's and Mr. Wilson's respective recoveries in those matters. That information has no bearing on your pending motion, which turns on adequacy and predominance in this case, not on what HLF or anyone else recovered in unrelated settlements. Demanding it only confirms what this has become—a fishing expedition. A conclusion underscored by your firm's efforts to serve us with yet another subpoena in a case HLF had nothing to do with.

You told us on our call that you would work with us on deadlines given what we were producing. Instead, you sent the email below. To be clear, if you are willing to proceed with the standstill we discussed, pending the Court's ruling on the pending motion to dismiss and confirming in writing that the deposition is deferred, we will continue to work with you in good faith on a reasonable schedule. If you are not, we will move to quash and to modify, and we will seek our fees and costs under Rule 45(d). We will also be compelled to alert the Court to your firm's misuse of the discovery process and to the false allegations you continue to make about our client. This would be a waste of the Court's and the parties' resources, particularly given the pending motion to dismiss this case.

We remain willing to discuss if it would be productive. But our client will not be pressured into portfolio-wide discovery, in this case or through the serial subpoenas your firm is now threatening, which appears designed to chill our client from pursuing meritorious litigation. We also have now asked you twice to identify any specific evidence that HLF engaged in wrongdoing, and twice you have declined. We ask again. If you have it, share it, and we'll discuss it with our client. If you do not, the repeated, hyperbolic allegations about our client should stop.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Friday, June 12, 2026 12:12 AM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Rebecca Rhym <rrhym@wtlaw.com>
**Subject:** [EXT] Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Thanks for your time as well, Peter and Matt.

But this is not consistent with our discussion.

Most importantly, the engagement letter you produced is redacted. We cannot see the language that you know we care about most and that is most relevant to our pending motion: the fee arrangement. So, this production effectively tells us nothing, after we already provided an extension to allow you time to gather information. On top of that, there is no principled basis to produce the engagement letter but redact the fee arrangement. A fee arrangement is not legal advice.

You told us you wanted to agree to a standstill pending the court's decision on the pending motions. We are sensitive to that request, and told you we would accommodate it as long as it didn't prejudice our client. But this response leaves us with no information relevant to our pending motion, and that prejudices our client.

If you would like us to agree to a standstill, please confirm you will produce, by the end of the day tomorrow, the entire fee agreement in unredacted form, any other agreements between HLF and Wilson or his litigation counsel—which are contemplated by this agreement and which we have been informed exist. Please also confirm you will produce the total amount of payments HLF and Wilson, respectively, received under the 50+ individual Wilson settlements in cases that were filed as putative class actions. If you can commit, tomorrow, to producing that information within a reasonable period of time, I believe we can work something out on the deposition.

We are happy to discuss again tomorrow if it would be productive. But again, we do not view this as a good faith effort to avoid next week's deposition.

As I mentioned, it is only a matter of time until we get this information, whether here or in an affirmative action against HLF. If HLF has nothing to hide—if it is not using the class mechanism to enrich itself with better-than-the-statute, extortionate settlements to the detriment of the putative classes it purports to represent and leaving its named clients with a pittance—then it should just produce the information listed above tomorrow. We are open to being proven wrong.

Otherwise, we can take it up with the court.

Best,
-Ryan

**Ryan D. Watstein (bio)**
WATSTEIN TEREPKA LLP

P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Thursday, June 11, 2026 at 6:56 PM
**To:** James Ruley <jruley@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>
**Subject:** Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

Hi all,

Thanks for meeting with us earlier today. As discussed, please find attached Heidarpour Law Firm's Responses and Objections to Freeway Insurance Services of America, LLC's Subpoena.

In a moment, you should receive a Kiteworks link to our production. The password is [redacted]. Please let us know if you have any issues accessing the production.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice

based on your particular circumstances from an independent tax advisor.
======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.