# Exhibit 13

**Subject:** Re: Bronstin v. SCE: protective order
**Date:** Thursday, June 11, 2026 at 4:35:59 PM Eastern Daylight Time
**From:** Andrew Perrong <a@perronglaw.com>
**To:** Nathaniel Haas <NHaas@wtlaw.com>
**CC:** Dana Oliver <dana@danaoliverlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Jennipher Borey <jborey@wtlaw.com>, Keith Emanuel <kemanuel@wtlaw.com>
**Category:** Filed to Clio

[Warning – external]

Mr. Haas,

We are in receipt of your email.

As an initial matter, we note the service copy of your subpoena to the Heidarpour Law Firm. As you will find out in the discovery responses we are preparing, Mr. Bronstin has never interacted with that firm, has not been represented by them, and had no knowledge of their existence until you raised this issue in discovery. As a result, it is our position that the subpoena you have issued ought to be withdrawn.

More to the point, however, and subject to Rule 408, we are aware of Judge Slaughter's recent order regarding class certification and the case law regarding the emergency purposes exemption with respect to utilities under the circumstances you described. As such, we can offer a dismissal with prejudice of this litigation.

To that end, to the extent the foregoing is not acceptable to your client, we have good availability on the 18th or 19th for a Local Rule 7-3 call regarding our positions, including our anticipated motion for voluntary dismissal of the litigation.

Finally, I apologize I did not see your email regarding the protective order. We will review and get back to you with any changes.
On Thu, Jun 11, 2026 at 11:30 AM Nathaniel Haas <NHaas@wtlaw.com> wrote:

> Andrew, good afternoon: writing with a few items to discuss in this case.
>
> 1. We have not heard from you on the draft protective order in a month. Please review and let us know of any changes this week so that we can get it on file. Attached again for convenience.
>
> 2. We intend to file a motion for summary judgment on the basis that the calls at issue were made for emergency purposes in connection with an imminent power shut-off, and therefore are exempt from liability, and we may also file a motion to deny certification. We'd like to set up a telephonic meet and confer to walk you through each of the claims we intend to make and hear your response, in conformity with Local Rule 7-3. Please let us know your availability next week.

3. We recently served Defendant SCE's first set of discovery requests to Plaintiff Andrew Bronstin, as you know. We look forward to receiving your responses.

4. We trust you are aware of the attached orders from Judge Slaughter (our Judge in this case) that denied certification in another TCPA case, reasoning that the individual plaintiff was neither adequate nor typical. Given this order, and our ongoing investigation in connection with and parallel too the Chet Wilson case, you will see that the discovery seeks to uncover any similar issues in this case. Our past dealings with Mr. Bronstin suggest that he or someone on his behalf may be manufacturing claims.

5. Please also see attached for a subpoena to the Heidarpour law firm that we are serving today. We are giving you advance notice pursuant to FRCP 45(a)(4).

We look forward to hearing from you on dates to confer.

**Nathaniel Haas**
WATSTEIN TEREPKA LLP
P: 213-526-1880
nhaas@wtlaw.com
www.wtlaw.com

---

**From:** Keith Emanuel <kemanuel@wtlaw.com>
**Date:** Tuesday, May 5, 2026 at 1:21 PM
**To:** Andrew Perrong <a@perronglaw.com>; Nathaniel Haas <NHaas@wtlaw.com>
**Cc:** Dana Oliver <dana@danaoliverlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Jennipher Borey <jborey@wtlaw.com>
**Subject:** Re: Bronstin v. SCE: protective order

Andrew -

Thank you for your patience. I was out and traveling for a while and have been playing catchup. Please see our proposed protective order attached. I am copying our colleague @Nathaniel Haas, whom you may have noticed just entered an appearance for this case and will be joining our team. Please include him on communications going forward.

Judge Spaeth requires that we use the court's standard form and redline any changes. In light of that we made only minor changes to the court's form. We'll convert this to a redline version when we're ready to file it.

Let us know if Plaintiff has any additional revisions.