IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

*In re* SUBPOENA TO HEIDARPOUR LAW FIRM, PLLC.,

Case. No. 6:26-cv-830-MC
ORDER

---

CHET MICHAEL WILSON, individually and on behalf of all other similarly situated,

Plaintiff,

v.

FREEWAY INSURANCE SERVICES OF AMERICA, LLC,

Defendant.

Case No. 6:25-cv-01869-MC

---

MCSHANE, Judge:

Non-party Heidarpour Law Firm, PLLC ("HLF") moves to quash the subpoena served by Defendant Freeway Insurance Services of America, LLC. ECF No. 1. HLF asks that the Court:

(i) **immediately stay** the Subpoena's demand that an HLF representative testify at a deposition pending the outcome of this motion;
(ii) quash the document requests and deposition sought by the Subpoena; and
(iii) award HLF its costs and fees.

Mot. Quash 1, ECF No. 1.

HLF argues that Freeway should obtain the discovery from Plaintiff, not HLF, that the requested information is irrelevant to the underlying claims and defenses, and that the requests are overbroad and seek privileged information. The Court disagrees.

Freeway's requests for production, which HLF moves to quash (in entirety) consists of:

1. Documents sufficient to identify the date on which You first became aware of any communication sent by Freeway to the Subject Number, including the source of that information and how it was brought to Your attention. **[Resolved per James Ruley email at ECF No. 4-1[1]]**
2. Documents sufficient to identify the date on which You first communicated with Wlson concerning Freeway. **[Resolved per James Ruley email at ECF No. 4-1]**
3. Documents sufficient to identify the date on which You first referred, transmitted, or otherwise provided any potential claim by Wilson against Freeway to any attorney, law firm, investigator, consultant, vendor, or other person.
4. Documents sufficient to identify each Person who accessed, monitored, reviewed, searched, downloaded, exported, or otherwise used any iCloud account, Apple account, email account, cloud-storage account, device, message database, call log, voicemail account, or other account associated with Wilson or the Subject Number.
5. Documents sufficient to identify the date, time, IP address, device, browser, application, user agent, geographic location, and method of access for each instance in which You or any Person acting on Your behalf accessed, monitored, reviewed, searched, downloaded,

[1] The parties disagree on whether HLF essentially manufactured an emergency in filing the motion to quash. By moving for expedited consideration, HLF obtained a stay of Freeway's subpoena before Freeway had the opportunity to respond. While there is, perhaps, some validity to Freeway's argument in this respect, the Court generally commends the parties for, by all appearances, genuinely engaging in an ongoing conferral effort regarding the scope and nature of each side's positions. Exhibit 1 to Ryan Watstein's declaration, ECF No. 4-1, informs the Court that the parties conferred in good faith and managed to narrow or eliminate many of their differences (regardless of whether HLF's emergency motion was, in fact, a legitimate emergency).

exported, or otherwise used any iCloud account, Apple account, email account, cloud-storage account, device, message database, call log, voicemail account, or other account associated with Wilson or the Subject Number.

6. Documents sufficient to identify each username, login credential, authentication method, access token, shared credential, password-management tool, device, software, or platform You used to access, monitor, review, search, download, export, or otherwise use any account or device associated with Wilson or the Subject Number.
7. Documents sufficient to identify each Person who performed technical, forensic, data-mining, claim-identification, message-monitoring, intake, or lead-review work for You concerning Wilson or the Subject Number.
8. Documents sufficient to identify the date on which any potential claim by Wilson against Freeway was first referred by You to any attorney or law firm other than You. **[Resolved per James Ruley email at ECF No. 4-1]**
9. Documents sufficient to identify any agreement, understanding, referral arrangement, fee-sharing arrangement, co-counsel arrangement, consulting arrangement, or other financial interest You have or had in any claim by Wilson against Freeway.
10. Documents sufficient to identify any agreement, understanding, referral arrangement, fee-sharing arrangement, co-counsel arrangement, consulting arrangement, or other financial interest You have or had in any TCPA claim asserted by Wilson.
11. Documents sufficient to identify each TCPA claim, demand, lawsuit, or potential lawsuit involving Wilson that You referred, assigned, transmitted, or otherwise provided to any attorney or law firm from January 1, 2023 to the present
12. Documents sufficient to identify each letter you sent out on Wilson's behalf regarding a potential TCPA claim from January 1, 2023 to the present.

Laroche Decl. Ex. A, ECF No. 1-3.

Under Federal Rule of Civil Procedure 26(b), a party may generally "obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" A party subject to a subpoena may move to quash the subpoena when, as HLF argues here, the subpoena "requires disclosure of privileged or other protected matter . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)3)(iii)-(iv). The party moving to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, unduly burdensome, or seeks privileged information. *Maclaren v. PHH Mortgage Corp.*, 2025 WL 2270068, at *1 (D. Or. Feb. 20, 2025); *Canning v. Washington County*, 2024 WL 4381122, at *1 (D. Or. 2024). This is a "heavy burden." *Jiang v. Nvidia*, 2026 WL 962496, at *2 (D. D.C. April 9, 2026) (quoting *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995)). In the Ninth Circuit, courts "are sensitive to the imposition of large discovery costs on non-parties and recognize the special need to protect them [but] will not read 'undue burden' differently just because a non-party was subpoenaed." *Mount Hope Church v. Bash Back*, 705 F.3d 418 at 429 (9th Cir. 2012). Depositions of opposing counsel are generally disfavored in federal courts. *Zucchella v. Olympusat, Inc.*, 2021 WL 4785939, at *3 (C.D. Cal. 2021); *Jiang*, 2026 WL 962496, at *2.

HLF argues that "the underlying action is a consumer case against Freeway, not a case about HLF." Mem. Supp. Mot. Quash 1. While that may be true, the Court is concerned with the manner in which HLF may be working with Plaintiff to bring this and similar purported class actions. Defendant has spent an exorbitant amount of time, money, and resources defending this action and pulling back the curtain a bit on the relationship between Plaintiff and HLF. This Plaintiff has brought dozens of similar cases in this district. This Court is currently presiding over a total of 14 cases brought by the Plaintiff, all with Plaintiff seeking to settle under the

threat of a class action. Rather than simply paying Plaintiff to go away, Defendant has investigated what may be viewed as a TCPA litigation mill, using tactics that could potentially be characterized as fraud or extortion. In Defendant's view, "HLF is the originating principal of the sue-and-settle mill that Freeway's motion exposed for the first time, and the subpoena asks for the documents revealing its machinations." Def.'s Opp. 1, ECF No. 16.

HLF makes several arguments in support of its motion to quash. First, HLF argues that the requests are improper because they seek information subject to the attorney client privilege or attorney work product. Generally, at least at this time, the Court disagrees. The requests are narrowed to "documents sufficient to identify" certain facts about when HLF took some action, such as when HLF accessed the cloud-storage account linked to Plaintiff's phone number. The requests do not delve into HLF's thoughts or legal advice, but are limited to who performed certain actions on what date. The requests seek fee agreements and information regarding not only Plaintiff, but similar plaintiffs HLF represented in similar TCPA claims. This information does not appear to delve into privileged materials. Additionally, HLF acknowledges, in footnote six of its emergency motion, that Freeway "does not seek the substance of any communications conveying or asking for legal advice." ECF No. 1. Finally, any concerns in this regard are best handled not by a blunt hammer to all of the requests, but rather with the production of a privilege log.[2]

Next, HLF argues that the requests are irrelevant because the subpoena "does not seek information relevant to whether Freeway had consent to send messages to Mr. Wilson's phone,

---

[2] The Court notes that the 200 plus pages of discovery HLF recently provided in *Robertson v. Plain-English Media, LLC*, No. 3:23-cv-429 (D. Nev.) demonstrates that HLF's privilege arguments are unpersuasive. Those documents consist of HLF's fee agreements, pre-trial demands, and settlement agreements regarding cases brought by Erin Robertson. Freeway describes Robertson as "another serial litigant whose claims originate with HLF[.]" Def.'s Not. 2, ECF No. 22. Regardless of how similar Robertson is to Plaintiff, the discovery demonstrates that HLF is capable of producing plenty of documents that are in no way privileged.

the core issue in this case." HLF Mot. 17, ECF No. 1. This argument relies on viewing this case in a vacuum, ignoring the dozens of other substantially similar proposed class actions brought by Plaintiff. More importantly, the argument ignores that regardless of the specific claims brought by Plaintiff, Freeway is entitled to discovery necessary to defend those claims. Here, Freeway brings affirmative defenses of fraud, conspiracy, and unclean hands. Answer ¶ 75. The requested information is relevant not only to Freeway's affirmative defenses, but also to any future motion for sanctions against HLF, should the discovery confirm Freeway's suspicions.[3]

HLF also argues that Freeway must seek to obtain the discovery from Plaintiff himself, and not Plaintiff's attorney. But Plaintiff's deposition reveals that only HLF has the information sought in Freeway's subpoena. To summarize Plaintiff's deposition testimony: he gave his phone and cloud information to HLF; he does not understand technology and does not generally access the cloud; he mainly works with a woman employed by HLF (who is not an attorney); and he generally does little other than review the few TCPA proposed class actions that his attorney sends him every week before filing. Freeway has demonstrated that Plaintiff does not have the information it seeks from HLF.

Because any privilege concerns are allayed via a privilege log, and because the information sought here is relevant but not unduly burdensome, HLF's motion to quash, is DENIED as to the requests for production. HLF is granted 30 days to comply with the subpoena. The Court encourages the parties to continue conferring in good faith, in an effort to narrow or refine the requests for production. Regarding HLF's deposition, the Court declines at this time to

[3] The subpoena also seeks information that is highly relevant to Freeway's motion to deny class certification. Although Plaintiff moved to voluntarily dismiss this action, with prejudice, immediately after Freeway filed that motion, the requested information could shed light on the Court's analysis of whether Plaintiff (or Plaintiff's counsel) is suitable to serve as counsel or lead Plaintiff in any class action. Relatedly, HLF argues that because Freeway objects only to the timing of Plaintiff's motion for voluntary dismissal, the subpoena here will soon be moot. But the Court has not resolved Plaintiff's motion to dismiss, and the information sought in the subpoena could be relevant to the Court's resolution of that motion.

lift the stay of that deposition entered by minute order on June 25, 2026. The Court grants Freeway leave to file a motion to lift that stay after HLF completes its document production. Although document production may render the deposition unnecessary, Freeway will be permitted to argue why good cause exists to lift the stay of HLF's deposition.

IT IS SO ORDERED.

DATED this 24th day of August, 2026.

_____/s/ Michael McShane___________
Michael McShane
United States District Judge