Neal Katyal (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Matthew J. Laroche (*pro hac vice*)
Peter Farag (*pro hac vice*)
Isabelle Laskero (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Heidarpour Law Firm, PLLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| *In re* SUBPOENA TO HEIDARPOUR LAW FIRM, PLLC. | Case No.: 6:26-mc-00830-MC |
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>Defendant. | Underlying action:<br><br>United States District Court for the District of Oregon, Eugene Division<br><br>Case No. 6:25-cv-01869-MC<br><br>**NOTICE OF HEIDARPOUR LAW FIRM REGARDING RESPONSE TO SUBPOENA AND THE AUGUST 19, 2026 HEARING** |

**NOTICE OF HEIDARPOUR LAW FIRM REGARDING RESPONSE**
**TO SUBPOENA AND THE AUGUST 19, 2026 HEARING**

As the Court is aware, this miscellaneous action was transferred to this Court under Federal Rule of Civil Procedure 45(f). Heidarpour Law Firm, PLLC ("HLF") is not a party or counsel in the underlying action, was not present at the Court's August 19, 2026 hearing (the "Hearing"), and has not had an opportunity to address the HLF-related subjects discussed there.

HLF fully appreciates the gravity of the allegations made about the firm during the Hearing and understands the Court's concerns. To be clear, HLF strenuously disputes that it has committed fraud, engaged in improper conduct, or controlled Mr. Wilson's claims. These allegations are causing significant damage to HLF. HLF writes below to outline what it has done and is doing to respond to these allegations and the subpoena in this miscellaneous action. HLF also respectfully requests that it be given an opportunity to address these issues on a full record before the Court makes any findings about HLF's conduct in any additional proceedings.

At the outset, HLF wishes to address concerns raised during the Hearing about its response to the subpoena. HLF worked in good faith to respond to an extraordinary subpoena in a case that had a pending motion to dismiss and a pending motion to deny class certification in which Freeway represented it did not need additional discovery to resolve those motions. At the time, Freeway was also serving HLF with identical subpoenas in other cases and told HLF that it may pursue civil litigation against the firm. In that posture, HLF believed the most prudent path forward was to receive guidance from this Court as to what discovery it wanted concerning the pending motions, and it proposed that approach to Freeway on several occasions. HLF also made clear to Freeway that it vigorously disputed any allegations of fraud or misconduct, and it produced documents and

provided information that satisfied several of the requests and addressed many of Freeway's follow-up questions. *See generally* Motion at 12-14; Ex. G; Reply at 2-4, 10-11.[1]

While Freeway certainly sought more information and documents (including information about hundreds of other matters), HLF was willing to engage in a constructive dialogue and did not refuse to cooperate during this process. Indeed, HLF addressed many of the same accusations that Freeway made at the Hearing during several of the parties' meet and confers, in correspondence, through its productions, in its motion to quash, and in a sworn declaration submitted by Andrew Heidarpour (HLF's founding partner). *Id.*; *see also* Heidarpour Decl. Regardless, HLF is fully committed to addressing these issues and responding to the subpoena, as detailed below.

**A. HLF's Role and Representation of Mr. Wilson**

By way of background, HLF is operated by Mr. Heidarpour, who employs one other lawyer as an independent contractor and limited support staff. Since 2017, HLF has represented clients in TCPA matters, and it principally acts as an origination and referral firm. A consumer hires HLF when he or she has received unsolicited messages or calls. HLF investigates the issue, sends a letter demanding that the messaging party stop or otherwise provide evidence that it was authorized to contact the consumer, and attempts to negotiate a resolution. If a resolution is not reached, HLF generally does not file a claim on the consumer's behalf. Instead, HLF refers the matter to other counsel. If counsel to which the matter is referred files an action, HLF may continue to assist with

[1] "Motion" refers to HLF's Motion to Quash the Subpoena filed at Dkt. No. 1; "Heidarpour Decl." refers to the declaration of Andrew Heidarpour filed at Dkt. No. 1-1; "Ex." refers to the Exhibits attached to the declaration of Matthew Laroche filed at Dkt. No. 1-2; "Reply" refers to HLF's reply in support of the Motion filed at Dkt. No. 19; and "Supp. Laroche Decl." refers to the Supplemental Declaration of Matthew Laroche submitted with the Reply at Dkt. No. 19-1.

discovery and engage in client communications, but the counsel to which a matter is referred will appear as counsel of record and is in charge of pursuing that action.

In October 2024, Mr. Wilson hired HLF. Motion at 5-6; Heidarpour Decl. ¶ 5. By that time, Mr. Wilson had already received numerous unsolicited messages, including the June 2024 messages from Freeway that serve as the basis for the claim underlying this action. *Id.* HLF investigated Mr. Wilson's claims, sent letters requesting that unsolicited messages stop, and resolved many of Mr. Wilson's issues short of litigation. Heidarpour Decl. ¶¶ 6-7. When HLF was unable to resolve Mr. Wilson's claims, HLF referred them to other counsel who evaluated whether to file litigation. *Id.* Andrew Perrong subsequently filed the underlying action and is counsel of record. HLF is not counsel of record in the underlying action and has not sought to be appointed as class counsel in this or any other Wilson matter.

### B. Freeway's Accusations Against HLF

Freeway has made many accusations about HLF in the underlying action. HLF wishes to reiterate its position on two of those accusations, which accuse HLF of criminal activity. *First*, Freeway has accused HLF of committing criminal fraud by manufacturing claims on behalf of Mr. Wilson and potentially other TCPA clients. This accusation is false. HLF produced documents showing that it did not have any contact with Mr. Wilson until well after Freeway sent the messages at issue in this case. Motion at 10-11. And as noted in the following section, HLF will produce forensic data reinforcing that it did not manufacture claims.

*Second*, Freeway has accused HLF of controlling Mr. Wilson's claims and removing all decision-making authority from him about whether to file or settle cases. This is also not true. Mr. Wilson has the ultimate authority to decide when to bring, settle, or dismiss his claims. Motion at 11. Mr. Heidarpour also separately submitted a sworn declaration reiterating his role in TCPA

cases and that he obtains appropriate client authorization. *See* Heidarpour Decl. ¶¶ 4, 7. Freeway's basis for this assertion is HLF's initial 2024 engagement letter with Mr. Wilson, which contains a power of attorney provision that has become the feature of Freeway's arguments. HLF recognizes why the power of attorney provision has raised concerns and has updated its engagement letters to remove it. The critical point, however, is that HLF never invoked any provision of this agreement to "control" Mr. Wilson's claims or sign anything on his behalf, including but not limited to the 2025 co-counsel engagement agreement that was discussed at the Hearing.

The Court also expressed concern during the Hearing about the fee arrangements between Mr. Wilson and his counsel. The fee arrangement governing this case is the 2025 co-counsel engagement agreement (which is executed when a matter is referred by HLF and filed by counsel), not Mr. Wilson's 2024 engagement letter with HLF. *See* Motion at 11; Supp. Laroche Decl., Dkt. No. 19-1. HLF's financial interest in Mr. Wilson's case under the co-counsel engagement agreement is a 30% fee calculated as a percentage of the attorney's fee component of any resolution. For matters HLF has referred to other counsel, HLF does not negotiate with opposing parties about potential resolutions. HLF is informed by litigation counsel about the terms of any potential settlement, which HLF conveys to Mr. Wilson, and Mr. Wilson has the ultimate say and authority to accept or reject any settlement. HLF understands that the Court has questions about the overall fee structure in Mr. Wilson's cases. As set forth below, HLF's forthcoming production will include financial records and settlement documentation that will allow the Court to evaluate the economics of these arrangements.

### C. HLF's Diligence Responding to the Subpoena

The Court understandably expressed concerns about these and other issues during the Hearing. Among other things, the Court was concerned that "criminal fraud is taking place" and

that HLF had "preempted" Mr. Wilson's claims. As a result, the Court stated that it would require robust discovery from HLF and subsequently denied HLF's motion to quash.

HLF took immediate steps to address the issues raised during the Hearing. Among other things, HLF has hired a forensic firm, Ankura, which has collected hundreds of thousands of documents and data in HLF's possession, custody, or control relating to TCPA claims, including data from several HLF devices; collected correspondence HLF sent on Mr. Wilson's behalf in this and any other TCPA matter and related documents; collected settlement agreements in Mr. Wilson's cases and started notifying parties to those agreements, which contain confidentiality provisions, that they will be produced; conferred with Freeway about its pending requests; and provided Freeway with a proposed protective order on September 1, 2026, due to sensitivities around records in which other nonparties have a confidentiality interest.

HLF's productions will respond to each of the remaining subpoena requests and go beyond what has been requested. HLF expects to produce (i) data confirming that it has not manipulated Mr. Wilson's phone information; (ii) documents reflecting its legal work on Mr. Wilson's potential claims; (iii) documents confirming that Mr. Wilson executed agreements and settlements in his cases; and (iv) records reinforcing that Mr. Wilson was consulted about his cases and settlements. HLF has also responded to six additional requests from Freeway that it sent during the week of August 31, 2026.

* * *

HLF understands that the Court has concerns about Mr. Wilson's cases that go beyond what HLF is addressing in this Notice. HLF is committed to cooperating with the Court on any inquiries related to HLF or Mr. Wilson's cases. HLF is confident that through this process, it will address the Court's concerns and, importantly, be able to correct the record concerning HLF's role in Mr. Wilson's matters. As noted above, HLF is making this submission now given that it is not a party in the underlying action, was not present during the Hearing, and wishes to assure the Court that it is taking every step to address the Court's concerns.

DATED: September 14, 2026

Respectfully submitted,

*/s/ Neal Katyal*
Neal Katyal (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Matthew J. Laroche (*pro hac vice*)
Peter Farag (*pro hac vice*)
Isabelle Laskero (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Heidarpour Law Firm, PLLC*