# EXHIBIT C

WATSTEIN TEREPKA LLP

James Ruley
jruley@wtlaw.com
404-991-2684

October 16, 2026

**VIA HAND DELIVERY**

Heidarpour Law Firm, PLLC
c/o Andrew William Heidarpour
1300 Pennsylvania Avenue NW, Suite 190-318
Washington, DC 20004

Re: ***Chet Michael Wilson v. Freeway Insurance Services of America, LLC***
**United States District Court for the District of Oregon, Case No. 6:25-cv-01869**

Dear Mr. Heidarpour:

Enclosed please find a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action requiring the production of documents identified in the attached Exhibit A. Heidarpour Law Firm may satisfy its obligations in response to this subpoena by producing the documents identified in Exhibit A, having the appropriate person(s) execute the enclosed Declaration of Custodian of Records, and placing the responsive documents in the mail to Watstein Terepka LLP, ATTN: James Ruley, 75 14th Street, Suite 2600, Atlanta, Georgia 30309, or by producing the documents electronically to jruley@wtlaw.com and ryan@wtlaw.com.

Should you have any questions, call me at (404) 991-2684.

Sincerely,

*/s/ James M. Ruley*
James M. Ruley

cc: Ryan Watstein (ryan@wtlaw.com)
Rebecca Rhym (rrhym@wtlaw.com)
Andrew William Heidarpour (heidarpourlawfirm@gmail.com)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| Chet Michael Wilson<br>*Plaintiff*<br>v.<br>Freeway Insurance Services of America, LLC<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 6:25-cv-01869-MC |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Heidarpour Law Firm, PLLC c/o Andrew William Heidarpour
1300 Pennsylvania Avenue NW, Suite 190-318, Washington, DC 20004

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: Directly to the undersigned counsel electronically. | Date and Time: **November 9, 2026 at 5:00 p.m. ET** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/16/2026

*CLERK OF COURT*

____________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ James Ruley
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Freeway Insurance Services of America, LLC , who issues or requests this subpoena, are:

James Ruley, Watstein Terepka, LLP, 75 14th St NE, Ste 2600, Atlanta, GA 30309, 404-991-2684 / jruley@wtlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:25-cv-01869-MC

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

______________________________________________________________________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ ____________ .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1. The terms "You" and "Your" mean the Heidarpour Law Firm, PLLC, and any predecessor, successor, affiliate, or alternate name under which it has operated, and any other persons or entities acting on its behalf or at its direction with respect to the subject matter of any Request (including its present and former members, attorneys, employees, paralegals, legal assistants, agents, contractors, consultants, vendors, and representatives), including without limitation Andrew Heidarpour, Dana J. Oliver, Farideh Heidarpour, and any Family Member who performed work for You or at Your direction.

2. The term "Class Action" refers to the case captioned Chet Michael Wilson v. Freeway Insurance Services of America, LLC, No. 6:25-cv-1869-MC (D. Or. Oct. 12, 2025).

3. The term "Freeway" means Freeway Insurance Services of America, LLC, the defendant in the Class Action.

4. The term "Wilson" means Chet Michael Wilson, the named plaintiff and putative class representative in the Class Action.

5. The term "Subject Number" means the telephone number 541-999-9999.

6. The term "First Subpoena" means the Subpoena to Testify at a Deposition in a Civil Action, including Exhibit A, that Freeway served on You on or about May 20, 2026.

7. The term "Prior Production" means every Document You have produced in response to the First Subpoena, including the Documents bearing the Bates prefix HLF_Freeway_, and the privilege log You served on or about September 23, 2026.

8. The term "Wilson Matter" means any actual or potential claim, demand, pre-suit notice, settlement, lawsuit, or arbitration under the Telephone Consumer Protection Act or any analogous state law asserted by or on behalf of Wilson, or Concerning the Subject Number, from

January 1, 2023 to the present, whether or not You appeared as counsel of record, including without limitation the Class Action, the matters identified in the Prior Production, and any matter in which Wilson was a co-plaintiff or co-claimant with any other Person.

9. The term "Demand Recipient" means any Person to whom You, Wilson, or any Referral Counsel sent a demand letter, pre-suit notice, or other Communication asserting a claim in any Wilson Matter, and any Person named as a defendant in any Wilson Matter, together with that Person's counsel, insurers, and agents.

10. The term "Referral Counsel" means any attorney or law firm other than You that received, filed, prosecuted, or settled any Wilson Matter, including without limitation Andrew Roman Perrong and Perrong Law, LLC, Anthony I. Paronich and Paronich Law, P.C., and Avi R. Kaufman and Kaufman P.A.

11. The term "Family Member" means any Person related by blood or marriage to Andrew Heidarpour, including without limitation Farideh Heidarpour, Fred Heidarpour, and Ali Heidarpour, and any entity owned or controlled by any of them.

12. The term "Settlement" means any resolution of a Wilson Matter for consideration, whether before or after suit was filed, and whether documented by a settlement agreement, release, settlement statement, closing statement, or otherwise.

13. The term "Consent Evidence" means any Document or information tending to show that Wilson, or any Person using the Subject Number, consented to, requested, opted in to, or invited any call or text message that is the subject of a Wilson Matter, including without limitation any lead form, lead record, TrustedForm or Jornaya certificate, IP address, session data, website visit, or EverQuote or other lead-aggregator record, and any assertion by a Demand Recipient that such consent existed.

14. The term "Communication" means any transmission of information by any means, including in-person conversation, telephone call, voicemail, letter, email, text message, iMessage, and any message sent through WhatsApp, Signal, Telegram, Slack, Teams, social-media direct messaging, or any other messaging application, together with any attachment and any record of the Communication.

15. The term "Native Format" means the electronic form in which a Document was created or is ordinarily maintained, with all metadata intact, including without limitation .msg or .eml files for email, .xlsx files for spreadsheets, .docx files for word-processing documents, and the platform-generated audit trail, document history, or certificate of completion for any electronically signed document.

16. The term "Relevant Period" means January 1, 2023 through the date of Your response, unless a Request states otherwise.

17. The terms "Person" or "Persons" mean or refer to any natural person or legal entity, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, trusts, and governmental bodies.

18. The terms "Document" and "Documents" include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies and drafts, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or

attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, interoffice communications, electronic mail, text messages, instant messages, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials of any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or uncanceled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting, or used in the preparation of any documents. The terms "Document" and "Documents" also mean any and all computer records, data, and information of whatever kind, whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magneto-optical disk, hard drive, cloud-storage account, or rapid access memory, including without limitation all back-up copies, undeleted data, and dormant or remnant files.

19. The term "Relate to" means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent.

20. The terms "Refer to" or "Referring to" mean in any way referring to, relating to, reporting on, with respect to, showing or indicating knowledge of, pertaining to, having to do with, having any relationship or connection to, containing, mentioning, describing, disclosing,

summarizing, rephrasing, memorializing, analyzing, showing, or in any manner bearing on the stated matter, fact, or thing.

21. The terms “Concern” or “Concerning” mean Relating to, Referring to, describing, evidencing, or constituting.

22. The terms “Evidence” or “Evidencing” mean in any way supporting, demonstrating, embodying, representing, exemplifying, signifying, constituting, consisting of, comprising, being the equivalent or equal to, or establishing any reasonable, logical, or causal connection to the stated matter, fact, or thing.

**INSTRUCTIONS**

1. These instructions are subject to the definitions set forth in the preceding “Definitions” section of this Exhibit A.

2. Each Request calls for all responsive Documents in Your possession, custody, or control, including Documents held by Your attorneys, Referral Counsel acting on Your behalf, consultants, vendors, cloud-service providers, and any Family Member who performed work for You, and Documents You have the legal right or practical ability to obtain.

3. If any Documents or things, the production of which is requested herein, are withheld or redacted under a claim of privilege or work-product protection, please provide the following information with respect to each such Document or thing:

a. the type of Document or thing, its general subject matter, and the place and approximate date it was prepared or created;

b. the name and title of each Person who prepared or created the Document or thing, each sender, and the name and title of each other Person who has received or examined the Document or thing or a copy thereof, including whether each such Person is an attorney;

c. the type of privilege claimed;

d. a statement of the circumstances which bear on whether or not the claim of privilege is appropriate, including, for any Document sent to or received from a Person other than You and Wilson, the basis on which the privilege is claimed to extend to that Person, and whether the privilege that is claimed should extend to all or only to part of the Document or thing; and

e. the numbers of each specification or Request to which the Document or thing otherwise would be responsive.

4. If You contend that any Request reaches the substance of a Communication conveying or requesting legal advice, or the mental impressions of counsel, produce the non-privileged portion of each responsive Document, including dates, participants, transactional terms, and amounts, and log the remainder. The existence, date, participants, and medium of a Communication, the identity of a client or referral source, and the terms of a fee or referral arrangement are not privileged.

5. You have previously produced Documents in several of the categories requested here, without objection and without a protective order, in response to a Rule 45 subpoena in *Robertson v. Plain-English Media, LLC*, No. 3:24-cv-429 (D. Nev.), and in certain categories in response to the First Subpoena. Any objection to a Request will be evaluated against Your prior treatment of the same category of Documents.

6. Pursuant to Federal Rules of Civil Procedure 45(a)(1)(C) and (e)(1)(B), electronically stored information shall be produced in Native Format. Without limitation: (a) email shall be produced as .msg or .eml files with attachments and complete header information; (b) spreadsheets and databases shall be produced as .xlsx or .csv files or as a native database export; (c) text and application messages shall be produced in a form that preserves the sender, recipient, date, time, thread, and any attachment; (d) for any electronically signed Document, including every Document executed through SignNow, airSlate, or DocuSign, You shall produce the native signed file together with the platform-generated audit trail, document history, or certificate of completion

for that document; and (e) Documents that exist only in hard copy shall be produced as searchable PDF files.

7. Each Document shall bear a unique Bates number continuing the HLF_Freeway_ sequence used in the Prior Production, and the production shall be accompanied by an index identifying, for each Bates range, the Native Format file name, the custodian, and the Request(s) to which it responds.

8. Documents already produced in the Prior Production need not be produced again, provided that You identify by Bates number the previously produced Documents responsive to each Request. Documents produced in the Prior Production in a form other than Native Format shall be reproduced in Native Format where these Requests so require.

9. Any confidentiality designation under the protective order in the Class Action shall be made only on a good-faith basis as to the specific Document designated.

10. If any of the Documents requested by a Request are not within Your possession, custody, or control, please describe in detail the efforts You made to locate or obtain the Documents, together with their likely source. If any portion of any Request refers to information or Documents that You are aware of but are not within Your possession, custody, or control, identify each Person in possession of the information and each Document in a manner sufficient to describe such Documents for the purpose of preparing and serving a proper subpoena duces tecum, and identify the name, telephone number, and address of the Person last known by You to have been in possession, custody, or control of such Documents.

11. If no Documents responsive to a Request exist, please so state in writing. If it is maintained that any Document that is requested has been destroyed, set forth the contents of the

Document, the date of such destruction, the name of the Person who authorized or directed such destruction, and any retention or auto-delete setting that caused it.

12. If You object to any part of a Request, state the objection with specificity, produce all Documents responsive to the remainder, and state whether any responsive Documents are being withheld on the basis of the objection.

13. These Requests are intended to be continuing in nature and any responsive Documents which may be discovered subsequent to the initial production should be produced within a reasonable time following such discovery.

14. Any pronoun should be construed as singular or plural and is included in the masculine, feminine, or neuter to the extent necessary or appropriate to render the Request as broad and inclusive as reasonably possible.

15. The use of the present tense includes the past tense, and the use of the past tense includes the present tense, to be inclusive of any information that may otherwise be excluded.

16. The connectives "or" and "and" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**REQUESTS**

1. In its September 23, 2026 production cover letter, Your counsel represented that "when Mr. Heidarpour was in law school, he served as a clerk to Richard J. Daschbach, who was then serving as Chief Judge of the Federal Workers Compensation Appeals Board"; that "[a]fter retiring, Mr. Daschbach founded Legal Advocacy for Victims LLP, which was a consumer rights

firm that handled TCPA claims and for which Mr. Heidarpour worked prior to becoming a licensed attorney"; that Mr. Daschbach "used an engagement letter for firm clients that was nearly identical to the one Freeway takes issue with and which included the same power of attorney provision"; and that "[w]hen Mr. Heidarpour founded HLF, he simply continued to use the same agreement that Mr. Daschbach had drafted and used for firm clients," so that "[t]here is nothing nefarious about that, and HLF certainly did not adopt the language to engage in fraud or unethical conduct."

But in *Fred Heidarpour v. Central Payment*, Andrew Heidarpour testified that Legal Advocacy for Victims was a for-profit plaintiff's TCPA firm that he did not merely work for. It was "a business that I helped start that was doing TCPA cases," it existed "for TCPA claims," he held an ownership interest in it, and he still held that interest at his 2016 deposition because he had not "been bought out yet" and was seeking to be "compensated for the cases we had been working on." He further testified that he left that firm because he "didn't feel comfortable with" its contingency percentage of "[a]nywhere from 45, 55 percent" and "[d]idn't agree" with its "billing practices." Dep. Tr. of Andrew Heidarpour at 15–19, *Fred Heidarpour v. Central Payment*, No. 4:15-cv-00139-CDL (M.D. Ga.), Dkt. No. 44 ("Andrew Heidarpour Dep.").

So, please produce, for the period January 1, 2012 to the present, all Documents Concerning Legal Advocacy for Victims LLP ("LAV," also identified in the record as "LAFV") that reflect or Relate to: (a) the terms of Andrew Heidarpour's employment by or ownership in LAV, and any buyout, separation, or compensation dispute; (b) each engagement letter, contingent-fee agreement, power-of-attorney provision, demand-letter template, or other form document used by LAV that You adopted, in whole or in part, including all Documents Concerning Your adoption or modification of it; (c) how LAV charged for its services and the contingent-fee percentages it imposed, including the contingency of "[a]nywhere from 45, 55 percent" that Mr.

Heidarpour testified he "didn't feel comfortable with"; and (d) the "billing practices" with which he testified he "[d]idn't agree." Andrew Heidarpour Dep. at 15–19.

2. All Communications between You or any Referral Counsel, on the one hand, and any Demand Recipient on the other, Concerning any Wilson Matter. To the extent any Demand Recipient contended that Wilson's threatened claims were without merit, please also produce all Documents Concerning Your evaluation of and response to each such assertion and all Communications with Wilson or Referral Counsel Concerning it. To the extent You withhold any such Communications as privileged, please log them in accordance with Instruction 3.

3. Documents sufficient to show, for each Wilson Matter, every settlement demand or offer made by You, Wilson, or Referral Counsel, every offer or counteroffer received from the Demand Recipient, including the amount, date, and Person making or receiving each, and the Person who decided to accept or reject each offer on Wilson's behalf and how and when that decision was communicated to Wilson.

4. Documents sufficient to show the date, time, medium, participants, and subject of every Communication between You, on the one hand, and Wilson or any Referral Counsel on the other, regarding any Wilson Matter during the Relevant Period, including a complete export or log of every text, phone call, and messaging-application thread, whether or not You contend the content is privileged.

5. Documents sufficient to identify each instance in which any Person other than Wilson executed, signed, initialed, or placed Wilson's name or signature on any Document, including under the power of attorney in ¶ 7 of the October 4, 2024 Contingent Fee Agreement (produced at HLF_Freeway_0000009–10 and filed in the Class Action at ECF No. 33, Ex. 3), together with each Document so executed and the identity of the Person who executed it.

6. For Farideh Heidarpour and each other Family Member (including Ali and Fred Heidarpour) who performed any work for You, or at Your direction, Concerning any Wilson Matter: Documents sufficient to show the Person's title and role; the dates of employment or engagement; whether the Person is or was an employee, independent contractor, or other agent of Yours; the basis of compensation, and whether any compensation was tied to any Wilson Matter or Settlement; and each Wilson Matter on which the Person worked, including any employment agreement, independent-contractor agreement, engagement letter, offer letter, or job description.

7. Documents sufficient to identify each attorney, employee, contractor, consultant, and vendor who performed any work Concerning any Wilson Matter during the Relevant Period, including each Person's role, whether each Person is a licensed attorney, each Person who communicated with Wilson on Your behalf, and each Person who created, sent, received, or signed any Document in any Wilson Matter using the accounts info@hlfirm.com, AHeidarpour@HLFirm.com, DOliver.HeidarpourLawFirm@gmail.com, or heidarpourlawfirm@gmail.com or any SignNow, airSlate, or DocuSign account, including each Person who completed a "Fill Out Now" field.

8. Documents sufficient to show each monetary demand You or any Referral Counsel made in any Wilson Matter.

9. Documents sufficient to show what You and any Referral Counsel were paid in any Wilson Matter.

10. All Documents that support or refute that the demands and payments referenced in Requests 8 and 9 were "based on the amount of time spent on the matter multiplied by our hourly rates," or reflected "a multiplier based on certain risk factors," as provided in paragraph 7 of the Contingent Fee Agreement dated August 29, 2025, filed in the Class Action at ECF No. 26-1, or

in any comparable provision of any other fee agreement in any Wilson Matter. Responsive Documents include, without limitation, Your timesheets for each Wilson Matter where You made a demand or payment.

11. For each demand letter, pre-suit notice, or complaint sent or filed on Wilson's behalf, or that You evaluated for a possible demand or suit, Concerning a call, text message, or voicemail received by Wilson after November 18, 2024, Documents sufficient to show the source from which You obtained the call, text message, or voicemail, the date You obtained it, and the Person who provided it.

12. All Documents Concerning the decision, on or about May 15, 2026, to seek dismissal of the Class Action, and Concerning any other Wilson Matter that You or Referral Counsel dismissed, withdrew, abandoned, declined to file, or ceased pursuing after a demand letter, pre-suit notice, or complaint had been sent or filed, including all Communications with Wilson and Referral Counsel Concerning each such decision, Documents sufficient to show the date of and reason for each such decision, and, where a Demand Recipient had raised Consent Evidence or a business-line defense, the date the defense was raised. To the extent You withhold any such Communication as privileged, log it in accordance with Instruction 3.

13. All litigation-hold notices, preservation instructions, document-retention policies, and Documents sufficient to show the retention, auto-delete, or disappearing-message settings of every account and messaging application used with respect to a Wilson Matter or to communicate with Wilson or Concerning any Wilson Matter, and all Documents Concerning Your compliance with the preservation order entered in the Class Action on August 19, 2026.

14. Documents sufficient to show the search You performed to respond to the First Subpoena, including the custodians, accounts, systems, devices, date ranges, and search terms

used, and the basis for any representation that Your production was complete and that responsive Documents do not exist.

15. All Documents Concerning the inclusion in any settlement statement of a release by Wilson of claims against You, Andrew Heidarpour, or any Referral Counsel, including Documents sufficient to show when You first used that provision, each version of it, how it was presented to Wilson, and any Communication with Wilson or Referral Counsel Concerning it.

16. All Documents Concerning any payment, credit, or allocation of any portion of any fee or Settlement from any Wilson Matter to any Person who is not an attorney, including any Family Member, consultant, vendor, or employee, including any payment made under ¶ 6 of the agreement produced at HLF_Freeway_0000009–10 and filed in the Class Action at ECF No. 33, Ex. 3; and all Documents Concerning any financial interest of any Family Member, or any entity owned or controlled by a Family Member, in You, in any Wilson Matter, or in the proceeds of any Settlement.

17. Documents sufficient to identify any bar complaint, disciplinary proceeding, or governmental inquiry Concerning You or Your employees during the Relevant Period.

18. For each demand letter, pre-suit notice, or other Communication asserting a claim that You sent or prepared on Wilson's behalf, Documents sufficient to show: (a) each Referral Counsel or other attorney to whom You offered or referred the matter, and the date of each offer or referral; (b) whether that Person accepted the matter, declined it, or did not respond, and the date and stated reason for any declination; and (c) each co-counsel, referral, or fee-sharing agreement executed for the matter, together with any draft or unexecuted agreement. This Request includes all Communications with any Referral Counsel or other attorney Concerning the offer, referral, acceptance, or declination of any Wilson Matter, and any list or spreadsheet of potential

matters circulated to or among Referral Counsel. To the extent You withhold any such Communication as privileged, please log it in accordance with Instruction 3.

19. All other Documents that Freeway asked You to produce in its October 2, 2026 email but that You contended in Your October 14, 2026 response are non-responsive to the First Subpoena in the Class Action.

**DECLARATION OF CUSTODIAN OF RECORDS**

Under 28 U.S.C. § 1746, I declare as follows:

I, the undersigned, being the duly authorized custodian of records for Heidarpour Law Firm, PLLC, and having the authority to certify the attached records, declare the following: The attached records are true and correct copies of records maintained by Heidarpour Law Firm, PLLC, or of data compiled from such records; the records were made at or near the time of the acts or events reflected therein by, or from information transmitted by, a person with knowledge; the records were kept in the course of Heidarpour Law Firm, PLLC's regularly conducted business activity; and making the records was a regular practice of that activity.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on (date) ___________________________ at (city/state) ________________________

Signature ___________________________________ Print Name __________________________