# EXHIBIT F

## James Ruley

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** Friday, October 2, 2026 9:36 PM
**To:** Farag, Peter <pfarag@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

---

Peter,

Below is Freeway's position for the joint letter to the Court, along with a few proposed edits. We also want to raise three points.

First, HLF has designated nearly its entire production confidential. Under HLF's proposed use provision, a confidential document could be used only in this Proceeding. Because of that, if HLF succeeds in getting the proposed use provision, that will force us to challenge most of HLF's confidentiality designations, most of which we otherwise would have left alone even though we disagree with the designation. If our challenge succeeds, any challenged document loses its protection entirely and can be filed publicly. Freeway's version avoids that problem. We wanted to make you aware of this before we submit this to the Court, as we view pushing that provision as a lose/lose for HLF, if its goal is to keep documents out of the public record.

Second, please clarify the sentence in HLF's Position section stating that a third party has asked that use of its agreement be limited to this Proceeding. No third party has told Freeway it objects to use outside this Proceeding. The lawyers we've talked to were concerned with confidentiality. Please identify the third party so we can address it directly.

Third, we are separately sending an email raising initial deficiencies in HLF's subpoena production. We propose telling the Court that we are working through those issues and will raise them in a separate email if necessary. For efficiency, we would ask that they be addressed at the same conference

---

**<u>Joint Email to the Courtroom Deputy</u>**

-
Subject: In re Subpoena to Heidarpour Law Firm, PLLC, No. 6:26-mc-00830-MC — Request for Telephone Conference re: Discovery Dispute

Dear Chambers:

Pursuant to Judge McShane's practices, we write on behalf of Petitioner Non-party Heidarpour Law Firm, PLLC and Respondent Freeway Insurance Services of America, LLC to raise a dispute over the proposed Stipulated Protective Order in the above-referenced matter. The parties have conferred and agreed on most of the order, but they have reached an impasse on two provisions. We respectfully request a brief telephone conference with the Court to resolve them.

The parties are also conferring about several other disputes regarding the documents produced. We anticipate supplementing this email before any conference the Court holds, such that it may resolve those issues at the same time, if the Court believes that most efficient.

Attached is the proposed Stipulated Protective Order, which includes both of the disputed provisions. The parties have agreed to abide by the terms of the attached order until the Court resolves this dispute and enters a final Protective Order, without prejudice to either party's position on the disputed provisions described below.

With that said, here is the parties' positions on the current dispute:

**Paragraph 1 (Use Restriction).**

Paragraph 1 provides that materials "labeled 'Confidential' shall be used only in this Proceeding," which is defined as the subpoena proceeding and the underlying Wilson action, including any appeal. Paragraph 1 mirrors the use provision included as paragraph 1 of the District of Oregon's form protective orders.

***HLF's Position***. HLF's position is that the use restriction should be included in the Protective Order. Limiting confidential discovery to the litigation in which it is produced is a standard feature of protective orders, including this District's form orders. HLF's productions to date also include, among other things, (i) 67 confidential settlement agreements with third parties that contain confidentiality provisions and sensitive information unrelated to Freeway, and (ii) an extensive privilege log covering numerous matters that are unrelated to the underlying action. Several third parties have objected to the production of their settlement agreements in this matter, and one has requested that the use of its agreement be limited to this Proceeding. Without the use restriction, Freeway could use HLF's and the third parties' confidential information in other litigation and for purposes unrelated to this Proceeding indefinitely. While Freeway has told HLF that it may pursue civil litigation against the firm, no such action has been filed, and discovery is not intended to develop evidence of claims that have not been filed. The use restriction also does not limit Freeway's ability to use Confidential materials in any motion filed in the subpoena proceeding or the underlying action.

**Freeway's Position.** HLF previously produced most of the same categories of documents at issue here without any confidentiality order at all, in both this litigation and another. Wilson, represented by HLF, relied on and openly discussed those documents in briefing and in open court. Even so, Freeway agreed to a protective order to protect third parties' settlement terms. But HLF then used it to mark its entire production confidential, including clearly non-confidential items like hundreds of demand letters sent to companies on Wilson's behalf.

The reason for the over-designation is what Freeway predicted: Wilson's individual settlements likely total more than $5 million ($3.9 million identified in the incomplete production to date), roughly 95% of which went to his lawyers, at extortion premiums of up to 158 times the statutory maximum. That includes [redacted]. At the same time, HLF told the Court in a public filing that the documents exonerate it.

With this background, there should be no use restriction. It will just be used, as it has already been, to shield HLF from accountability and prevent the victims of its scheme from pursuing relief. That includes Freeway, which has stated it may pursue separate claims against HLF. The Court also raised the possibility of even more serious collateral proceedings, and the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

The confidentiality designation already in place, together with the Protective Order's sealing requirements, protects any legitimate confidentiality interest in the material regardless of where they are used. A use restriction would also undercut the very confidentiality HLF says it wants to protect by forcing Freeway to

challenge unmerited designations that it might otherwise have left alone. HLF's proposal would thus put more documents in the public record, not fewer. Roughly 60 entities that have produced settlements agree, and not one has insisted on the use restriction HLF proposes in their name.

**Paragraph 17 (Return or Destruction of Confidential Material).**

Paragraph 17 requires that, upon the producing party's request and within 30 days after the Proceeding is finally resolved, Confidential material must be returned or destroyed. The requesting party bears the reasonable costs, and counsel may retain archival copies. Paragraph 17 mirrors the return or destruction of Confidential material provision included as paragraphs 14 and 15, respectively, of the District of Oregon's Tier 1 and Tier 2 form protective orders.

The parties dispute inclusion of this term for essentially the same reasons as above. Because the appropriate resolution of that dispute turns on whether a use restriction is included in the Protective Order, the parties do not provide further explanation on this provision.

The parties are available at the Court's convenience after October 12.

Respectfully,
XX

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Monday, September 28, 2026 at 4:28 PM
**To:** James Ruley <jruley@wtlaw.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

James,

Below is a draft joint email to Judge McShane's courtroom deputy along with HLF's position. Per Judge McShane's practices, the submission is meant to outline the dispute and the parties' respective positions, so we have kept ours short. We also understand that the dispute over the destruction of Confidential Material provision essentially turns on the use provision, but let us know if you disagree with how we framed with that.

We ask that you please share your position with us before this is sent to the Court. We reserve our right to adjust our position after seeing your draft.

Best,
Peter

**Joint Email to the Courtroom Deputy**

-

Subject: In re Subpoena to Heidarpour Law Firm, PLLC, No. 6:26-mc-00830-MC — Request for Telephone Conference re: Discovery Dispute

Dear Chambers:

Pursuant to Judge McShane's practices, we write on behalf of Petitioner Non-party Heidarpour Law Firm, PLLC and Respondent Freeway Insurance Services of America, LLC to raise a dispute over the proposed Stipulated Protective Order in the above-referenced matter. The parties have conferred and agreed on most of the order, but they have reached an impasse on two provisions. We respectfully request a brief telephone conference with the Court to resolve them.

Attached is the proposed Stipulated Protective Order, which includes both of the disputed provisions. The parties have agreed to abide by the terms of the attached order until the Court resolves this dispute and enters a final Protective Order.

**Paragraph 1 (Use Restriction).**

Paragraph 1 provides that materials "labeled 'Confidential' shall be used only in this Proceeding," which is defined as the subpoena proceeding and the underlying Wilson action, including any appeal. Paragraph 1 mirrors the use provision included as paragraph 1 of the District of Oregon's form protective orders.

***HLF's Position***. HLF's position is that the use restriction should be included in the Protective Order. Limiting confidential discovery to the litigation in which it is produced is a standard feature of protective orders, including this District's form orders. HLF's productions to date also include, among other things, (i) 67 confidential settlement agreements with third parties that contain confidentiality provisions and sensitive information unrelated to Freeway, and (ii) an extensive privilege log covering numerous matters that are unrelated to the underlying action. Several third parties have objected to the production of their settlement agreements in this matter, and one has requested that the use of its agreement be limited to this Proceeding. Without the use restriction, Freeway could use HLF's and the third parties' confidential information in other litigation and for purposes unrelated to this Proceeding indefinitely. While Freeway has told HLF that it may pursue civil litigation against the firm, no such action has been filed, and discovery is not intended to develop evidence of claims that have not been filed. The use restriction also does not limit Freeway's ability to use Confidential materials in any motion filed in the subpoena proceeding or the underlying action.

***Freeway's Position***. [[TO FILL]].

**Paragraph 17 (Return or Destruction of Confidential Material).**

Paragraph 17 requires that, upon the producing party's request and within 30 days after the Proceeding is finally resolved, Confidential material must be returned or destroyed. The requesting party bears the reasonable costs, and counsel may retain archival copies. Paragraph 17 mirrors the return or destruction of Confidential material provision included as paragraphs 14 and 15, respectively, of the District of Oregon's Tier 1 and Tier 2 form protective orders. The parties recognize that the appropriate resolution of this dispute turns on whether a use restriction is included in the Protective Order.

The parties are available at the Court's convenience.

Respectfully,
XX

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** Farag, Peter
**Sent:** Friday, September 25, 2026 2:14 PM
**To:** 'James Ruley' <jruley@wtlaw.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Hi James,

We will connect you directly with each counterparty over separate emails. We will get back to you with our position regarding the protective order dispute on Monday.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** Friday, September 25, 2026 9:00 AM
**To:** Farag, Peter <pfarag@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** [EXT] Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Peter,

Thanks for the update. Here's our position on each point.

[redacted] consistent with our prior offer.

**No-Admission Carve-Out:** We accept the language you sent, including the added clause at the end of paragraph 14.

**Use Restriction / Sanctions Carve-Out:** We agree we're at an impasse, for the reasons we've already explained. We think the most efficient way to address this with the Court would be to tee up a joint email from the parties laying out our position, the dispute, and the current draft of the PO. Could you please send us HLF's position for that email to the Court by end of day tomorrow?

Best,
James

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Wednesday, September 23, 2026 at 9:47 PM
**To:** James Ruley <jruley@wtlaw.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

Hi James,

Thanks for the response. Here is where we land on each point.

**Counterparty responses.** Confirming that HLF will produce today the settlement agreements for every counterparty that has not objected (or withdrawn their objection). The counterparties that have objected to production today are listed below. We understand you are speaking with several of them already and we are happy to connect you directly with those that have not yet reached out.

- [redacted]

**AEO.** Given that the one counterparty requesting AEO treatment has withdrawn that request, we are OK omitting this provision.

**No-admission carve-out.** The full text of paragraph 14, with our proposed addition, is below. The addition is the final clause.

14. Each party reserves the right to dispute in the Actions the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court in connection with the Actions requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court, except that either party may reference a designation, or a failure to designate, in connection with a motion challenging a specific designation under Paragraph 14.

**Use restriction and sanctions carve-out.** We understand your position, and we do not think further exchanges will close the gap. We note that one third party told us today that they plan to object to your position with the Court. A protective order with no use restriction would permit Freeway to use a non-party's compelled

production for any purpose in any proceeding, which is not the standard approach and is not one HLF can agree to. It seems as though we have reached an impasse on this but please let us know if you'd like to discuss more.

Best,
Peter

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** Tuesday, September 22, 2026 2:47 PM
**To:** Farag, Peter <pfarag@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** [EXT] Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Peter,

Thanks for the update. Here's our position on each point.

**Counterparty Responses:** We're speaking with each of the three counterparties who've objected directly. If we can't resolve their concerns informally, we think those disputes should go to the Court by the end of this week, so they're addressed on a real timeline rather than slipping far past the production date. Any counterparty that hasn't objected by Wednesday should have its agreement produced consistent with the September 23 deadline.

**AEO:** We still haven't seen an articulable reason why AEO protection is warranted here, including for the one counterparty that's now asked for it. Nor do we think that restoring the tier now is more efficient than dealing with de-designation later. If anything, it's the opposite: once the tier exists, every producing party has an incentive to designate at that level, and we end up litigating de-designation on agreements that never should have been AEO in the first place. It's far more efficient for everyone to address an actual document that calls for heightened protection once one is identified. Feel free to identify one for our consideration.

**Sanctions Carve-Out:** We can't agree to this language, for the reasons we've already given on our call and in our previous emails. As drafted, it only covers "a motion for sanctions or for fees and costs arising from conduct at issue in the Actions." That's narrower than what we need. It doesn't reach potential civil claims against HLF or others, as it must. The bottom line is that we do not know what the documents will show, so we cannot agree to restrictions on how we might use them (beyond confidentiality designations, of course—which provide protection for confidential documents regardless of the action in which they are used).

**No-Admission Carve-Out:** Could you please send us the full text of paragraph 14 with your proposed addition? With the shifting drafts, we want to make sure we're looking at the same full paragraph to assess the language.

To the extent we're at an impasse on AEO and the sanctions carve-out, we think the most efficient path is a joint letter to the Court addressing the outstanding PO issues and the third-party objections, along with a request for a telephonic conference. Let us know if that works on your end, and we can start putting something together later this week.

Best,
James

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Monday, September 21, 2026 at 2:38 PM
**To:** James Ruley <jruley@wtlaw.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

Hi James,

Following up on the protective order and the September 23 production. We want to give you a status report on where things stand with the settlement agreement counterparties, as their responses affect both the AEO tier and our forthcoming production.

**Counterparty responses**. We sent the interim protective order to the roughly [redacted] counterparties who asked to see it. So far:

- At least [redacted] objects to the production of their agreements. Some or all may have already reached out to you.
- One requested that its agreement be designated AEO if produced.
- Two counterparties, [redacted] have asked for additional time to evaluate their positions. We have agreed to withhold these agreements until they provide their positions. We will connect you with their counsel by separate email so you can speak with them directly, consistent with your offer.
- Many have not yet responded.

**AEO**. We propose restoring the AEO tier. The scenario we raised last week—a counterparty demanding heightened protection after the tier was gone, forcing us back to the Court—is no longer hypothetical. HLF does not anticipate designating anything AEO on its own. The tier would be used for third-party settlement agreements where the counterparty has requested it, it imposes no obligation on Freeway until something is designated, and every designation remains challengeable under the dispute paragraph. Adding it now is more efficient than litigating it after production.

**September 23 Production**. We will produce on the 23rd for every counterparty that has not objected and hold the agreements subject to pending objections. We understand that you do not object to this approach and will not contend that we have not complied with the Court's order by taking this approach based on the issues raised by third parties.

**Remaining PO Items**. We propose the following language to close out the use and no-admissions issues.

Sanctions carve-out: Notwithstanding the foregoing, nothing in this Protective Order restricts the use of information or documents designated "Confidential" or "Attorneys' Eyes Only" in support of a motion for sanctions or for fees and costs arising from conduct at issue in the Actions, regardless of the caption in which such motion is filed, provided that any such filing complies with the sealing requirements of this Protective Order. Upon the conclusion of the Actions, the parties shall confer regarding the continued application of this paragraph. Nothing in this paragraph limits any party's or third party's right to seek relief from, or modification of, this provision from the Court.

No-admission carve-out, to be added at the end of paragraph 14: ...except that either party may reference a designation, or a failure to designate, in connection with a motion challenging a specific designation under Paragraph [14].

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** Friday, September 18, 2026 1:11 PM
**To:** Farag, Peter <pfarag@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** [EXT] Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Peter,

Thanks for putting this together. Here is our position on each point.

**Interim Protective Order:** We agree to abide by the proposed interim order you attached in your prior email until the Court enters a final stipulated protective order. To further narrow our areas of dispute, we're also fine incorporating the paragraph 3 language limiting use of confidential information for business, commercial, or competitive purposes, and the 21-day window for designating deposition transcripts. We retain our prior position on the other points, per my email Wednesday evening.

**Third Parties:** To expedite things, we'd ask that any counterparty planning to object to production reach out to us directly first before filing a dispute with the Court. We expect we can resolve most concerns informally. To the extent we can't alleviate their concerns, we of course don't object to them filing that dispute with the Court, and don't object to HLF holding off on producing those documents until the Court weighs in on that dispute. Regardless, HLF should produce agreements for any party that does not object by the September 23 deadline.

**Redactions:** We have no issue with the redactions you've described: the bank account and routing number redactions across all agreements, and the individual signatory redactions where a counterparty has requested one, provided the entity name remains visible as you've said.

Can you let us know any proposed workarounds—or HLF's final position—on our few remaining areas of disagreement in the PO by noon on Monday, so we can get a final PO in front of the Court in a timely manner?

Best,
James

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Thursday, September 17, 2026 at 2:03 PM
**To:** James Ruley <jruley@wtlaw.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

James,

Thanks for your response and the call yesterday. We'll come back to you on revisions to the proposed order. Your proposal on timing works in principle, and we think it gives us a workable path to the September 23 deadline. We'd like to confirm a few points to make sure we're all in agreement.

**The Interim Protective Order.** We understand "the strictest version of the PO we've discussed" to be a version that incorporates areas in which the parties have agreed to date. Specifically, this would be HLF's September 1 draft, with (i) the recital changes on pages 2-3, (ii) the "formal discovery" clarification, (iii) "as permitted by the applicable rules" in paragraph 5, (iv) your burden language in paragraph 7, (v) a 21-day window for designating deposition transcripts, (vi) your AI language in paragraph 13, (vii) no AEO tier, and (viii) no pre-entry designation provision—and otherwise retaining the September 1 terms, including the use limitation, the return-or-destruction provision, and the no-admission provision.

We're attaching a clean and redline version against your 9/14 edits showing those changes. Can you please confirm you agree to abide by the terms of this draft pending entry of a protective order by the Court?

**Third Parties.** We will share a version of the interim PO with counterparties to the settlement agreements, noting that HLF and Freeway are still discussing some of its terms but agree to abide by all terms in the interim PO until the court enters a final order. Can you please confirm that, to the extent a third-party objects to production of the settlement agreement pending entry of a final order or for any other reason, Freeway will not object to an extension of HLF's September 23 production deadline to allow the Court to address any such objection by the third party?

**Redactions to Settlement Agreements.** We want to ensure you understand how we intend to produce the settlement agreements. We intend to make two categories of redactions. First, HLF will redact bank account and routing numbers across all agreements. Those numbers have no conceivable bearing on any issue in the Actions. Second, several counterparties have asked that we redact the name and signature of the individual who executed the agreement on behalf of the entity. The identity of the defendant entity will remain visible; the request goes only to the individual signatory for the defendant. The names of any other signatories will be visible.

Please let us know your position on each of the above issues.

Best,
Peter

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** Wednesday, September 16, 2026 10:40 PM
**To:** Farag, Peter <pfarag@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** [EXT] Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Hi Peter,

Thanks for the productive call earlier today. Here's where we are on the remaining open items.

**Use:** We appreciate the openness to a carve-out for a sanctions motion, but our core position hasn't moved. A confidentiality designation, combined with filing under seal, addresses HLF's stated concerns about third-party agreements and settlement amounts becoming public. We don't see a need for a use restriction on top of that. That said, we're open to considering a targeted approach for the third-party settlement agreements specifically. Please send us your proposal if you have one, and we'll take a look and give our thoughts promptly.

**AEO:** We appreciate HLF's agreement to remove the AEO tier. If an actual document surfaces that calls for heightened protection, we can deal with it then, but we don't think it makes sense to build a provision around a hypothetical. We consider this resolved.

**Return or destruction:** This rises and falls with the use restriction above. Since we don't think a use restriction is warranted, we likewise don't agree to a blanket return-or-destroy obligation.

**No-admission provision:** Please circulate your proposed carve-out language and we'll review.

**Timing**: We appreciate that HLF has committed to producing all documents outside the third-party agreements by the September 23 deadline. If we don't have a PO by then, we are agreeable to the strictest version of the PO we've discussed governing until the Court enters an order.

We've discussed your proposal with respect to delaying production of the third-party agreements. We think the simplest course would be to take the same approach outlined above for the rest of HLF's production: produce the documents on September 23, with the understanding that the strictest version of the PO we've discussed will govern until the Court enters an order. Since HLF and the third parties have the ability to designate information confidential, we think that should address any concerns about information getting into the public domain. With those provisions in place, any information designated confidential would have to be filed under seal, or anonymized and aggregated in a way that ensures it doesn't tie back to any particular party. To the extent third parties have concerns with this, we are happy to speak with them, so please feel free to point them in our direction.

We'll look for your thoughts, and we'll work with you to promptly get a stipulated PO in front of the Court, or to narrow any areas of disagreement as much as reasonably possible.

Best,
James

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Wednesday, September 16, 2026 at 12:22 PM
**To:** James Ruley <jruley@wtlaw.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

James,

Thanks for your response. We are available at 1:30 PM today and will circulate a dial-in. Our positions on the open items are below.

**Use restriction**. We appreciate the offer to limit commercial and competitive use, but it does not address our concern. A use restriction limiting designated materials to the Actions is standard and is included in both of the District of Oregon's form protective orders. The authorities you cite do not say otherwise. Each involved a motion to modify an existing protective order that already contained a use restriction, and the question was whether the movant was entitled to relief from it. In *Foltz*, the District of Oregon order reviewed there required a party seeking to use confidential material outside the case to identify it by Bates number, provide ten days' notice, obtain consent of all other parties, and, absent consent, obtain prior approval of the court. The Ninth Circuit did not hold that restriction improper; it remanded for a good-cause and relevance analysis. *CBS Interactive* likewise granted only a narrow modification and left the balance of the order intact, including its attorneys' eyes only restrictions.

To be clear, we are not seeking to prevent Freeway from using these materials in connection with a request for sanctions in the Actions. If Freeway's concern is use in a sanctions motion filed under a different caption, we are willing to discuss a targeted carve-out along those lines. What we cannot agree to is an order with no use restriction at all, which would permit Freeway to use HLF's compelled production for any purpose, in any proceeding, without limitation.

As to your note about positions Mr. Wilson's counsel has taken in other cases, it is unclear what you're referring to or the circumstances. Regardless, we are aware of no similar protective order being entered in the circumstances presented here—where Freeway desires to use designated material to support claims against a nonparty that have not been filed.

**AEO**. We are willing to proceed without an AEO tier, provided Freeway agrees it will not object if a third-party counterparty to a settlement agreement requests that its agreement receive heightened confidentiality protection. As we have explained, several counterparties have asked us to take all available steps to protect their agreements. Removing the AEO tier is acceptable to HLF so long as those third parties retain the practical ability to seek protection. We also reserve our right to seek AEO protection to the extent we identify material to be produced that warrants such protection.

**Return or Destruction**. We continue to believe this provision is appropriate. This is a standard provision that ensures HLF's compelled production does not become a permanent part of Freeway's files, and our draft already

permits counsel to retain archival copies. Your alternative—that retained material remains subject to the order's confidentiality restrictions—is insufficient if the order contains no use restriction. There would be nothing for the materials to remain subject to.

**No-admission provision**. We propose a carve-out permitting either party to reference designation conduct in connection with a motion challenging a specific designation. That addresses your concern about designation practices in prior cases.

**Timing**. Given the September 23 production deadline, the fact that you did not provide your edits on the protective order for almost two weeks, and the number of outstanding issues, we are concerned about our ability to fully comply with the production deadline without a protective order in place. We would like to discuss timing concerns with you on our call.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** Tuesday, September 15, 2026 10:59 PM
**To:** Farag, Peter <pfarag@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** [EXT] Re: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

Peter,

Thanks for the detailed response. Below is our position on the remaining points, but we are happy to confer on those points further. We are available tomorrow at 10:30 AM, 1:30 PM, & 2:30 PM ET.

**Use Restriction:** We can't agree to limit the use of designated materials to this action and the subpoena proceeding. As you know, we've flagged our intent to seek sanctions and potentially a civil action against HLF, and the Court has raised the possibility of criminal fraud on the record. The Ninth Circuit has been clear that protective orders may not be structured to shield the use of documents in collateral litigation. *See, e.g.*, *Fierro Cordero v. Stemilt AG Servs., LLC*, 142 F.4th 1201, 1207 (9th Cir. 2025) (finding the district court abused its discretion by entering a protective order requiring the parties to seek leave of court before using discovery in other litigation); *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 206 (N.D. Cal. 2009) (modifying protective order to permit use of information obtained in lawsuit in collateral proceeding); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation" because "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery"). It's also worth pointing out that HLF and its outside counsel (including the outside counsel for Wilson here) have themselves rejected similar restrictions in protective orders in cases against our firm. That being said, we're open to limiting commercial or competitive use of designated materials, to the extent that's your concern. And, of course, if HLF engaged in no wrongdoing, as it contends, it need not worry about collateral litigation.

**AEO Designation:** Based on your email, we don't see any reason for an AEO designation here. Your email concedes that HLF doesn't intend to designate any information AEO, and we don't see a basis for treating any of the requested agreements as trade secrets or as something Freeway could use competitively. We're concerned an added designation tier will slow things down without a clear benefit. If you can identify a specific category of document that would need AEO protection beyond standard Confidential treatment, we're happy to consider it.

**Return or destruction of designated materials:** We can't agree to a blanket return or destroy obligation at the conclusion of the Actions for the reasons detailed above in the "use restriction" section. We are willing to agree that any retained materials will remain subject to the confidentiality restrictions in the order.

**No-admission clause:** We're also not able to agree to a blanket bar on using designation decisions as evidence outside a designation dispute. As you know, we think that information can be highly relevant, including HLF's prior designation decisions in the *Robertson* case, which included producing settlement agreements, internal communications, pre-suit demands, and settlement statements wholly unredacted. This provision appears to exist only to enable HLF to take differing positions from those it took in prior litigation solely because it believes that's strategically advantageous, not out of any legitimate confidentiality concerns. Of course, if we are wrong and HLF designates in good faith, we don't see why it would need that protection. But we're not willing to give up the ability to reference designation conduct if it becomes relevant to issues already before the Court.

**Pre-entry designation:** We don't think HLF should be able to retroactively designate documents confidential, especially given the facts of this case. HLF purported to mark documents "confidential" before any PO was entered in this case, but never moved for entry of one, even after we flagged the issue in a Court filing and held off producing those documents in unredacted form. HLF took no action in response. Moreover, Plaintiff's counsel then filed some of that same production entirely unredacted, and Freeway did the same once it became clear HLF wasn't going to act on its own labeling. That production has been part of the public record for months, and I believe the media has even picked up on some of it and disseminated it widely. Given that history, we don't see any legitimate confidentiality interest left to protect by retroactively designating those documents now.

Best,
James

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Tuesday, September 15, 2026 at 2:49 PM
**To:** James Ruley <jruley@wtlaw.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar <somer@milbank.com>
**Subject:** RE: Heidarpour Law Firm R&Os to Freeway's Subpoena (6:25-cv-01869-MC)

[Warning – external]

James,

Thanks for sending the redline.  Below is where we can and cannot agree.  We're hopeful we can reach an agreement on these issues.  But if not, we need to know that as soon as possible because of the compliance deadline and because many third parties have asked for protection and to review the protective order.  Do you have time for a call later today or early tomorrow?

**Areas of Agreement**

We are ok with the following changes: (i) the recitals on pages 2-3 before "IT IS HEREBY ORDERED"; (ii) the addition of "formal discovery" so long as the parties agree that "formal discovery" includes any information provided through the discovery process in the Actions; (iii) the addition of "as permitted by the applicable rules" in paragraph 4; (iv) the burden language in paragraph 6; and (v) shortening the time for confidential designation of depo transcripts in paragraph 7, though we propose 21 days, not 14; and (vi) the language concerning AI use in paragraph 12.

**Areas Requiring Further Discussion**

***Use Restriction:*** We do not agree to deleting the limitation restricting use of designated materials to the Actions. This is a standard provision in protective orders, including the District of Oregon's form order. Deleting it means that there would be effectively no limitation on the use of designated material beyond these Actions. That would be problematic. For one, we were concerned at the outset that discovery was being sought to support a civil case against HLF, which we do not believe is appropriate use of discovery. Beyond that, third parties are expressing concerns to us about the production of confidential settlement agreements and under your proposal, Freeway could use those agreements for any purpose (commercial, competitive, or otherwise) without restriction to these Actions. We ask you to please reconsider your position.

***AEO Designation***: We also ask that you reconsider deletion of the AEO designation tier. To be clear, HLF does not presently anticipate designating anything AEO. But the counterparties to Mr. Wilson's confidential settlement agreements have been asking to see the protective order before their agreements are produced, and several have asked us to take all available steps to protect confidentiality. Given that, we think the most efficient way forward is to include all available tiers such that third parties have the option of requesting heightened protection. Given when we received your changes, we're concerned that we'll be put in a position where a third party demands AEO protection and then we have to go back to the Court for additional protections with an impending disclosure deadline. Including the AEO tier now imposes no burden on Freeway unless and until something is actually designated, and any designation remains fully challengeable under the dispute paragraph.

***Other Changes:*** We also disagree with your deletion of (1) the return or destruction of designated materials after final resolution, with counsel permitted to retain archival copies; (2) the provision that designating or failing to designate is not an admission and may not be introduced into evidence except on a designation dispute; and (3) the provision treating materials HLF marked "Confidential" before entry of the order as properly designated, without prejudice to Freeway's right to challenge any such designation. The first is standard and ties back to the use limitation. The second protects both sides equally. The third is purely transitional and preserves all your challenge rights.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** Monday, September 14, 2026 4:17 PM
**To:** Farag, Peter <pfarag@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Katyal, Neal <nkatyal@milbank.com>; Laskero, Izzy <ilaskero@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Omer, Sahar