# EXHIBIT G

Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>Defendant. | Case No. 6:25-cv-01869-MC<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND INTERROGATORIES**<br><br>TCPA (47 U.S.C. § 227)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Chet Michael Wilson ("Plaintiff"), by counsel, responds and objects to Defendant Freeway Insurance Services of America, LLC's ("Freeway") Second Set of Interrogatories, served August 28, 2026, pursuant to Federal Rules of Civil Procedure 26 and 33.

**PRELIMINARY STATEMENTS**

*Confidentiality.* Several responses below disclose personal identifying, device, account, and confidential information concerning Plaintiff and third parties. Subject to the parties' agreement for an interim applicable protective order and subsequent protective orders, Plaintiff will produce responsive information subject to the terms of those orders.

*Objection to Procedural Posture.* The proportionality of the discovery requested here, much of which is directed at Plaintiff's suitability to represent a class, is limited by the Court's order on the same, as well as the Court's allocution at the end of the hearing held August 19, 2026.

Plaintiff serves these responses without waiver of his positions, including the parties' agreement that this action should be dismissed with prejudice, including after having demonstrated to the Court's satisfaction that no fraud is being perpetrated upon the Court.

*Incorporation by Reference.* Plaintiff incorporates by reference his responses and objections to Freeway's First Set of Interrogatories, First Set of Requests for Production, and First Request for Inspection, each served June 15, 2026, as though fully set forth herein. Plaintiff further objects to the extent that, counting discrete subparts, Freeway's interrogatories exceed the twenty-five permitted by Federal Rule of Civil Procedure 33(a)(1). Plaintiff responds below without waiving that objection as to any further interrogatories.

*Further Definition of Terms.* "HLF" refers to non-party Heidarpour Law Firm, PLLC, and the "HLF Subpoena Order" refers to the Order, *In re Subpoena to Heidarpour Law Firm, PLLC*, No. 6:26-mc-00830-MC, ECF No. 28 (D. Or. Aug. 24, 2026), which denied HLF's motion to quash Freeway's subpoena as to its requests for production.

## RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 19

Identify every internet-capable device You used at any time between May 29, 2024 and the present, including for each device: (a) the make, model, and type (e.g., smartphone, tablet, laptop, desktop computer, smartwatch); (b) the operating system and, if known, the device's serial number or IMEI; (c) the approximate dates during which You used the device; (d) whether the device is currently in Your possession, custody, or control and, if not, its current location and the identity of the person or entity who has possession, custody, or control of it; and (e) each cloud storage, backup, or online account (including but not limited to iCloud, Google, or similar services) associated with or linked to the device.

**RESPONSE:**

Plaintiff objects to this Interrogatory as compound and as containing discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff objects to this Interrogatory as overly broad and not proportional to the needs of the case insofar as it extends from May 29, 2024 "to the present," a period of more than two years, when the text messages at issue were received in June of 2024. Plaintiff objects to this Interrogatory as vague and ambiguous insofar as it is phrased in terms of devices Plaintiff "used," which would improperly encompass devices not in Plaintiff's possession, custody, or control, including devices belonging to third parties. Plaintiff further objects to the disclosure of device serial numbers as implicating Plaintiff's privacy and data security interests, and provides that information only subject to the Protective Order. Plaintiff objects to subpart (e) as duplicative of Interrogatory No. 21 and incorporates his objections to Interrogatory No. 21 as though fully set forth herein.

Subject to and without waiving the foregoing objections, and designating this response CONFIDENTIAL under the Protective Order, [redacted]

[redacted]

**INTERROGATORY NO. 20**

Supplement Your response to Interrogatory No. 10 of Freeway's First Set of Interrogatories by identifying: (a) the full name, business address, and employer of the forensic consultant given "temporary access" to Your cloud accounts; (b) the person or entity who retained the consultant; (c) the date or dates on which the consultant was given access, and the date such access ended, if applicable; (d) the specific cloud accounts, devices, applications, or data sources to which the consultant was given access, and the scope of that access; (e) the data, files, or categories of data extracted, copied, or preserved by the consultant; (f) whether the consultant prepared any report, log, or summary of the extraction, and if so, the date of that report; and (g) the current location of any data, files, images, or reports resulting from the consultant's access.

**RESPONSE:**

Plaintiff objects to this Interrogatory as compound and as containing discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff objects to this Interrogatory insofar as it seeks information protected by the attorney-client privilege, the common interest doctrine, and the work product doctrine. The consultant was retained by counsel in connection with litigation, and the consultant's analyses, reports, mental impressions, and communications with

counsel are protected work product under Federal Rule of Civil Procedure 26(b)(3). Further, facts known and opinions held by a consultant retained in anticipation of litigation who is not expected to testify are not discoverable absent a showing of exceptional circumstances, which Freeway has not made. Fed. R. Civ. P. 26(b)(4)(D). Plaintiff will not, however, withhold on the basis of privilege non-substantive facts of who was given access, by whom, when, and to what, which he will provide upon entry of an appropriate protective order. Plaintiff further objects to this Interrogatory as duplicative of Freeway's subpoena to HLF, including its requests for documents sufficient to identify each person who accessed any cloud-storage account associated with Plaintiff or the subject telephone number and each person who performed technical or forensic work concerning Plaintiff, which are the subject of the HLF Subpoena Order, and incorporates by reference all responses, objections, and privilege assertions made in connection with that subpoena.

Subject to and without waiving the foregoing objections, and designating this response CONFIDENTIAL under the Protective Order, [redacted]

**INTERROGATORY NO. 21**

Identify every cloud storage, backup, or online account other than iCloud (including but not limited to Google, Microsoft, Dropbox, or similar services) associated with or linked to any device identified in response to Interrogatory No. 19, including for each account the service provider, the account username or identifying email address, and the device(s) to which it is or was linked.

**RESPONSE:**

Plaintiff objects to this Interrogatory as vague and ambiguous, including as to the phrase "associated with or linked to," which could encompass any application login, app on a phone, streaming service, email address, or other credential that has ever been entered on a device, regardless of whether it has any connection to the subject text messages, calls, or the subject telephone number or even the Plaintiff's TCPA litigation. Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, in that it is untethered to the communications at issue and instead seeks an inventory of every online data source in Plaintiff's life over a period of more than two years. The Interrogatory is a fishing expedition for sources of data, and not a request for discoverable information. Plaintiff further objects that the Interrogatory seeks, in substance, a roadmap for third-party process directed at electronic communication and remote computing service providers, whose disclosure of the contents of stored communications to civil litigants is prohibited by the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* Plaintiff further objects that disclosure of account usernames and identifying email addresses for every online account creates an unwarranted security risk and invades Plaintiff's privacy in the privacies of life that modern devices and cloud services hold. Plaintiff further objects that this Interrogatory is duplicative of subpart (e) of Interrogatory No. 19,

Resps. Second Set of Rogs.

and that the only cloud account Freeway has identified as relevant to its defenses, the iCloud account associated with the subject telephone number, is already the subject of Interrogatory Nos. 10 and 20 and of the HLF Subpoena Order. Plaintiff incorporates by reference, as though fully set forth herein, his objections to Interrogatory Nos. 10, 16, and 17 and Request for Production Nos. 39 and 41 of Freeway's first sets of discovery, and his objections to Freeway's First Request for Inspection.

On the basis of the foregoing objections, Plaintiff will not respond to this Interrogatory beyond the information provided in response to Interrogatory Nos. 10, 19, and 20. Plaintiff is willing to meet and confer regarding any specific account Freeway contends has a demonstrable connection to the text messages at issue.

**INTERROGATORY NO. 22**

For each device identified in response to Interrogatory No. 19, state whether, since May 29, 2024 the device has been sold, transferred, lost, discarded, destroyed, wiped, factory reset, or otherwise had its data deleted or altered, and if so, identify: (a) the device; (b) the date and nature of the sale, transfer, loss, destruction, wipe, reset, or alteration; (c) the person who performed or directed it; and (d) the reason for it.

**RESPONSE:**

Plaintiff objects to this Interrogatory as duplicative of subpart (d) of Interrogatory No. 19, which already asks whether each device remains in Plaintiff's possession, custody, or control and, if not, who has it. Plaintiff objects to this Interrogatory as compound and as containing discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff objects to the phrase "otherwise had its data deleted or altered" as vague, ambiguous, and overbroad, because every internet capable device continuously alters, stores, and deletes data in the ordinary course of

operation, including through operating system updates, application updates, and automatic storage management. Plaintiff thus construes the Interrogatory as directed to intentional deletion or alteration of the device's stored user data. Plaintiff further objects to this Interrogatory as overly broad in temporal scope for the reasons stated in response to Interrogatory No. 19.

Subject to and without waiving the foregoing objections, and designating this response CONFIDENTIAL under the Protective Order, [redacted]

Date: September 28, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
OSB No. 243320
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529
a@perronglaw.com
Lead Attorney for Plaintiff and the Proposed Class

**VERIFICATION**

I, Chet Michael Wilson, declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Dated: September 28, 2026

Chet Michael Wilson

______________________________
Chet Michael Wilson

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 28, 2026, I served a true and correct copy of the foregoing Plaintiff Chet Wilson's Responses to Defendant Freeway Insurance Services of America, LLC's Second Set of Interrogatories by email on all counsel of record for Defendant.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
OSB No. 243320
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529
a@perronglaw.com
Lead Attorney for Plaintiff and the Proposed Class

signNow

# Document History

SignNow E-Signature Audit Log

All dates expressed in MM/DD/YYYY (US)

**Document name:** Wilson Responses to Second ROGS
**Document created:** 09/28/2026 20:36:27
**Document pages:** 9
**Document ID:** afa15cfb0bf74dcfbe64c43f078a45cdeaf876ed
**Document Sent:** 09/28/2026 20:36:45 UTC
**Document Status:** Signed
09/28/2026 20:47:02UTC

**Sender:** info@hlfirm.com
**Signers:** enzymaticathlete@gmail.com
**CC:**

| Client | Event | By | Server Time | Client Time | IP Address |
|---|---|---|---|---|---|
| iPhone Application v3 | Uploaded the Document | info@hlfirm.com | 09/28/2026 20:36:27 pm UTC | 09/28/2026 20:35:56 pm UTC | 98.97.112.253 |
| iPhone Application v3 | Document Saved | info@hlfirm.com | 09/28/2026 20:36:28 pm UTC | 09/28/2026 20:36:24 pm UTC | 98.97.112.253 |
| iPhone Application v3 | Document Downloaded | info@hlfirm.com | 09/28/2026 20:36:32 pm UTC | 09/28/2026 20:36:30 pm UTC | 98.97.112.253 |
| iPhone Application v3 | Document Downloaded | info@hlfirm.com | 09/28/2026 20:36:39 pm UTC | 09/28/2026 20:36:38 pm UTC | 98.97.112.253 |
| iPhone Application v3 | Invite Sent to: enzymaticathlete@gmail.com | info@hlfirm.com | 09/28/2026 20:36:46 pm UTC | | 98.97.112.253 |
| iPhone Application v3 | Document Downloaded | info@hlfirm.com | 09/28/2026 20:36:49 pm UTC | 09/28/2026 20:36:47 pm UTC | 98.97.112.253 |
| iPhone Application v3 | Viewed the Document | enzymaticathlete@gmail.com | 09/28/2026 20:37:25 pm UTC | 09/28/2026 20:37:25 pm UTC | 97.185.244.247 |
| iPhone Application v3 | Signed the Document | enzymaticathlete@gmail.com | 09/28/2026 20:47:02 pm UTC | 09/28/2026 20:47:01 pm UTC | 97.185.244.247 |
| iPhone Application v3 | Document Saved | enzymaticathlete@gmail.com | 09/28/2026 20:47:02 pm UTC | 09/28/2026 20:47:01 pm UTC | 97.185.244.247 |
| iPhone Application v3 | Sender info@hlfirm.com received a signed document copy | info@hlfirm.com | 09/28/2026 20:47:07 pm UTC | 09/28/2026 20:47:01 pm UTC | 97.185.244.247 |
| iPhone Application v3 | Signer enzymaticathlete@gmail.com received a signed document copy | enzymaticathlete@gmail.com | 09/28/2026 20:47:07 pm UTC | 09/28/2026 20:47:01 pm UTC | 97.185.244.247 |

Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529

*Attorney for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>Defendant. | Case No. 6:25-cv-01869-MC<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S THIRD SET OF REQUESTS FOR PRODUCTION**<br><br>TCPA (47 U.S.C. § 227)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Chet Michael Wilson ("Plaintiff"), by counsel, responds and objects to Defendant Freeway Insurance Services of America, LLC's ("Freeway") Third Set of Requests for Production of Documents, served September 9, 2026, pursuant to Federal Rules of Civil Procedure 26 and 34.

## PRELIMINARY STATEMENTS

*Confidentiality.* Several responses below concern personal identifying, account, location, and financial information concerning Plaintiff and third parties. Subject to the parties' agreement for an interim applicable protective order and subsequent protective orders, Plaintiff will produce responsive information subject to the terms of those orders.

*Objection to Procedural Posture.* The proportionality of the discovery requested here, much of which is directed at Plaintiff's suitability to represent a class and at matters other than the text messages at issue in this action, is limited by the Court's order on the same, as well as the

Court's allocution at the end of the hearing held August 19, 2026. Plaintiff serves these responses without waiver of his positions, including the parties' agreement that this action should be dismissed with prejudice, including after having demonstrated to the Court's satisfaction that no fraud is being perpetrated upon the Court.

*Incorporation by Reference.* Plaintiff incorporates by reference his responses and objections to Freeway's First Set of Interrogatories, First Set of Requests for Production, and First Request for Inspection, each served June 15, 2026, and to Freeway's Second Set of Interrogatories, Second Set of Requests for Production, and Second Request for Inspection, which such responses were served September 28, 2026, as though fully set forth herein.

*Further Definition of Terms.* "HLF" refers to non-party Heidarpour Law Firm, PLLC, and the "HLF Subpoena Order" refers to the Order, *In re Subpoena to Heidarpour Law Firm, PLLC*, No. 6:26-mc-00830-MC, ECF No. 28 (D. Or. Aug. 24, 2026), which denied HLF's motion to quash Freeway's subpoena as to its requests for production.

*Privilege Log.* Plaintiff will serve a privilege log, consistent with Federal Rule of Civil Procedure 26(b)(5)(A), identifying responsive written communications withheld on the basis of the attorney-client privilege, the common interest doctrine, or the work product, including those attorneys' employees and agents, through the date on which this action was filed. Plaintiff will not log privileged communications with counsel after the filing of this action, which concern the prosecution of this action itself. *McKenzie v. Georgia-Pac. LLC*, No. 3:25-CV-01296-AN, 2026 WL 1556241, at *4 (D. Or. June 2, 2026). Logging them would be unduly burdensome, would serve no legitimate purpose, and would tend to reveal counsel's litigation strategy. The privilege further extends to communications with non-lawyer employees and agents of counsel who assist

the attorney in rendering legal advice. Plaintiff will serve the log contemporaneously with these responses.

## RESPONSES AND OBJECTIONS

**REQUEST NO. 52**

All posts, comments, and videos on any social media site or elsewhere online made by You that include the subject number, from January 1, 2019 through the present.

**RESPONSE:**

Plaintiff objects to this Request as seeking information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Request reaches back to January 1, 2019, more than five years before the text messages at issue and well outside any limitations period, and extends to "the present," more than two years after the messages were received. Whether Plaintiff's telephone number appeared in any online post has no bearing on whether Freeway sent the text messages at issue, nor whether Plaintiff gave Freeway consent to send them, or any other claim or defense. The public availability of a telephone number is not consent to receive telemarketing from a company with which the subscriber has never dealt. Plaintiff further objects to the phrase "elsewhere online" as vague, ambiguous, and boundless. Plaintiff further objects that any publicly posted material online is equally available to Freeway as to Plaintiff. Plaintiff further objects to this Request as duplicative of Request Nos. 8, 23, and 24 of Freeway's First Set of Requests for Production, which sought social media posts concerning unsolicited calls and messages and any advertisement, website, or other material listing the subject number as a business contact number, and Plaintiff incorporates his responses and objections to those Requests as though fully set forth herein.

On the basis of the foregoing objections, Plaintiff is withholding documents responsive to this Request.

**REQUEST NO. 53**

All Documents and Communications relating to Your participation in any group, chat, channel, forum, message board, subreddit, listserv, Discord server, or similar online or messaging community in which TCPA claims or lawsuits, the identification of potential TCPA defendants and claims, or the recruitment of TCPA plaintiffs are discussed, from October 12, 2021 through the present. This Request includes such communities hosted on or accessed through WhatsApp, Snapchat, Signal, Telegram, Discord, Facebook, Reddit, Parler, or any other platform or application, whether public or private, and includes Documents sufficient to identify each such community, the platform hosting it, Your username or handle, the dates of Your participation, and the substance of all communications.

**RESPONSE:**

Plaintiff objects to this Request as compound and as argumentative insofar as it presupposes Plaintiff's participation in any such community. Plaintiff objects to the phrase "in which TCPA claims or lawsuits . . . are discussed" as vague and overbroad, as it could encompass any group in which any participant has ever mentioned a TCPA lawsuit, or privileged communications with counsel.

Subject to and without waiving the foregoing objections, Plaintiff states that, after a reasonable search, he has no documents responsive to this Request.

**REQUEST NO. 54**

All Documents and Communications, from October 12, 2021 through the present, between You and Sara Lynn Taylor, Erin Robertson, Andrew McGonigle, Antwane Johnson, Marshall

McClain, Asher Bronstin, Jourey Newell, Stewart Abramson, Joseph Friel, Edward Koeller, George Moore, Victoria Soboleski, Kelly Bland, James Shelton, David Tom, or Jeffrey Almonte, and all Documents and Communications between You and any other person referring to any of them.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case insofar as it seeks "all Documents and Communications between You and any other person referring to any of" sixteen named individuals, without limitation as to subject matter. Plaintiff further objects to this Request insofar as it seeks communications between Plaintiff and his counsel concerning any of the named individuals, including communications concerning the filings Freeway has made in this action, which are protected by the attorney-client privilege and the work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states that, after a reasonable search, he has no non-privileged documents responsive to this Request.

**REQUEST NO. 55**

All Communications between You and Farideh Heidarpour from October 12, 2021 through the present.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case in that it seeks every communication of any kind over a period of five years, without any limitation as to subject matter. Plaintiff objects to this Request insofar as it seeks communications protected by the attorney-client privilege, the common interest doctrine, and the work product doctrine. Plaintiff objects insofar as the Plaintiff is unable to ascertain which communications were

sent by Farideh Heidarpour as opposed to other employees or attorneys at the Heidarpour Law Firm. Insofar as Farideh Heidarpour was acting as an employee of HLF, Plaintiff's communications with her would have been made in the course of, and for the purpose of, HLF's representation of Plaintiff. Communications with non-lawyer employees and agents of counsel who assist in rendering legal advice are privileged. Plaintiff further objects to this Request as duplicative of Request No. 39 of Freeway's First Set of Requests for Production and of discovery that is the subject of the HLF Subpoena Order, and incorporates his responses and objections thereto as though fully set forth herein.

Subject to and without waiving the foregoing objections, Plaintiff is withholding documents responsive to this Request on the basis of the foregoing objections.

**REQUEST NO. 56**

All Communications between You and Fred Heidarpour from October 12, 2021 through the present.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case in that it seeks every communication of any kind over a period of five years, without any limitation as to subject matter. Plaintiff objects to this Request insofar as it seeks communications protected by the attorney-client privilege, the common interest doctrine, and the work product doctrine. Insofar as Fred Heidarpour was acting an employee of HLF, any communications with Plaintiff would have been made in the course of, and for the purpose of, HLF's representation of Plaintiff. Communications with non-lawyer employees and agents of counsel who assist in rendering legal advice are privileged. Plaintiff further objects to this Request as duplicative of Request No. 39 of Freeway's First Set of Requests for Production and of discovery that is the

subject of the HLF Subpoena Order, and incorporates his responses and objections thereto as though fully set forth herein.

Subject to and without waiving the foregoing objections, Plaintiff states that, after a reasonable search, he has no documents responsive to this Request.

**REQUEST NO. 57**

All Communications between You and Ali Heidarpour from October 12, 2021 through the present.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case in that it seeks every communication of any kind over a period of five years, without any limitation as to subject matter. Plaintiff objects to this Request insofar as it seeks communications protected by the attorney-client privilege, the common interest doctrine, and the work product doctrine. Insofar as Ali Heidarpour was acting an employee of HLF, any communications with Plaintiff would have been made in the course of, and for the purpose of, HLF's representation of Plaintiff. Communications with non-lawyer employees and agents of counsel who assist in rendering legal advice are privileged. Plaintiff further objects to this Request as duplicative of Request No. 39 of Freeway's First Set of Requests for Production and of discovery that is the subject of the HLF Subpoena Order, and incorporates his responses and objections thereto as though fully set forth herein.

Subject to and without waiving the foregoing objections, Plaintiff states that, after a reasonable search, he has no documents responsive to this Request.

**REQUEST NO. 58**

Documents sufficient to identify each name, alias, nickname, screen name, email address, or social media handle You have assumed or used, whether legally or informally, from October 12, 2021 through the present.

**RESPONSE:**

Plaintiff objects to this Request as vague, ambiguous, and overbroad, including as to the terms “alias,” “nickname,” and “used, whether legally or informally,” which could encompass any informal name by which friends or family have ever addressed Plaintiff, and any email address or online account created for any purpose, regardless of whether it has any connection to the subject telephone number, the text messages at issue, or any claim or defense. Plaintiff objects to this Request as, in substance, an interrogatory posed as a request for production. It is unclear what “documents” would be “sufficient to identify” every name or handle a person has informally used. Plaintiff objects to this Request as not proportional to the needs of the case, in that it is untethered to the communications at issue and seeks an inventory of every online identity in Plaintiff’s life over five years. The Request is a fishing expedition for sources of data, not a request for discoverable information. Plaintiff further objects that disclosure of every account username and email address creates an unwarranted security risk and invades Plaintiff’s privacy in the privacies of life that modern devices and online services hold. Plaintiff further objects to this Request as duplicative of Interrogatory No. 9 of Freeway’s First Set of Interrogatories, which sought Plaintiff’s social networking handles, and to which Plaintiff responded, and incorporates by reference his responses and objections to that Interrogatory and to Interrogatory Nos. 19 and 21 and Request No. 51 of Freeway’s second sets of discovery as though fully set forth herein.

On the basis of the foregoing objections, Plaintiff will not conduct a search for documents responsive to this Request and refers Freeway to his response to Interrogatory No. 9 of Freeway's First Set of Interrogatories. Plaintiff is willing to meet and confer regarding any specific name, email address, or handle Freeway contends has a demonstrable connection to the text messages at issue.

**REQUEST NO. 59**

All unredacted call and message detail records for every telephone number assigned to, owned by, or regularly used by You other than the subject number, from October 12, 2021 through the present, sufficient to show for each incoming and outgoing communication the date, time, and telephone number to or from which the communication was made, the type of communication, and the duration of any voice call, but not the content of any communication.

**RESPONSE:**

Plaintiff objects to the phrases "assigned to" and "regularly used by You" as vague and ambiguous. Plaintiff objects insofar as this request encompasses devices which are assigned telephone numbers for mobile data only but are incapable of receiving calls, including voice or text message calls. Plaintiff objects insofar as this request encompasses telephone numbers used by minor children for which the Plaintiff is financially responsible. Plaintiff incorporates his response to Interrogatory No. 4 of Freeway's First Set of Interrogatories and Request Nos. 17 and 19 of Freeway's First Set of Requests for Production as though fully set forth herein.

Subject to and without waiving the foregoing objections, Plaintiff states that the subject number is the only telephone number assigned to, owned by, or regularly used by him during the requested period. Accordingly, Plaintiff has no documents responsive to this Request.

**REQUEST NO. 60**

Documents sufficient to identify each internet service provider that has provided service to any location where You have resided or worked from May 29, 2024 through the present, including for each provider the account number, the named account holder, the service address, and the dates of service.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case insofar as it extends from May 29, 2024 "through the present," more than two years after the text messages at issue. Plaintiff objects to this Request insofar as it seeks information concerning internet service at locations where Plaintiff has "worked," which is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request insofar as it seeks account numbers and service addresses, which implicate Plaintiff's privacy and data security interests and will be produced only subject to the Protective Order.

Subject to and without waiving the foregoing objections, and designating such documents CONFIDENTIAL under the Protective Order, [redacted]

**REQUEST NO. 61**

All billing statements, account records, service agreements, and installation or activation records for each internet service account identified in response to Request No. 60.

**RESPONSE:**

Plaintiff incorporates his objections to Request No. 60 as though fully set forth herein. Plaintiff further objects to this Request as overly broad and not proportional to the needs of the case insofar as it seeks "all" billing statements and account records over a period of more than two years, when the information relevant to any claim or defense, if any, is the identity of the provider and account holder during the period surrounding the text messages at issue.

Subject to and without waiving the foregoing objections, and designating such documents CONFIDENTIAL under the Protective Order, [redacted]

**REQUEST NO. 62**

All Documents and Communications You reviewed, relied on, or consulted in responding to MAH Group, Inc.'s First Request for Admission, No. 1, in *Wilson v. MAH Group, Inc. d/b/a WolfPak*, No. 6:25-cv-855 (D. Or.), a copy of which was filed in this Action at ECF No. 33, at 49–51 of 110, including all Documents and Communications supporting Your admission that You were assigned the Internet Protocol (IP) address 73.240.49.37 on January 30, 2025. Produce all such Documents in native format with metadata intact.

**RESPONSE:**

Plaintiff objects to this Request as seeking information that is not relevant to any party's claim or defense in this action and is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). This Request is not discovery about this case. Rather, it is discovery about the preparation of a discovery response in a different action, concerning a different defendant, different messages,

and a date, January 30, 2025, more than seven months after the text messages at issue here. Freeway may not use this action to conduct collateral discovery into another case. Plaintiff further objects to this Request insofar as it seeks communications between Plaintiff and his counsel concerning the preparation of a discovery response, which are protected by the attorney-client privilege, and insofar as it seeks counsel's selection and compilation of documents in preparing that response, which reveals counsel's mental impressions and is protected work product.

On the basis of the foregoing objections, [redacted]

**REQUEST NO. 63**

Documents sufficient to show Your physical location on January 1, 2025, including receipts, transaction records, travel or transportation records, calendar entries, appointment records, and timestamped photographs or videos.

**RESPONSE:**

Plaintiff objects to this Request as seeking information that is not relevant to any party's claim or defense in this action and is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). January 1, 2025 is not the date of any event at issue in this action. The text messages at issue were received in June 2024, and Freeway has never contended that any contact request or consent relevant to this action was made on January 1, 2025. The Request appears directed instead to some other matter or simply for the purposes of harassment regarding the Plaintiff's whereabouts on New Year's Day, and Freeway may not use this action to conduct collateral

discovery into other cases. Plaintiff further objects to this Request as highly invasive of Plaintiff's privacy. Documents "sufficient to show [Plaintiff's] physical location," including receipts, transaction records, calendar entries, and timestamped photographs and videos, would reveal Plaintiff's movements, associations, purchases, and personal affairs, in particular on a holiday, and the burden and intrusion of such discovery far outweigh any conceivable benefit in a case concerning three text messages received in June 2024. Plaintiff further objects to this Request as vague and as, in substance, an interrogatory posed as a request for production.

On the basis of the foregoing objections, Plaintiff is withholding all documents responsive to this Request.

**REQUEST NO. 64**

Documents sufficient to show Your physical location on each date on which You allege You received a call or text message from the defendant in *Wilson v. MAH Group, Inc. d/b/a WolfPak*, No. 6:25-cv-855 (D. Or.), including receipts, transaction records, travel or transportation records, calendar entries, appointment records, and timestamped photographs or videos.

**RESPONSE:**

Plaintiff incorporates his objections to Request No. 63 as though fully set forth herein. Plaintiff objects to this Request as seeking information that is not relevant to any party's claim or defense in this action and is not proportional to the needs of the case. The Request, on its face, concerns communications from a different defendant at issue in a different action, and has no bearing on whether Freeway sent the text messages at issue here or on any defense Freeway has asserted to them. Freeway may not use this action to conduct collateral discovery into another case. Plaintiff further objects to this Request as highly invasive of Plaintiff's privacy. Documents "sufficient to show [Plaintiff's] physical location," including receipts, transaction records,

calendar entries, and timestamped photographs and videos, would reveal Plaintiff's movements, associations, purchases, and personal affairs, and the burden and intrusion of such discovery far outweigh any conceivable benefit in a case concerning three text messages received in June 2024. Plaintiff further objects to this Request as vague and as, in substance, an interrogatory posed as a request for production.

On the basis of the foregoing objections, Plaintiff is withholding all documents responsive to this Request.

**REQUEST NO. 65**

All Documents and Communications reflecting any payment of more than $500 in cash, trade, or other consideration made to You from October 12, 2021 through the present in exchange for goods or services, including without limitation locating property, coordinating events, moving or hauling services, and sales or barter of goods, and including invoices, receipts, payment confirmations, Cash App, Venmo, or Zelle records, bank records, payment-application records, and 1099 forms. This Request includes, without limitation, all such Documents and Communications on or in which the subject number appears. Produce these Documents without redaction of the account holder, payor, payment source, or telephone numbers reflected therein.

**RESPONSE:**

Plaintiff objects to this Request as seeking information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. The Request seeks every record of every payment of more than $500 that Plaintiff has received for any good or service over a five-year period, without any connection to the TCPA, to Freeway, or to the text messages at issue. How Plaintiff earns a living has no bearing on whether Freeway sent the messages at issue or on any defense to them. Plaintiff objects to this Request as highly invasive of Plaintiff's financial

privacy and the privacy of third parties, including Plaintiff's customers, business associates, and counterparties, whose identities, payment sources, and account information the Request demands be produced without redaction. Bank records and payment application records necessarily reflect a great many personal transactions having nothing to do with this action. Plaintiff further objects to this Request insofar as it seeks Form 1099s and other tax records, which are subject to a qualified privilege against disclosure that may be overcome only upon a showing of relevance and compelling need, neither of which Freeway can make. Plaintiff incorporates his objections to Request Nos. 49 and 50 of Freeway's Second Set of Requests for Production as though fully set forth herein. Plaintiff further objects to Freeway's demand that documents be produced without redaction as exceeding what Federal Rule of Civil Procedure 34 permits a requesting party to dictate.

Plaintiff further objects to this Request as duplicative of Request Nos. 21 through 24 and 32 of Freeway's First Set of Requests for Production, which sought documents reflecting any business use of the subject number and Plaintiff's business ventures, and Plaintiff incorporates his responses and objections thereto as though fully set forth herein. To the extent Freeway contends that the Request bears on whether the subject number is used for business purposes, Plaintiff refers Freeway to those responses.

On the basis of the foregoing objections, Plaintiff is withholding documents responsive to this Request.

**REQUEST NO. 66**

All Documents and Communications relating to any sales, marketing, distribution, affiliate, or referral contract involving You from October 12, 2021 through the present, including but not

limited to Culture for Good, tank.cultureforgood.com, Filthy Delicious Productions, Enzymatic Athlete, Taken Rosins, WolfPak, Leaven No Trace, and Barter Movers.

**RESPONSE:**

Plaintiff incorporates his objections to Request No. 65 as though fully set forth herein. Plaintiff objects to this Request as seeking information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Request seeks "all Documents and Communications relating to" any commercial contract of any kind "involving" Plaintiff over a five-year period, without any connection to Freeway, the subject number, or the text messages at issue. Plaintiff objects to the phrases "relating to" and "involving You" as vague and overbroad, as are the terms "sales, marketing, distribution, affiliate, or referral contract." Plaintiff further objects to this Request insofar as it seeks confidential commercial information of Plaintiff and of third parties. Plaintiff further objects to this Request as argumentative insofar as it presupposes that Plaintiff is or was party to any such contract, or is related to or affiliated with any of the listed entities. Plaintiff further objects to this Request as duplicative of Request Nos. 21 through 24 and 32 of Freeway's First Set of Requests for Production, and incorporates his responses and objections thereto as though fully set forth herein.

On the basis of the foregoing objections, Plaintiff will not conduct a search for documents responsive to this Request. Plaintiff is willing to meet and confer regarding any specific sales, marketing, distribution, affiliate, or referral contract Freeway contends has a demonstrable connection to the text messages at issue.

**REQUEST NO. 67**

Documents sufficient to show, for each telephone number assigned to, owned by, or regularly used by You from October 12, 2021 through the present, who paid for service on that number in each month of that period, including bills, invoices, billing statements, account statements, receipts, payment confirmations, bank records, credit card statements, and records from any payment applications, and including any reimbursement to the payor by any other person or business entity. Produce these Documents without redaction of the account holder, payor, payment source, or telephone numbers reflected therein.

**RESPONSE:**

Plaintiff objects to this Request as duplicative of Request No. 15 of Freeway's First Set of Requests for Production, which sought, for every month from October 2021 to the present, documents sufficient to show who paid for service on the subject number, including any reimbursement of the payor, and of Interrogatory No. 13 of Freeway's First Set of Interrogatories. Plaintiff incorporates his responses and objections thereto as though fully set forth herein. Plaintiff objects to the phrases "assigned to" and "regularly used by You" as vague and ambiguous. Plaintiff objects insofar as this request encompasses devices which are assigned telephone numbers for mobile data only but are incapable of receiving calls, including voice or text message calls. Plaintiff objects insofar as this request encompasses telephone numbers used by minor children for which the Plaintiff is financially responsible. Plaintiff objects to this Request as overly broad and invasive of Plaintiff's financial privacy insofar as it seeks bank records and credit card statements, which reflect a great many personal transactions having nothing to do with this action, when billing statements are sufficient to show the information sought. Plaintiff further objects to

Freeway's demand that documents be produced without redaction as exceeding what Federal Rule of Civil Procedure 34 permits a requesting party to dictate.

Subject to and without waiving the foregoing objections, Plaintiff states that the subject number is the only telephone number assigned to, owned by, or regularly used by him during the requested period, and refers Freeway to the documents he has produced in response to Request No. 15 of Freeway's First Set of Requests for Production. Plaintiff is withholding financial transaction records on the basis of the foregoing objections.

**REQUEST NO. 68**

All Documents and Communications concerning the identification, look-up, retrieval, recording, screenshotting, or preservation of any Internet Protocol (IP) address assigned to You or to any device or internet connection You used, from October 12, 2021 through the present, including the native files and all metadata for any image, screenshot, or record of any IP address You have produced or relied on in connection with any lawsuit, arbitration, administrative proceeding, demand, or claim alleging a violation of the Telephone Consumer Protection Act, whether filed or not.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case insofar as it seeks "all Documents and Communications concerning" IP addresses over a five-year period in connection with every TCPA matter in which Plaintiff has been involved, including matters having nothing to do with Freeway or the specific time period concerning the purported web submission. Plaintiff objects to the term "in connection with" as vague and confusing. Plaintiff further objects to this Request insofar as it seeks communications between Plaintiff and his counsel concerning the identification or preservation of IP addresses, which are protected by the attorney-

client privilege, the common interest doctrine, and the work product doctrine. Plaintiff further objects to the phrase "any device or internet connection You used" as vague and overbroad for the reasons stated in response to Interrogatory No. 19 of Freeway's Second Set of Interrogatories.

Subject to and without waiving the foregoing objections, and designating such documents CONFIDENTIAL under the Protective Order, [redacted]

**REQUEST NO. 69**

All Documents produced or provided to You, or to any attorney or law firm representing You, by any defendant or prospective defendant from October 12, 2021 through the present, in any lawsuit, arbitration, administrative proceeding, demand, or claim alleging a violation of the Telephone Consumer Protection Act, whether filed or not, reflecting or concerning any alleged consent, opt-in, subscription, lead submission, web form, landing page entry, or similar record associated with any telephone number assigned to, owned by, or regularly used by You, including any such record reflecting a name, email address, physical address, IP address, timestamp, URL, or referring source.

**RESPONSE:**

Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks every consent-related document that any defendant or "prospective defendant" has ever provided to Plaintiff or to any of his attorneys over a five-year period, across every filed lawsuit, arbitration, administrative proceeding, demand, and unfiled

claim in which Plaintiff has been involved. Collecting such materials would require Plaintiff to obtain and review the litigation files of dozens of matters, a burden grossly disproportionate to the needs of this particular case, involving three text message calls.

Plaintiff objects to this Request as seeking information that is not relevant to any party's claim or defense. Consent under the TCPA is specific to the caller, and whether Plaintiff gave Freeway prior express invitation or permission to send the text messages at issue turns on Freeway's records and Plaintiff's dealings with Freeway, not on what records other companies have asserted regarding other communications. Moreover, a contention by an adverse party in another matter that Plaintiff consented to that party's communications is merely that party's litigation position, which in many instances Plaintiff disputed and which was never adjudicated. Freeway's evident purpose is to compile other parties' unadjudicated allegations in an effort to suggest an unproven and disputed propensity to fabricate claims, which is a use prohibited by the Federal Rules of Evidence.

Plaintiff further objects to this Request insofar as it seeks documents produced in other actions subject to protective orders, confidentiality orders, confidentiality agreements, or settlement communications, which Plaintiff and his counsel are not at liberty to disclose and which protect the confidential business and consumer information of the third parties who produced them, none of whom has had an opportunity to be heard. Plaintiff further objects to this Request insofar as it seeks documents provided in connection with pre-suit demands and unfiled claims, which were exchanged in the course of compromise negotiations and are protected by Federal Rule of Evidence 408 and the heightened standard governing discovery of settlement communications. Plaintiff further objects to this Request insofar as it seeks the contents of counsel's litigation files in other matters, including counsel's selection and compilation of documents, which are protected

work product. Plaintiff further objects that documents filed in other actions are publicly available and equally accessible to Freeway, and that any documents produced by other defendants are equally available from those defendants.

Plaintiff further objects to this Request as duplicative of Request Nos. 11, 12, and 29 of Freeway's First Set of Requests for Production and incorporates his responses and objections thereto as though fully set forth herein.

On the basis of the foregoing objections, Plaintiff is withholding documents responsive to this Request.

**REQUEST NO. 70**

For each prepaid, pay-as-you-go, or non-postpaid telephone service account associated with any telephone number assigned to, owned by, or regularly used by You from October 12, 2021 through the present, all Documents sufficient to identify the account and to show each purchase of service, airtime, minutes, or refills, including receipts, retailer or point-of-sale records, activation records, refill confirmations, gift or prepaid card records, bank and credit card records, and payment-application records, and including any such purchase made by any other person on Your behalf.

**RESPONSE:**

Plaintiff objects to this Request as duplicative of Request Nos. 14, 15, and 18 of Freeway's First Set of Requests for Production and Interrogatory Nos. 4 and 13 of Freeway's First Set of Interrogatories and incorporates his responses and objections thereto as though fully set forth herein. Plaintiff further objects to this Request as overly broad and invasive of Plaintiff's financial privacy insofar as it seeks bank and credit card records.

Subject to and without waiving the foregoing objections, Plaintiff states that the subject number is the only prepaid, pay-as-you-go, or non-postpaid telephone number assigned to, owned by, or regularly used by him at any time during the requested period, and such records and documents have already been produced.

Date: October 9, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
OSB No. 243320
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529
a@perronglaw.com
Lead Attorney for Plaintiff and the Proposed Class

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 9, 2026, I served a true and correct copy of the foregoing Plaintiff Chet Wilson's Responses to Defendant Freeway Insurance Services of America, LLC's Third Set of Requests for Production by email on all counsel of record for Defendant.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
OSB No. 243320
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: 215-225-5529
a@perronglaw.com
Lead Attorney for Plaintiff and the Proposed Class