# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF OREGON**

| | |
|---|---|
| CHET MICHAEL WILSON,<br><br>*Plaintiff*,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>*Defendant*. | No. 6:25-cv-01869-MC |

**NON-PARTY PARONICH LAW, P.C.'S RESPONSES AND OBJECTIONS TO DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S SUBPOENA**

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, non-party Paronich Law, P.C. ("Paronich"), by and through its undersigned counsel, hereby responds and objects to Defendant Freeway Insurance Services of America, LLC's ("Freeway") subpoena to Paronich (the "Subpoena") in the above-captioned case (the "Action"). Paronich's efforts in connection with the Subpoena are ongoing, and these responses and objections to the discovery sought in the Subpoena are made to the best of Paronich's present knowledge based on the facts currently known to it. Accordingly, Paronich reserves the right to revise, supplement, or otherwise amend its objections to the Subpoena, and the fact that Paronich objects herein to any particular aspect of the discovery sought in the Subpoena should not be construed as a waiver of any other objections that Paronich may raise at a later date.

**GENERAL OBJECTIONS**

1. Paronich objects to the Subpoena because it identifies the place of compliance as "[d]irectly to the undersigned counsel electronically," rather than a "specified . . . place," as required

by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 45(a)(1)(A)(iii). Paronich further objects insofar as the letter transmitting the Subpoena purports to identify the place of compliance as Atlanta, Georgia, which is more than 100 miles from Paronich's location in Hingham, Massachusetts, and thus violates the Federal Rules. *See* Fed. R. Civ. P. 45(c)(2)(A). Paronich further reserves all rights under the Federal Rules of Civil Procedure, including under Rules 26(c) and 45(d)(1)-(3).

2. Paronich objects to the Subpoena to the extent that it seeks documents, communications, or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and other applicable privileges, immunities, and exceptions. Nothing contained in these Responses is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privileges, immunities, or exceptions.

3. Paronich objects to the Subpoena because it seeks discovery from a party's counsel, which is widely disfavored and requires satisfaction of heightened standards before such discovery will be permitted.

4. Paronich objects to the Subpoena to the extent that it seeks documents, communications, or information protected from disclosure by confidentiality or nondisclosure obligations or agreements with third parties, while the Subpoena does not make any corresponding demonstration of need for such documents, communications, or information. Although Paronich has not agreed to produce any documents in response to the Subpoena, to the extent Paronich produces documents at a later juncture, Paronich will do so upon the entry of a suitable protective order and where it has had the opportunity to provide any requisite notice and opportunity to be heard to relevant third parties.

5. Paronich objects to Definition 1 of "You" and "Your" as vague, overbroad, and unduly burdensome insofar as Definition 1 purports to define Paronich P.C. to include any predecessor, successor, affiliate, or alternate name under which Paronich P.C. has operated, and any other persons or entities acting on its behalf or at its direction with respect to the subject matter of any Request. In responding to these Requests, Paronich shall interpret "You" and "Your" to refer to Paronich P.C.

6. Paronich objects to Definition 7 of "Co-Counsel" as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as Definition 7 defines Co-Counsel to include any attorney or law firm that received, referred, filed, prosecuted, or settled any Wilson Matter or that shared or was entitled to share in any fee or recovery from any Wilson Matter, regardless of Paronich's involvement in the matter. In responding to these Requests, Paronich shall interpret "Co-Counsel" to mean any attorney or law firm with whom Paronich had a co-counsel relationship in a matter in which Chet Michael Wilson was a plaintiff and Paronich appeared as counsel of record.

7. Paronich objects to Definition 8 of "Wilson Matter" as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as Definition 8 includes matters for which Paronich did not appear as counsel of record. In responding to these Requests, Paronich shall interpret Wilson Matter to include only matters for which Paronich appeared as counsel of record.

8. Paronich objects to Definition 14 of "Relevant Period" as overbroad and unduly burdensome insofar as the Requests seek documents and information from a time period not relevant to the issues in this Action, which was filed on October 12, 2025. *See* Compl., *Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25 Civ. 01869 (D. Or. Oct. 12, 2025), ECF 1. Although

Paronich does not agree to produce any documents in response to the Subpoena, to the extent Paronich agrees to search for documents at a later juncture, Paronich is willing to agree to a relevant period beginning on October 1, 2024, approximately one month before Paronich first entered an appearance for Mr. Wilson in any matter. *See Wilson v. Altria Grp. Distrib. Co.*, No. 1:24 Civ. 1917 (E.D. Va.).

9. Paronich objects to Instruction 2 as vague, overbroad, and unduly burdensome insofar as it purports to deem each Request to include documents in the possession, custody, or control of third parties and/or documents that are not reasonably accessible to Paronich. Paronich further objects to Instruction 2 as calling for "Documents held by Your attorneys [and] Co-Counsel acting on Your behalf," to the extent the Request seeks documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and other applicable privileges, immunities, and exceptions. Although Paronich does not agree to produce documents in response to this Subpoena, to the extent Paronich agrees to search for documents at a later juncture, it will only search for documents that are in its possession, custody, or control.

10. Paronich objects to Instructions 3 and 4 as unduly burdensome and not proportional to the needs of the case insofar as they purport to impose obligations or requirements related to assertions of privilege beyond those imposed by the Federal Rules of Civil Procedure or other applicable court rules. To the extent Paronich provides a privilege log in this matter, it will comply with the Federal Rules of Civil Procedure and any applicable court rules.

11. Paronich objects to Instructions 5 and 6 as unduly burdensome and not proportional to the needs of the case insofar as they require a burdensome method of production or impose obligations or requirements beyond those in the Federal Rules of Civil Procedure. Paronich further

objects to Instructions 5 and 6 to the extent that they would require production of any data or metadata not reasonably accessible to Paronich.

12. Paronich objects to Instruction 8 as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it purports to require Paronich to provide information regarding documents not in its possession, custody, or control.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiver of any additional objections Paronich may assert, Paronich responds to each of the Requests as below. Paronich is available to meet and confer regarding its responses to Freeway's Requests.

**REQUEST NO. 1: Documents sufficient to show each monetary demand You or any Co-Counsel made in any Wilson Matter, and all responses to each such demand.**

**RESPONSE TO REQUEST NO. 1:**

In addition to its General Objections, Paronich objects to Request No. 1 on the grounds that it seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because it seeks settlement demands made on behalf of the plaintiff in this Action, Mr. Wilson, in cases in which Freeway was not a defendant, and because settlement demands and responses thereto have no bearing on whether Mr. Wilson or non-party Heidarpour Law Firm ("HLF") have engaged in lead generation fraud, as Freeway has alleged. *See, e.g.*, Def.'s Mot. to Deny Class Certification at 3, *Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25 Civ. 01869 (D. Or. May 16, 2026), ECF No. 19 ("[T]o attempt to get to the bottom of the core issue in this case—*i.e.*, identify who requested the calls at issue . . . Freeway has . . . served a series of third-party subpoenas."); *id.* at 5 ("[T]he question that matters [is] who submitted Plaintiff's number and whether a fraud is being perpetrated on the Court through the systematic manufacture of TCPA claims."); Def.'s Opp'n to Pl.'s Mot. to Dismiss and Mot. to Stay at 3,

*Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25 Civ. 01869 (D. Or. June 15, 2026), ECF No. 23 ("Before entering Plaintiff's dismissal, the Court should resolve Freeway's motion and allow it to complete discovery targeted at uncovering the extent of the scheme . . . ."). Paronich further objects to this Request on the ground that it is unduly burdensome insofar as it seeks documents that Freeway has already obtained in discovery. Finally, Paronich objects to this Request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks discovery beyond what Freeway represented to the Court at the August 19, 2026 hearing it intended to take in this Action. *See, e.g.*, Tr. of Oral Argument at 13, 15, *Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25 Civ. 01869 (D. Or. Aug. 19, 2026) ("Hr'g Tr.") (requesting "very limited" and "targeted" discovery).

**REQUEST NO. 2: Documents sufficient to show what You and any Co-Counsel were paid in any Wilson Matter.**

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections, Paronich objects to Request No. 2 on the grounds that it seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because it seeks information about fees earned in cases in which Freeway was not a defendant, and because information about fees Paronich has earned has no bearing on whether Mr. Wilson or HLF have engaged in lead generation fraud, as Freeway has alleged. *See, e.g.*, Def.'s Mot. to Deny Class Certification at 3, *Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25 Civ. 01869 (D. Or. May 16, 2026), ECF 19 ("[T]o attempt to get to the bottom of the core issue in this case—*i.e.*, identify who requested the calls at issue . . . Freeway has . . . served a series of third-party subpoenas."); *id.* at 5 ("[T]he question that matters [is] who submitted Plaintiff's number and whether a fraud is being perpetrated on the Court through the systematic manufacture of TCPA claims."); Def.'s Opp'n to Pl.'s Mot. to Dismiss and Mot. to Stay at 3, *Wilson v. Freeway Ins.*

*Servs. of Am., LLC*, No. 6:25 Civ. 01869 (D. Or. June 15, 2026), ECF 23 ("Before entering Plaintiff's dismissal, the Court should resolve Freeway's motion and allow it to complete discovery targeted at uncovering the extent of the scheme . . . ."). Paronich further objects to this Request on the ground that it is unduly burdensome insofar as it seeks information that Freeway has already obtained in discovery. Finally, Paronich objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks discovery beyond what Freeway represented to the Court at the August 19, 2026 hearing it intended to take in this Action. *See, e.g.*, Hr'g Tr. at 13, 15 (requesting "very limited" and "targeted" discovery).

**REQUEST NO. 3: All Documents that support or refute that the demands and payments referenced in Requests 1 and 2 were "based on the amount of time spent on the matter multiplied by our hourly rates," or reflected "a multiplier based on certain risk factors," as provided in paragraph 7 of the Wilson/Freeway Contingent Fee Agreement or in any comparable provision of any other fee agreement in any Wilson Matter. Responsive Documents include, but are not limited to, Your timesheets for each Wilson Matter where You made a demand or payment.**

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Objections, Paronich objects to Request No. 3 on the grounds that it seeks irrelevant information, is unduly burdensome, and is not proportional to the needs of the case because it seeks information concerning settlement demands and fees earned in cases in which Freeway was not a defendant, and because documents supporting or refuting demands and fees have no bearing on whether Mr. Wilson or non-party HLF have engaged in lead generation fraud, as Freeway has alleged. *See, e.g.*, Def.'s Mot. to Deny Class Certification at 3, *Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25 Civ. 01869 (D. Or. May 16, 2026), ECF 19 ("[T]o attempt to get to the bottom of the core issue in this case—*i.e.*, identify who requested the calls at issue . . . Freeway has . . . served a series of third-party subpoenas."); *id.* at 5 ("[T]he question that matters [is] who submitted Plaintiff's number and whether a fraud is being perpetrated on the Court

through the systematic manufacture of TCPA claims."); Def.'s Opp'n to Pl.'s Mot. to Dismiss and Mot. to Stay at 3, *Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25 Civ. 01869 (D. Or. June 15, 2026), ECF 23 ("Before entering Plaintiff's dismissal, the Court should resolve Freeway's motion and allow it to complete discovery targeted at uncovering the extent of the scheme . . . ."). Paronich further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it requests "All Documents" responsive to the Request, when a narrower universe of documents would suffice. Paronich also objects to the Request because "support" and "refute" are undefined, vague, and ambiguous. Finally, Paronich objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks discovery beyond what Freeway represented to the Court at the August 19, 2026 hearing it intended to take in this Action. *See, e.g.*, Hr'g Tr. at 13, 15 (requesting "very limited" and "targeted" discovery).

Dated: November 2, 2026

HECKER FINK LLP

Matthew Craig
1019 E 4th Pl., 3rd Floor
Los Angeles, CA 90013
(212) 763-0883
mcraig@heckerfink.com

John C. Quinn
350 Fifth Ave., 63rd Floor
New York, New York 10118
(212) 763-0883
jquinn@heckerfink.com

*Attorneys for Non-Party Paronich Law, P.C.*