# EXHIBIT J

1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

Amit B. Patel
Tel +1 212 407 1779
Fax +1 212 891 1699
APatel@jenner.com

November 3, 2026

James M. Ruley
Watstein Terepka LLP
75 14th Street NE, Suite 2600
Atlanta, GA 30309

Re: Subpoena to Perrong Law, LLC in *Wilson v. Freeway Insurance Services of America, LLC*, No. 6:25-cv-01869-MC (D. Or.)

Dear James:

As you know, we represent Perrong Law, LLC ("Perrong Law" or the "Firm"). We write in response to the third-party subpoena (the "Subpoena") that Freeway Insurance Services of America, LLC ("Freeway") served on the Firm on October 20, 2026 in the above-identified matter (the "Action"). In this letter, we set forth the Firm's objections to the Subpoena under Federal Rule of Civil Procedure 45(d)(2)(B). Perrong Law objects to the Subpoena on numerous grounds, including the following:

First, the Subpoena seeks irrelevant information and is not proportional to the needs of the above-referenced litigation because the discovery sought in the Subpoena goes far beyond what Freeway described to the Court at the August 19, 2026 hearing. At the hearing, Freeway asked the Court to let it "finish the very limited discovery that we've already served." Aug. 19, 2026 Hr'g Tr. ("Tr.") 13:8–9. Mr. Watstein repeatedly made the same point, describing the discovery as "limited" (Tr. 14:23–24) and as discovery "that we've served" (Tr. 12:24–25). He said it was "targeted to" the questions Freeway wanted answered and that Freeway "served it before they moved to dismiss" (Tr. 15:8–11). Mr. Watstein said that "60 days is all we asked for" (Tr. 41:13–14). Yet Freeway did not attempt to serve the Subpoena until October 16, 2026, nearly two months after the hearing and at the end of the 60-day period Freeway requested. It is not discovery Freeway had "already served." Freeway described its discovery the same way in writing, asking the Court to allow it to "complete discovery targeted at uncovering the extent of the scheme." Def.'s Opp'n to Pl.'s Mot. to Dismiss and Mot. to Stay at 3, ECF No. 23. Moreover, Mr. Watstein told the Court that the point of its discovery was to uncover alleged lead-generation fraud: that Mr. Wilson, or "somebody with a financial interest," was submitting his number through online insurance quote forms "to create a TCPA claim" and then disclaiming consent. Tr. 18:19–19:4; *see also* Tr. 23:3–12 (asserting "evidence of fraudulently submitted claims"); Tr. 72:15–19 (asserting that "either Wilson and/or somebody with a financial interest is entering his information in lead forms").

The Subpoena therefore does not seek relevant information because it has nothing to do with the alleged lead generation fraud. Instead, the Subpoena demands information about every monetary demand, every response to every demand, and every payment received by Perrong Law *and every other lawyer or firm Freeway deems "Co-Counsel"* in any "Wilson Matter" since January 1, 2023. That definition covers any actual or potential TCPA claim, demand, or pre-suit notice by Mr. Wilson or concerning his number, "whether or not You appeared as counsel of record." The Subpoena also demands the Firm's timesheets for each such matter. The scope of the Subpoena is almost exclusively outside the parameters of the Action and largely seeks irrelevant information about *other* cases, involving *other* defendants.

Second, the Subpoena is overbroad, unduly burdensome and procedurally improper. Freeway elected not to assert a counterclaim in the Action. When the Court asked whether Freeway intended to file one, Mr. Watstein explained that Freeway "could" move for leave to file counterclaims but did not "need to," because it intended instead to move for sanctions in this Action. Tr. 13:11–15:7. Because Freeway has no claim of its own, discovery must be measured against the only proceeding Freeway has identified: a sanctions motion in this case. Fed. R. Civ. P. 26(b)(1). And sanctions sought in this case must arise from, and be calibrated to, conduct in this case.

Whatever the source of authority, a court's sanctioning power is tied to the proceeding before it. The inherent power exists to address "conduct which abuses the judicial process," and "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). A settlement demand sent to a different company, or a fee paid in a different case, is not relevant to and goes far beyond the scope of Freeway's alleged injury in this Action. Freeway's own authority makes the point. Freeway told the Court that this Action is "*Slevin* on steroids" (Tr. 14:5–6). But the *Slevin* court expressly confined its analysis to the attorney's "conduct in this particular case." *Slevin v. AB Hollywood, LLC*, 838 F. Supp. 3d 1084, 1089 (D. Or. 2026). The *Slevin* court left the "existence of a broader scheme" and counsel's "alleged role in such a scheme" to a separate lawsuit brought by the businesses that claimed to have been harmed. *Id. Human v. Fisher Investments, Inc.*, 831 F. Supp. 3d 845 (E.D. Mo. 2026), with which you are familiar, similarly confirms the point. There, the court found discovery into the plaintiff's prior TCPA cases relevant because it bore "on their face to Fisher's damages on its fraud claim," a counterclaim Fisher had actually pleaded. *Id.* at 850–51. Freeway chose not to plead a counterclaim here, as it acknowledged to the Court.

Freeway's hearing presentation confirms that the Subpoena is aimed at other cases. Freeway told the Court that "[w]hat we don't know is how much deeper Wilson's abuse of the class mechanism goes" (Tr. 38:5–6). Freeway also acknowledged that it wanted to uncover "the full extent" of the alleged "scheme" (Tr. 13:3–4; 15:12–14). Those questions are not related or relevant to whether sanctionable conduct occurred in this Action.

Third, the Subpoena seeks information that Freeway already has, or has told the Court it has obtained, including the fee agreement operative in the underlying action and information whose

only stated purpose is now moot. Any demand made to Freeway in this Action, and Freeway's response, are already in Freeway's possession. Freeway also told the Court that it has obtained, or can obtain, payment information from Heidarpour Law Firm, PLLC ("HLF") and from other litigation. Tr. 15:17–22; 37:17–25; 38:13–16. And Freeway's use of the fee agreements at the hearing was to argue that Mr. Wilson and his counsel were inadequate class representatives (Tr. 26:21–27:3; 31:1–32:17; 71:23–72:2). The Court has now denied certification (Tr. 76:12–15), so that rationale no longer supports any discovery.

Fourth, the settlement demands, responses, and negotiations in other cases are confidential, and Freeway has made no showing that would justify their disclosure in this matter. The Ninth Circuit has recognized that "[s]ettlement negotiations involve sensitive matters." *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000). Discovery of those negotiations "is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive." *Id.* (quoting *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Tr. Co.*, 834 F.2d 677, 684 (7th Cir. 1987)). *Lobatz* applied that rule to a class member seeking discovery of negotiations in the very case before the court. Freeway seeks far more: negotiations in *other* cases, between Mr. Wilson and *other* defendants. Freeway has offered no foundation for that intrusion. It has not identified any evidence that any settlement in any other Wilson Matter was collusive, or that any such negotiation bears on conduct before the Court in this Action. Whether or not those communications are privileged, the confidentiality interests of the non-party defendants who negotiated them weigh heavily against compelled disclosure. That is especially so where, as here, the materials have no bearing on any sanctions motion Freeway could bring in this case.

Fifth, discovery directed to opposing counsel is disfavored and appropriate only where no other means exist to obtain the information, the information is relevant and non-privileged, and it is crucial to the case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Scobee v. USAA Cas. Ins. Co.*, No. 4:22-CV-488-JAR, 2024 WL 1532305, at *2 (E.D. Mo. Apr. 9, 2024). In *Scobee*, the court applied *Shelton* to quash a document subpoena served on a party's counsel that sought settlement-related materials. *Id.* It held that settlement communications with an opponent are equally available from that opponent, and that communications with third parties can be obtained from those third parties. *Id.* None of the *Shelton* conditions is met here and seeking this discovery from opposing counsel is improper. Indeed, Freeway is seeking the same information from at least 20 other entities, including three other law firms representing Mr. Wilson.

When Freeway asked at the hearing whether it should "proceed with the discovery that we" had described, the Court directed the parties to "confer about what discovery you're agreeing on and not agreeing on." The Court also asked that any disagreements be presented by status report. Tr. 80:1–81:2. Perrong Law is available to meet and confer with you on these issues at a mutually convenient time. In the meantime, we set out the Firm's formal objections to the Subpoena below.

**General Objections to the Subpoena**

- Perrong Law objects to the Subpoena because it identifies the place of compliance as "[d]irectly to the undersigned counsel electronically," rather than a specified place, as Rule 45(a)(1)(A)(iii) requires. The Firm further objects to the extent the cover letter purports to set the place of compliance in Atlanta, Georgia. Atlanta is more than 100 miles from where Perrong Law resides and regularly transacts business in Yardley, Pennsylvania. *See* Fed. R. Civ. P. 45(c)(2)(A).

- Perrong Law objects to the Subpoena in its entirety because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the Action, for the reasons set forth above. Fed. R. Civ. P. 26(b)(1). Freeway has asserted no claim. A sanctions motion in this Action can only be based on, and calibrated to, conduct in this Action. Demands, payments, and time records from other matters involving other defendants cannot support such a motion.

- Perrong Law objects to the Subpoena in its entirety because it seeks discovery far beyond what Freeway represented to the Court on August 19, 2026, that it intended to take. Tr. 13:8–9; 14:23–24; 15:8–22.

- Perrong Law objects to the Subpoena because it is directed to plaintiff's counsel of record in the Action and seeks information that is available, if at all, from other, more convenient, and less burdensome sources, including Freeway itself and Plaintiff. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *Shelton*, 805 F.2d at 1327; *Scobee*, 2024 WL 1532305, at *2.

- Perrong Law objects to the Subpoena as overly broad and unduly burdensome, and as reflecting a failure by Freeway to "take reasonable steps to avoid imposing undue burden or expense" on a non-party. Fed. R. Civ. P. 45(d)(1).

- Perrong Law objects to the Subpoena to the extent it seeks documents, communications, or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or protection. Nothing in this letter is intended as, or shall be deemed, a waiver of any privilege or protection.

- Perrong Law objects to the Subpoena to the extent it seeks documents or information subject to confidentiality or nondisclosure obligations owed to third parties, including confidential settlement agreements in other matters. Freeway has made no showing of need for such materials. Perrong Law will not produce any such materials absent an appropriate protective order and notice to, and an opportunity to be heard by, the affected third parties.

- Perrong Law objects to the Subpoena to the extent it purports to impose obligations beyond, different from, or more burdensome than those imposed by the Federal Rules of Civil

Procedure, the Local Rules of the District of Oregon, or any other applicable law, rule, or order.

- Without waiving its objections or agreeing that any production is warranted, Perrong Law maintains that any discovery permitted over its objections must, at a minimum, be narrowly confined to the conduct at issue in this Action, a reasonable period tied to that conduct, and documents within Perrong Law's possession, custody, or control.

**Objections to the Subpoena's Definitions and Instructions**

- Perrong Law objects to Definition 1 ("You" and "Your") as vague, overly broad, and unduly burdensome. The definition sweeps in any predecessor, successor, affiliate, or alternate name, and "any other persons or entities acting on its behalf," including contractors, consultants, and vendors. Perrong Law will construe "You" and "Your" to mean Perrong Law, LLC.

- Perrong Law objects to Definition 7 ("Co-Counsel") as overly broad, unduly burdensome, and not proportional to the needs of the Action. It reaches any attorney or firm that "received, referred, filed, prosecuted, or settled any Wilson Matter," or that shared or was entitled to share in any fee, regardless of Perrong Law's involvement. Perrong Law has no possession, custody, or control of the files or financial records of other firms. Freeway has served or may serve those firms directly.

- Perrong Law objects to Definition 8 ("Wilson Matter") as overly broad, unduly burdensome, and not proportional to the needs of the Action. It reaches any "actual or potential" claim, demand, or pre-suit notice by Mr. Wilson or "Concerning the Subject Number," "whether or not You appeared as counsel of record." It thus purports to include matters in which Perrong Law played no role and about which it has no knowledge. Moreover, every matter other than the Action is irrelevant to any sanctions motion in the Action, for the reasons stated above.

- Perrong Law objects to Definition 9 ("Demand Recipient") and Definition 10 ("Settlement") to the extent they incorporate the overbroad definition of "Wilson Matter," and to the extent they seek information concerning non-parties' confidential settlements.

- Perrong Law objects to Definition 14 ("Relevant Period") as overly broad and unduly burdensome. It reaches back to January 1, 2023, nearly three years before the Action was filed on October 12, 2025, and well before any conduct at issue in the Action.

- Perrong Law objects to Definitions 12 ("Communication") and 16 ("Document") as overly broad and unduly burdensome. They purport to require collection of text messages,

messaging-application content, voicemail, backup data, and "dormant or remnant files," at a cost not appropriately imposed on a non-party.

- Perrong Law objects to Definitions 17 through 20 ("Relate to," "Refer to," "Concern," and "Evidence") as vague and overly broad. Among other things, "in any way pertinent" and "establishing any reasonable, logical, or causal connection" require speculation about the scope of each Request.

- Perrong Law objects to Instruction 2 to the extent it purports to require production of documents held by "Co-Counsel," consultants, vendors, or others, or documents Perrong Law merely has the "practical ability to obtain." Perrong Law also objects to the extent the instruction calls for documents held by its attorneys that are privileged or protected. Perrong Law will respond only as to documents within its possession, custody, or control.

- Perrong Law objects to Instruction 3 because it calls for a privilege log containing considerably more detail than Rule 45(e)(2)(A) requires. Perrong Law objects to Instruction 4 because it purports to resolve, by instruction, contested questions of privilege that are for the Court to decide.

- Perrong Law objects to Instructions 5 and 6 to the extent they require native-format productions with metadata, audit trails, Bates prefixes, and custodian-by-custodian indices. Those requirements go beyond Rule 45(e)(1). Perrong Law further objects to the extent those Instructions call for electronically stored information or metadata that is not reasonably accessible because of undue burden or cost. *See* Fed. R. Civ. P. 45(e)(1)(D).

- Perrong Law objects to Instructions 8 and 9 to the extent they require Perrong Law to identify the location of documents outside its control, to identify persons holding such documents for purposes of further subpoenas, or to reconstruct the contents of documents no longer in existence.

**Objections to Specific Requests in the Subpoena**

By objecting to each Request, Perrong Law does not imply, and its objections shall not be construed as suggesting, that responsive documents exist in its possession, custody, or control. Nor do its objections suggest that any such documents would be relevant to the Action, are not privileged or otherwise protected, or could be identified, collected, or produced without undue burden and expense. All such objections are expressly preserved.

***Request 1***

Request 1 seeks "[d]ocuments sufficient to show each monetary demand You or any Co-Counsel made in any Wilson Matter, and all responses to each such demand."

In addition to the objections stated above (which are incorporated herein), Perrong Law objects to Request 1 because it seeks irrelevant information that is not proportional to the needs of the Action. As to the Action itself, any demand made to Freeway, and Freeway's response, are already in Freeway's possession. As to every other matter, demands sent to other defendants, and those defendants' responses, have no bearing on any issue Freeway has identified in the Action. Freeway has described the "core issue" as "who requested the calls at issue." Def.'s Mot. to Deny Class Certification at 3, ECF No. 19. It has framed "the question that matters" as "who submitted Plaintiff's number and whether a fraud is being perpetrated on the Court." *Id.* at 5. Demands in other matters cannot have caused Freeway to incur any expense in this Action, and so cannot support a compensatory sanction here.

Perrong Law further objects because the Request reaches demands made by "any Co-Counsel," including in matters where Perrong Law did not appear. Those materials are not within Perrong Law's possession, custody, or control. Finally, any demand and response is necessarily available from its recipient, the more appropriate source. *See Scobee*, 2024 WL 1532305, at *2 (settlement communications with an opponent are "equally available" from that opponent; third-party communications "can be obtained from those parties"). As noted above, Request 1 also seeks discovery beyond what Freeway represented to the Court it intended to take in the Action. Tr. 13:8–9; 15:8–22.

***Request 2***

Request 2 seeks "[d]ocuments sufficient to show what You and any Co-Counsel were paid in any Wilson Matter."

In addition to the objections stated above, Perrong Law objects to Request 2 because it seeks irrelevant information that is not proportional to the needs of the Action. Payments received in other matters, from other defendants, could not have caused Freeway any harm in this Action.

Perrong Law further objects because the Request seeks the financial information of other law firms, which is not within Perrong Law's possession, custody, or control. It also seeks the terms of confidential settlements with non-parties, who are entitled to notice and an opportunity to be heard. And it seeks information that Freeway told the Court it has already obtained, or can obtain, from HLF and from other litigation. *See* Tr. 15:17–22; 37:17–25; 38:13–16. Request 2 also seeks discovery beyond what Freeway represented to the Court it intended to take in the Action.

***Request 3***

Request 3 seeks "[a]ll Documents that support or refute that the demands and payments referenced in Requests 1 and 2 were 'based on the amount of time spent on the matter multiplied by our hourly rates,' or reflected 'a multiplier based on certain risk factors,' as provided in paragraph 7 of the Wilson/Freeway Contingent Fee Agreement or in any comparable provision of any other fee

agreement in any Wilson Matter." It states that responsive documents include "Your timesheets for each Wilson Matter where You made a demand or payment."

In addition to the objections stated above, Perrong Law objects to Request 3 for all the reasons stated as to Requests 1 and 2, on which it depends. Request 3 is the clearest example of the Subpoena's aim. It seeks to audit the economics of every Wilson Matter, whether or not Perrong Law appeared in it. Freeway's theory is that fees in other matters were not tethered to time spent. Even if that theory had merit, it would concern the reasonableness of fees charged to, or collected from, other parties in other cases. It would say nothing about conduct before the Court in this Action.

Perrong Law further objects because the Request calls for "All Documents" that "support or refute" a proposition. That phrasing is overbroad and would require the Firm to marshal evidence on Freeway's behalf; "support" and "refute" are also vague and undefined. Perrong Law also objects because the Request expressly seeks attorney timesheets. Timesheets in active and resolved litigation contain narrative entries that reveal litigation strategy, the specific nature of services performed, and client confidences. To the extent they reveal such information, they are protected by the attorney-client privilege and the work-product doctrine. *See Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Even where attorney's fees are actually before the court, the Ninth Circuit does not require discovery of counsel's contemporaneous time records. In *Lobatz*, the court affirmed the denial of such discovery to an objector because the objector "failed to show any legitimate need for the records she sought." 222 F.3d at 1148. The court reached that result even though the objector argued that class counsel had overstated their hours in other cases and had used identical fee-request language across cases. The district court found those contentions baseless. *Id.* at 1149. Here, Freeway seeks time records from other matters, to test the economics of fees in other cases. If time records were not required to evaluate a fee award the court itself was asked to make, Freeway cannot show a legitimate need for them where no fee is at issue at all.

Finally, the burden of collecting, reviewing, and redacting time records across every Wilson Matter since January 2023 would far exceed anything appropriately imposed on a non-party. That burden is particularly unwarranted given that the records are irrelevant to any sanctions motion in this Action. Request 3 also seeks discovery beyond what Freeway represented to the Court it intended to take in the Action.

* * *

For the foregoing reasons, Perrong Law objects to the Subpoena in its entirety and will not produce documents in response to it at this time. Perrong Law reserves all rights and remedies, including the right to supplement or amend these objections. We remain available to meet and confer at your convenience.

Sincerely,

Amit B. Patel