# EXHIBIT K

**Subject:** Re: Wilson v. Freeway - Subpoena to Kaufman PA
**Date:** Friday, October 30, 2026 at 4:20:51 PM Eastern Daylight Time
**From:** James Ruley
**To:** Dickens, Zachary
**CC:** Ryan Watstein, Rebecca Rhym, Trahan, Blair
**Attachments:** image001.png

Zach,

We'll reissue the subpoena. We don't agree that the original was void. But a new subpoena takes the place-of-compliance question off the table and gives Kaufman the additional time you asked for.

The reissued subpoena withdraws and replaces the October 16 subpoena. It names our Miami office, a few miles from Kaufman's Coral Gables office, as the place of compliance and sets a November 16 compliance date. The requests in Exhibit A are unchanged.

Will you accept service by email on Kaufman's behalf? If so, we'll send it Monday after we serve notice on plaintiff's counsel.

On venue, we know the Southern District of Florida is the court for the district where compliance is required. But any dispute over this subpoena belongs in front of Chief Judge McShane. The District of D.C. reached the same conclusion on HLF's motion to quash. Magistrate Judge Faruqui noted that the Wilson litigation "is not a run-of-the-mill matter." He found that the District of Oregon "may be the more appropriate venue" and that the case "appears to have the hallmarks of exceptional circumstances" under Rule 45(f). *In re Subpoena to Heidarpour Law Firm, PLLC*, No. 1:26-mc-00099-RJL-ZMF, ECF No. 24 at 2–3 (D.D.C. Aug. 7, 2026). HLF, Kaufman's referral counsel, then consented to transfer. *Id.*, ECF No. 25 ¶ 1 (Aug. 14, 2026). Kaufman's subpoena arises from the same Wilson cases. So if a dispute does arise, we'll ask Kaufman to consent to transfer under Rule 45(f). If Kaufman won't, we'll ask the Southern District of Florida to transfer on exceptional-circumstances grounds.

We'd also like to get on the phone early next week to go through any objections Kaufman has to the requests themselves. If we can resolve or narrow them now, neither side needs to file anything. Could you let us know some times that work for you on Tuesday?

Thanks,
James

---

**From:** Dickens, Zachary <zachary.dickens@whitecase.com>
**Date:** Thursday, October 29, 2026 at 1:31 PM
**To:** James Ruley <jruley@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>; Rebecca Rhym <rrhym@wtlaw.com>; Trahan, Blair <blair.trahan@whitecase.com>

**Subject:** RE: Wilson v. Freeway - Subpoena to Kaufman PA

[Warning – external]

James,

Thanks for your note. A few points in response below.

First, we are still assessing the subpoena and Kaufman's defenses and are surprised to see these conditions tied to a request for a one-week extension on a third-party subpoena. At this time, we intend to serve written responses and objections before resorting to any motion practice. Either way, we do not understand how a one-week extension on the response deadline to the date of compliance prejudices your client in any way.

Second, on venue for any dispute that may arise: we do not agree to have any motion concerning this subpoena heard in the District of Oregon. If a dispute cannot be resolved between the parties, we expect it would be addressed in the district where compliance is properly required, consistent with the rules.

Third, the subpoena is void on its face. The subpoena designates the place of compliance as service by email to counsel, which is not a valid place of compliance in itself, and the accompanying cover letter separately commands production in Atlanta, Georgia – nearly 1,000 miles from Kaufman PA. Because the designated place of compliance violates the 100-mile rule, please let us know whether your client intends to reissue the subpoena with a proper place of compliance.

We're happy to discuss by phone and can speak tomorrow morning.

Best,
Zach

**Zachary Dickens** | Partner
**T** +1 (305) 995-5217 **M** +1 (404) 375-7275 **E** zachary.dickens@whitecase.com
White & Case LLP | Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900 | Miami, FL 33131-2352

WHITE & CASE

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** Wednesday, October 28, 2026 10:28 AM
**To:** Dickens, Zachary <zachary.dickens@whitecase.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>; Rebecca Rhym <rrhym@wtlaw.com>; Trahan, Blair

<blair.trahan@whitecase.com>
**Subject:** [EXT] Re: Wilson v. Freeway - Subpoena to Kaufman PA

Zach,

Thanks for reaching out. We'll direct all communications about the Kaufman subpoena to you.

We routinely agree to reasonable extensions, and we're glad to extend your client's deadline to November 9 if your client will use the time to gather documents and prepare its responses. But we can't agree to an extension intended to strategically disadvantage our client via motion practice.

We raise this because of what happened with the last nonparty law firm we subpoenaed in this case. In June, we extended Heidarpour Law Firm's response deadline as a courtesy. HLF used that time to prepare a motion to quash, then filed it in the District of Columbia on an emergency basis two days before the extended deadline. The extension meant to avoid motion practice ended up producing emergency motion practice.

So, before we respond definitively to your request for an extension, we'd like to discuss two points:

1. Does Kaufman plan to decline production and move to quash?
2. If so, will Kaufman agree to have such a dispute heard in the District of Oregon by Chief Judge McShane. That's where HLF's motion to quash was ultimately heard, with HLF's consent, after the District of DC indicated that was the better forum (given Judge McShane is assigned all 14 underlying cases).

Please let us know when you have a moment to discuss these points.

Thanks,
James

---

**From:** Dickens, Zachary <zachary.dickens@whitecase.com>
**Date:** Tuesday, October 27, 2026 at 12:37 PM
**To:** James Ruley <jruley@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>; Rebecca Rhym <rrhym@wtlaw.com>; Trahan, Blair <blair.trahan@whitecase.com>
**Subject:** Wilson v. Freeway - Subpoena to Kaufman PA

[Warning – external]

Hi James,

We have been retained to represent Kaufman PA in relation to the attached subpoena served in the above-captioned matter. You can direct all communications related to the subpoena to me.

We noticed that the compliance date in the subpoena is November 9. We believe our responses and objections would otherwise be due November 2. We need a little more time to respond. Will you agree to a short one-week extension allowing us to respond by the November 9 compliance deadline?

Happy to discuss over the phone if that's easier. Thanks.

Zach

**Zachary Dickens** | Partner
**T** +1 (305) 995-5217 **M** +1 (404) 375-7275 **E** zachary.dickens@whitecase.com
White & Case LLP | Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900 | Miami, FL 33131-2352

WHITE &CASE

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available here.

==========================================================================

==========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available here.

==========================================================================