# EXHIBIT O

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24103-LEIBOWITZ/AUGUSTIN-BIRCH**

CHET MICHAEL WILSON, individually and
on behalf of all others similarly situated,

Plaintiffs,

v.

MIA AESTHETICS HOLDINGS, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S MIA AESTHETICS HOLDINGS, LLC**
**MOTION TO STAY CLASS DISCOVERY**

Defendant MIA Aesthetics Holdings, LLC ("MIA Aesthetics Holdings"), by and through undersigned counsel, files this Motion to Stay Class Discovery served by Plaintiff Chet Michael Wilson, and in support states the following:

## INTRODUCTION

Plaintiff Chet Michael Wilson alleges that Defendant MIA Aesthetics Holdings violated federal law by sending him solicitation for its cosmetic services while his number was on the Do Not Call Registry. He seeks to represent three nationwide classes on various claims for alleged violations of the Telephone Consumer Protection Act ("TCPA") by Defendant. However, Mr. Wilson signed up for the solicitations at issue. Mr. Wilson's express invitation or permission is fatal to his individual state and federal claims.

Plaintiff is a professional litigant who has filed at least 72 class actions in various districts around the country related to purported violations of the TCPA.

https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=5cde96b54f984c6f9ed867fc81c51167

Library Home - Ved... | Rule 1.380 - FAILUR... | _(_supervisor misco... | 2021 Trial Law Secti... | Abimbola v. Browar... | jleavitt@v... | Board Briefing | 4.23... | red herring image -... | Relativity | New tab

Party Search > Search Results

**Search Criteria:** Party Search; Last Name: [Wilson]; First Name: [Chet]; Middle Name: [Michael]

**Result Count:** 72

Icon Legend

(1 of 2) 1 2 1

| Party Name | Case Number | Case Title | Court | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| Wilson, Chet Michael | 0:2013pr35154 | Chet Wilson v. Joan Copperwheat, et al | U.S. COURT OF APPEALS, NINTH CIRCUIT | 3550 | 03/04/2013 | 04/15/2015 |
| Wilson, Chet Michael (pla) | 2:2025cv00212 | Wilson v. KUIU, LLC | CALIFORNIA EASTERN DISTRICT COURT | 485 | 01/15/2025 | 08/22/2025 |
| Wilson, Chet Michael (pla) | 2:2025cv00278 | Wilson v. BlendJet Inc. | CALIFORNIA EASTERN DISTRICT COURT | 485 | 01/23/2025 | 03/10/2025 |
| Wilson, Chet Michael (pla) | 3:2025cv00260 | Wilson v. AUM Insurance Services LLC | CALIFORNIA NORTHERN DISTRICT COURT | 485 | 01/07/2025 | 08/11/2025 |
| Wilson, Chet Michael (pla) | 3:2025cv00802 | Wilson v. Kaiser Foundation Health Plan, Inc. | CALIFORNIA NORTHERN DISTRICT COURT | 485 | 01/23/2025 | 01/27/2026 |
| Wilson, Chet Michael (pla) | 5:2025cv03996 | Wilson v. MEDVIDI INC | CALIFORNIA NORTHERN DISTRICT COURT | 485 | 05/08/2025 | |
| Wilson, Chet Michael (pla) | 5:2025cv05656 | Wilson v. AMP FIT, INC. | CALIFORNIA NORTHERN DISTRICT COURT | 485 | 07/06/2025 | 09/25/2025 |
| Wilson, Chet Michael (pla) | 4:2026cv00039 | Wilson v. Autoweb, Inc. | CALIFORNIA NORTHERN DISTRICT COURT | 485 | 01/04/2026 | |
| Wilson, Chet Michael (pla) | 3:2025cv00157 | Wilson v. FuturHealth, Inc. | CALIFORNIA SOUTHERN DISTRICT COURT | 890 | 01/23/2025 | 01/12/2026 |
| Wilson, Chet Michael (pla) | 3:2025cv03648 | Wilson v. Mortgage One, Inc. | CALIFORNIA SOUTHERN DISTRICT COURT | 485 | 12/17/2025 | |
| Wilson, Chet Michael (pla) | 1:2025cv00340 | Wilson v. Fleet Financial, Inc. | COLORADO DISTRICT COURT | 485 | 01/31/2025 | 02/10/2026 |
| Wilson, Chet Michael (pla) | 3:2025cv00112 | Wilson v. Easy Spirit, LLC | CONNECTICUT DISTRICT COURT | 485 | 01/22/2025 | |
| Wilson, Chet Michael (pla) | 3:2025cv01417 | Wilson v. Inbox Health Corp. | CONNECTICUT DISTRICT COURT | 485 | 09/02/2025 | 02/04/2026 |
| Wilson, Chet Michael (pla) | 8:2024cv02711 | Wilson v. Credit Suite Inc. | FLORIDA MIDDLE DISTRICT COURT | 485 | 11/21/2024 | 07/17/2025 |
| WILSON, CHET MICHAEL (pla) | 1:2025cv00023 | WILSON v. TRAJECTOR INC | FLORIDA NORTHERN DISTRICT COURT | 485 | 01/23/2025 | 07/30/2025 |
| Wilson, Chet Michael (pla) | 0:2024cv62319 | Wilson v. Disability Help Group LLC | FLORIDA SOUTHERN DISTRICT COURT | 485 | 12/07/2024 | |
| Wilson, Chet Michael (pla) | 1:2024cv25117 | Wilson v. Icon Creative Consulting, Inc. | FLORIDA SOUTHERN DISTRICT COURT | 485 | 12/30/2024 | 12/30/2024 |
| Wilson, Chet Michael (pla) | 1:2024cv25119 | Wilson v. Icon Creative Consulting, Inc. | FLORIDA SOUTHERN DISTRICT COURT | 485 | 12/30/2024 | 03/07/2025 |
| Wilson, Chet Michael (pla) | 0:2025cv60212 | Wilson v. Pharmacenter LLC | FLORIDA SOUTHERN DISTRICT COURT | 485 | 02/06/2025 | 01/22/2026 |
| Wilson, Chet Michael (pla) | 1:2025cv22069 | Wilson v. Craftie Fox, Inc. | FLORIDA SOUTHERN DISTRICT COURT | 485 | 05/05/2025 | 07/24/2025 |
| Wilson, Chet Michael (pla) | 0:2025cv61793 | Wilson v. Vozzcom, Inc. | FLORIDA SOUTHERN DISTRICT COURT | 485 | 09/05/2025 | |
| Wilson, Chet Michael (pla) | 1:2025cv24103 | Wilson v. MIA Aesthetics Holdings, LLC | FLORIDA SOUTHERN DISTRICT COURT | 485 | 09/09/2025 | |

Upon information and belief, Plaintiff is engaged in a scheme to invite solicitations from businesses for the purpose of bringing TCPA claims. Indeed, Plaintiff has recently filed other TCPA class actions in the Southern District of Florida against cosmetic surgery centers, –with identical factual allegations and backgrounds. *See Wilson v. Icon Creative Consulting, Inc*, Case No.: 1:24-cv-25119-FAM, United States District Court, Southern District of Florida (Miami). Here, MIA Aesthetics Services, LLC ("MIA Aesthetic Services"), not MIA Aesthetics Holdings, sent solicitations for cosmetic services to (541)-999-9999 after it received a request from Plaintiff (or someone acting on his behalf), purporting to be "Angeline Treffry", to receive information at (541)-999-9999 and Angelitreff@gmail.com. *See* Web Request Information as attached as **Exhibit 1**.

MIA Aesthetics Holdings is collecting the evidence it will use to establish Mr. Wilson's schemes to invite businesses to send him solicitations – in this case and others – for the purpose of initiating fraudulent lawsuits, and will subsequently file a motion for summary judgment on Mr. Wilson's individual claims. If the Court concludes that Mr. Wilson's individual claims fail because he invited the solicitations, he cannot serve as a class representative.

MIA Aesthetics Holdings asks the Court to stay class discovery, and limit discovery to Mr. Wilson's individual claims, pending resolution of the motion for summary judgment. There is good cause to impose this limitation. Unfortunately for MIA Aesthetics Holdings, a pre-discovery Rule 12(b)(6) motion to dismiss is unavailable because Mr. Wilson alleges in his complaint that MIA Aesthetics Holding communications were unsolicited. They were not. The facts essential to the motion for summary judgment are narrow and can be discovered with relatively limited effort. MIA Aesthetics Holding should not be required to shoulder the greater burden and expense of responding to class discovery when it can readily prove that Mr. Wilson is a professional litigant who has no claim and is in fact committing fraud on this Court.




## <u>STATEMENT OF RELEVANT FACTS</u>

Defendant is a holding company. *See* Declaration of Christian Alvarez attached as **Exhibit 2** at ¶ 2. MIA Aesthetics Holding does not engage in, or perform, any marketing or telephone solicitation for any goods or services. *See id* at ¶ 3. MIA Aesthetic Services, LLC ("Mia Services") is a non-clinical Management Services Organization (MSO) that provides backend administrative support services to the various Mia Aesthetics clinics (i.e., IT, accounting, human resources, payroll, etc.). *See id* at ¶ 4



VP/#75168806.1

Cell phone users can sign up to receive offers and promotional materials related to the services offered by MIA Aesthetic Services. *See id* at ¶ 5. MIA Aesthetic Services sends promotional material only upon the request of an individual who registers a cell phone number or email. *See id* at ¶ 6. Individuals can submit information through an online web form requesting information about the services offered by MIA Aesthetics Services. *See id* at ¶ 7. The form includes consent language authorizing contact by live agent and automatic telephone dialer for informational and promotional purposes. *See id*. Upon submission, of an online a fully automated SMS confirmation message is sent to the requesting individual. *See id* at ¶ 8. The message requires the individual to confirm their opt-in (a double opt-in). Promotional SMS messages are sent only after opt-in confirmation. *See id*. After the opt-in SMS is sent, an automated customer service message is also sent with next steps for scheduling a consultation. *See id* at ¶ 9. After a web form submission and confirmation, agents attempt manual outbound calls up to four (4) times. *See id* at ¶ 10. No calls are placed before a web submission form. *See id*. If the lead is not reached after four manual attempts, the number becomes ineligible for the built-in auto dialer. *See id* at ¶ 11. The dialer may place up to three (3) automated call attempts. *See id* at ¶ 12. If a call is answered, it is immediately routed to a live agent. *See id* at ¶ 13 No prerecorded messages are played. *See id*. On July 5, 2025, through a web form submission, someone purporting to be named Angeline Treffry, signed up to receive information from MIA Aesthetics Services at (541)-999-9999 and angelitreff@gmail.com. Between July 5, 2025, and July 28, 2025, two messages were transmitted to the (541) number via text message. *See id* at ¶ 14. The first message, which as an automated SMS asked for confirmation that the recipient of the message wanted to receive MIA Aesthetics Services promotional information. messages The second message directed at Angeline, contained a link with a questionnaire for perspective new customers. *See id* at ¶ 15.

Mr. Wilson alleges that his number had been listed on the National Do No Call Registry ("Registry") for over 30 days prior to July 5, 2025. *See* ECF 1, ¶ 9. Mr. Wilson alleges that he never consented to or requested the messages. *See id.* at ¶¶17-18. Mr. Wilson alleges that MIA Aesthetics Holdings (not MIA Aesthetics Services) violated the TCPA by contacting him despite his number being on the Registry. *See id.*

Mr. Wilson purports to bring his action on behalf of (3) a nationwide classes of persons for alleged TCPA violations by Defendant. *See id.* at ¶22. He seeks certification of both classes, and Defendant answered, denied liability, and asserted defenses, including that were sent with Mr. Wilson's express invitation or permission, and thus did not violate state or federal law. *See* ECF 11, at p. 10. Mr. Wilson served his first set of discovery requests to Defendant on or about December 15, 2025. While some requests seek information that may be relevant to Mr. Hewett's individual claims, others appear to seek class discovery.

Defendant asks this Court to limit discovery to Mr. Wilson's individual claims and stay class discovery until the Court rules on Defendant's forthcoming motion for summary judgment.

## LEGAL STANDARD

Eleventh Circuit precedent affirms that District Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). When a party seeks a stay of discovery , "[t]he party moving for a stay of discovery has 'the burden of showing good cause and reasonableness.'" *See Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (quoting *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In this District, when determining whether to grant a motion to stay pending a dispositive motion, Courts evaluate



VP/#75168806.1

whether the motion is truly dispositive of the case. *See Echevarria v. Expedia Group, Inc.*, 2025 WL 3496164 (S.D. Fla Dec. 4, 2025).

## ARGUMENT

### I. THERE IS GOOD CAUSE TO STAY CLASS DISCOVERY AND LIMIT DISCOVERY TO MR. WILSON'S INDIVIDUAL CLAIMS.

In the context of a motion to say discovery pending a dispositive motion, "[f]or a stay to be warranted, the moving party must show that (1) they will be prejudiced, (2) the pending motion is clearly meritorious and case dispositive, and (3) any prejudice to the non-moving party is outweighed by the possibility the motion will be dispositive." *Letidas Logistics, LLC v. Citibank, N.A*, 2024 WL 6468422 at *2 (S.D. Fla, Oct. 21, 2024), *quoting Turner v. Costa Crociere S.P.A., 2020 WL 9071486*, at *4 (S.D. Fla. Aug. 23, 2020). Here, the three factors weigh in favor granting a limited stay of class discovery pending Defendant's Motion for Summary Judgment. Accordingly, the Court should grant this motion and issue a limited stay of class discovery pending a Motion for Summary Judgment from Defendant on Plaintiff's individual claims.

#### A. Expensive and Burdensome Class Discovery will Prejudice Defendant.

Plaintiff's discovery seeks voluminous information related to all phone numbers that received marketing materials related to the services offered by MIA Aesthetics Services. Defendant will be required to expend considerable time, energy, and resources to respond to this discovery, and in doing so, Defendant would be potentially be forced to produce documents which reveal the confidential information relating to its client and potential clients. This frivolous lawsuit has already caused significant expenses and time burdens to Defendant, and being forced to engage



VP/#75168806.1

in frivolous class discovery would be incredibly prejudicial to the company and its employees that are dealing with this bogus suit.

**B. Defendant's Forthcoming Motion for Summary Judgment is Meritorious and Will Resolve the Entire Case.**

The second factor identified in *Letidas Logistics* also weighs in favor of a stay. Mr. Wilson's express invitation or permission to contact him defeats both his claims, so the forthcoming motion for summary judgment is meritorious and will be dispositive of the entire case.

The TCPA's implementing regulations prohibit initiating "any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. . . ." 47 C.F.R. § 64.1200(c)(2). By statute, "[t]he term 'telephone solicitation' . . . does not include a call or message . . . to any person with that person's prior express invitation or permission[.]" 47 U.S.C. § 227(a)(4)(A); *see* 47 C.F.R. § 64.1200(f)(15)(i) (also defining "telephone solicitation" to exclude a call or message to any person "with that person's prior express invitation or permission").

Regardless of what Mr. Wilson can prove—that his number was on the Registry, that he received the messages described in the complaint, or that he found the messages annoying—his TCPA claims will fail if the solicitations came at Mr. Wilson's prior express invitation or permission. *See* 47 C.F.R. § 64.1200(c)(2)(ii). Here, the solicitations sent by MIA Aesthetics Services, which is a separate entity from the Defendant, were only sent because Mr. Wilson, or

someone on his behalf purporting to be Angeline Treffry[1], requested to receive information and input the following information into MIA Aesthetic Service's website: The telephone number (541)-999-9999 and angelitreff@gmail.com. *See* Ex. 1. As noted above, Plaintiff recently brought suit in this District against Icon Creative Consulting, Inc., after he received promotional material.







---

[1] An internet search reveals than an Angeline Treffry lives in Oregon, where Plaintiff has filed numerous TCPA related suits, and upon information and belief resides. Ms. Treffry lives in or around the region in Oregon with the area code (541).

Case 6:26-mc-00030-DMC Document 36-15 Filed 01/13/2026 Page 10 of 13

Above is a side-by-side of the message at issue in the case Plaintiff filed against Icon Creative Consulting, Inc. Either Plaintiff is involved in a scheme to invite solicitations from cosmetic surgery centers, or Plaintiff has the terrible luck of continually receiving cosmetic surgery solicitations directed at different unknown women, who both happened to input his personal phone number into plastic surgery centers' websites. Defendant submits the former is the case in this situation.

The sheer magnitude of the number of TCPA class action that Plaintiff has filed tells the story. Likewise, here, Mr. Wilson's activities left a digital trail. Defendant is in the process of marshaling evidence that will help show that Mr. Wilson, or someone on his behalf, made the request for information. Thus, Defendant will demonstrate that Mr. Hewett signed up for the messages. Further demonstrating Plaintiff's malintent behind this lawsuit, Plaintiff's own Facebook posts show him bragging about bringing TCPA class actions. His comments included that he "signs several new claims each week" and his phone number was "going to be another steady source of income for him."




### C. Plaintiff Will Suffer no Prejudice from a Limited Class Discovery Stay

Plaintiff will not suffer any prejudice from a limited class discovery stay pending a ruling Defendant's forthcoming Motion for Summary Judgment. Plaintiff's motivations for this suit are entirely clear when considering his own comments on social media. He does not care about gathering class information to redress harm that him and others similarly situated to him are experiencing—he is looking for a way to monetize the legal system. And he believes he has done that through TCPA class actions. Further, the proposed limited stay will not prevent Plaintiff on conducting discovery on his individual claims. Assuming the Plaintiff experiences any prejudice



VP/#75168806.1

from a limited class discovery stay—which Defendant strongly asserts there is none—that prejudice does not outweigh the prejudice that Defendant will suffer. Defendant will be forced to expend considerable time, effort, and resources to respond to burdensome and voluminous discovery in a class action that has been purely manufactured by Plaintiff.

## CONCLUSION

The Court should grant Defendant's Motion to Stay Class Discovery because all three *Letidas Logistics, LLC*, factors are present in this case. Accordingly, good cause exists to stay the case pending the outcome of Defendant's Motion for Summary Judgment. This case has been manufactured by the Plaintiff and the undisputed evidence will show the same. Defendant's forthcoming Motion for Summary Judgment will dispose of Plaintiff's case on the merits. Without any claims, he cannot serve as a class representative.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a), on February 13, 2026, the undersigned hereby certifies that as counsel for the Moving Defendant, attempted to confer with counsel for Plaintiff Chet Michael Wilson regarding the relief requested in this motion. Counsel did not respond to the request for consent prior to filing this motion.

Respectfully submitted,

VEDDER (FL), LLP
600 Brickell Avenue, Suite 1500
Miami, Florida 33131
Phone: +1 (786) 741 3250

By: /s/ *Javier A. Lopez*______
Javier A. Lopez
jlopez@vedder.com
Florida Bar No. 16727
Marcel De La Cruz
mdelacruz@vedder.com
Florida Bar No. 1038845

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on February 13, 2026, a true and correct copy of the foregoing document was served via e-mail on counsel of record.

By: /s/ *Javier A. Lopez*______
Javier A. Lopez



VP/#75168806.1

# EXHIBIT 1

As of 2025-10-24 15:22:47 Eastern Standard Time/EST • Generated by Mia Aesthetics

Filtered By
Show: All web form submissions
Phone Number equals 5419999999

| Web Form Submission Name | Web Form Submission ID | Meta Lead ID | Created Date | Created By: Full Name | Last Modified Date | Last Modified By: Full Nan | First Name | Last Name | Email | Phone Number | ZIP Code | Preferred Language | Procedure of Interest | Text Deals and Promotion | Email Latest Specials | Text Appointment Remind | Google Analytics Campaign | Google Analytics Content | Google Analytics Medium | Google Analytics Source | Google Analytics Term |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WF-2025-1729838 | aKgPJ000005ROcr | 762361286365292 | 7/5/2025 | API User | 7/5/2025 | API User | Angeline | Treffry | angelitreff@gmail.com | 5419999999 | 97639 | English | Liposuction | TRUE | TRUE | TRUE | Lead Form - 2025 - National Lead Generating | F_21-55_Mom_USA | Paid social | Facebook-Instagram-Form | CM RT6 V3 40s_Sign Up_08/22/2024_USA |
| **Total** Sum | | | | | | | | | | | | | | 1 | 1 | 1 | | | | | |
| Count | 1 | | | | | | | | | | | | | | | | | | | | |

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24103-LEIBOWITZ/AUGUSTIN-BIRCH**

CHET MICHAEL WILSON, individually and
on behalf of all others similarly situated,

Plaintiffs,

v.

MIA AESTHETICS HOLDINGS, LLC,

Defendant.
_______________________________________/

**DECLARATION OF CHRISTIAN ALVAREZ IN SUPPORT**
**OF DEFENDANT'S MOTION TO STAY CLASS DISCOVERY**

Christian Alvarez, Authorized Representative of Defendant MIA Aesthetics Holdings, LLC ("Mia Holdings") who being first duly sworn, upon their oath, deposes and states as follows:

1. I am over the age of 18 years. I am an authorized representative of Mia Holdings. I am a duly authorized to make this Declaration on behalf of Mia Holdings, and have personal knowledge about the facts contained herein. As appropriate this Declaration makes reference to certain documents to which I also have personal knowledge of.

2. Mia Holdings does not provide any services.

3. Mia Holdings does not engage in, or perform, any marketing or telephone solicitation for any goods or services.

4. MIA Aesthetic Services, LLC ("Mia Services") is a non-clinical Management Services Organization (MSO) that provides backend administrative support services to the various Mia Aesthetics clinics (i.e., IT, accounting, human resources, payroll, etc.).

5. Cell phone users can sign up to receive offers and promotional materials related to the services offered by Mia Services.

6. Mia Services sends promotional material only upon the request of an individual who registers a cell phone number or email.

7. Individuals can submit information through an online web form requesting information about the services offered by Mia Services. The form includes consent language authorizing contact by live agent and automatic telephone dialer for informational and promotional purposes.

8. Upon submission, of an online a fully automated SMS confirmation message is sent to the requesting individual. The message requires the individual to confirm their opt-in (a double opt-in). Promotional SMS messages are sent only after opt-in confirmation.

9. After the opt-in SMS is sent, an automated customer service message is also sent with next steps for scheduling a consultation.

10. After a web form submission and confirmation, agents attempt manual outbound calls up to four (4) times. No calls are placed before a web submission form.

11. If the lead is not reached after four manual attempts, the record becomes eligible for the built-in auto dialer.

12. The dialer may place up to three (3) automated call attempts.

13. If a call is answered, it is immediately routed to a live agent. No prerecorded messages are played.

14. On July 5, 2025, through a web form submission, someone purporting to be named Angeline Treffry, signed up to receive information from Mia Services at (541)-999-9999 and angelitreff@gmail.com.

15. Between July 5, 2025, and July 28, 2025, two messages were transmitted to the (541) number via text message. The first message, which as an automated SMS asked for confirmation that the recipient of the message wanted to receive promotional information from Mia Services. The second message directed at Angeline, contained a link with a questionnaire for perspective new customers.

**AFFIRMATION UNDER OATH**

I Christian Alvarez, hereby affirm that the information in the foregoing declaration is true and correct to the best of my knowledge, and make that affirmation pursuant to 18 U.S.C Section 1621.

Christian Alvarez