**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| *In re* SUBPOENA TO HEIDARPOUR LAW FIRM, PLLC. | Case No.: 6:26-mc-00830-MC |
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>Defendant. | Underlying action:<br><br>United States District Court for the District of Oregon Eugene Division<br><br>Case No. 6:25-cv-01869-MC |

**<u>DECLARATION OF MATTHEW LAROCHE</u>**

Matthew Laroche, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a partner at the firm Milbank LLP, counsel for Non-Party Heidarpour Law Firm, PLLC ("HLF"). I submit this declaration in support of HLF's Response to Defendant's Notice (ECF No. 34). Unless otherwise stated herein, the facts set forth in this Declaration are based on my personal knowledge, and if called to do so, I could testify competently to the facts stated herein under oath.

2. On September 23, 2026, HLF produced to Freeway nearly 2,000 pages of documents, a 7,152-entry privilege log, and an index tying HLF's documents to each of Freeway's requests, under cover of a letter responding to Freeway's accusations and enclosing information and materials beyond what Freeway's first subpoena required. In that cover letter, HLF asked Freeway to review the production and to confer before raising any further issues with the Court. HLF's

September 23 production included SignNow audit logs for 131 engagement agreements and nearly 70 settlement agreements reflecting that Mr. Wilson received, reviewed, and signed each agreement, including his August 2025 engagement agreement, from his own account and from IP addresses distinct from HLF's.

3. Many of Mr. Wilson's settlement agreements contain confidentiality provisions that protect the settling parties. Consistent with those provisions, HLF gave the settling parties notice so that they could raise any objection before production, and HLF produced each agreement as soon as the settling party confirmed that it did not object. On September 18, 2026, before HLF made its production, Freeway's counsel confirmed in writing that Freeway would not assert that HLF did not fulfill its production obligations by withholding those agreements while the objecting parties confer with Freeway or raise any issues with the Court.

4. HLF explained to Freeway in writing on more than one occasion, including in its September 23 production cover letter and its October 14, 2026 letter, that the settlements reflected in HLF's production were negotiated by litigation counsel, not by HLF, at times through formal mediation, with represented defendants who understood how each settlement would be allocated, including defendants represented by Freeway's counsel in this matter. HLF's own interest in the filed matters was a 30% share of the attorneys' fee component.

5. On October 16, 2026, Freeway served a second subpoena on HLF and twenty-one additional subpoenas: subpoenas to three of Plaintiff's attorneys, one of whom has appeared for Plaintiff in this action, and subpoenas to eighteen third-party vendors.

6. On November 2, 2026, the parties conferred regarding Freeway's vendor subpoenas, and HLF responded to each of the points Freeway had raised in its October 23 position.

7. On November 3, 2026 at 7:17 p.m., my firm sent counsel for Freeway a proposed joint email to the Court's Courtroom Deputy setting out HLF's position on the parties' discovery disputes, and requested Freeway to add its own position. In that proposed joint email, HLF stated that "no further discovery from HLF" is warranted and requested that compliance with Freeway's third-party vendor subpoenas be held in abeyance only as to information concerning HLF clients other than Mr. Wilson. Freeway replied that it would work on the submission and circulate its position, and on the morning of November 6, 2026, Freeway's counsel wrote that Freeway would get HLF its position that day and would send its statement shortly. None of Freeway's messages mentioned that Freeway intended to make a filing.

8. On November 6, 2026 at 6:14 p.m., counsel for Freeway provided HLF Freeway's position for the joint submission. Freeway's position stated that HLF "asks the Court to declare that 'no further discovery' is warranted" and that HLF "seeks to shut down subpoenas to third parties who are eager to cooperate." Freeway's position also cited "Freeway's Notice of New Evidence, ECF No. 34," even though Freeway did not file the Notice on the docket until later that evening, less than an hour after it sent its position.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this Declaration was executed on November 9, 2026.

Date: November 9, 2026

Matthew Laroche