# EXHIBIT 2

## James Ruley

**From:** Farag, Peter <pfarag@milbank.com>
**Sent:** Monday, November 9, 2026 6:31 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>; James Ruley <jruley@wtlaw.com>; Laroche, Matthew <MLaroche@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Andrew Perrong <a@perronglaw.com>; Katyal, Neal <nkatyal@milbank.com>
**Subject:** RE: HLF/Freeway Joint Email to Judge McShane

[Warning – external]

Ryan,

If Freeway sends the joint email, please include the following as HLF's position, in place of our November 3 draft:

**HLF's Position. Freeway disregarded the Court's procedures for discovery disputes by filing Friday's Notice, ECF No. 34. HLF's position on those disputes, including the third-party subpoenas, is set out in its filing of today, ECF No. 38. HLF respectfully requests the relief set forth in that filing and will make itself available at the Court's convenience.**

Please send us the final version before it goes to the Court if you are making changes to your position from Friday evening.

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Monday, November 9, 2026 3:21 PM
**To:** James Ruley <jruley@wtlaw.com>; Laroche, Matthew <mlaroche@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Rebecca Rhym <rrhym@wtlaw.com>; Andrew Perrong <a@perronglaw.com>; Katyal, Neal <nkatyal@milbank.com>
**Subject:** [EXT] Re: HLF/Freeway Joint Email to Judge McShane
**Importance:** High

Matt and Peter,

On Tuesday at 7 p.m., HLF sent its position on the third-party subpoenas. On Friday, you told us the joint email needed to go to the Court "as soon as possible" and demanded our position. So we stopped what we were doing and sent you Freeway's position that same day. We haven't heard back. Instead, HLF filed a "Request for Relief" in the miscellaneous proceeding this afternoon. In it, HLF asks the Court to rule on discovery to different third parties in a different case, one in which neither HLF nor Milbank has appeared.

That is gamesmanship. After waiting 11 days to respond to us about those subpoenas, HLF drafted the joint email to the Court on them, dictated the schedule on which it must be sent to the Court, and insisted it was urgent. Once it had both sides' positions, it didn't send the email. It filed a brief instead, asking for the same relief with only HLF's side in front of the Court. There's no motion and no LR 7-1(a) conferral certification. And the request is folded into a response, which LR 7-1(b) doesn't allow.

The brief then tells the Court that Freeway "deprived the Court of the joint presentation of positions it asked for." HLF is the one holding that joint presentation. The brief also says we cancelled the October 29 conference to buy time for the notice—even though you know that (a) was OUR conference that we scheduled to discuss only our issues with HLF's discovery, and (b) we cancelled it because James's baby was sick.

HLF took eleven days to respond to our October 23 position on these subpoenas. It gave us less than three business days, called it urgent, and then sat on the fully drafted conferral email. The purpose of a one-sided request is obvious: HLF wants the vendor subpoenas paused before the Court sees why they matter.

Please send HLF's final draft by 7 p.m. ET today. If we don't have HLF's final draft by then, we will send the joint email to the Court ourselves, using HLF's November 3 position and Freeway's position from Friday. We will explain that HLF is trying to get around the Court's process.

I'm also copying your colleague, Neal. He is listed as lead counsel in the case and everything is filed under his name. Yet we've never received a single email from him and he's not been on a single one of our half-dozen or so calls. To avoid giving the Court the impression that he's on this case for appearance purposes only—which we're sure is not correct—we think it's only right that you keep him included in these emails.

Best,
-Ryan

Ryan D. Watstein (bio)
WATSTEIN TEREPKA LLP
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

---

**From:** James Ruley <jruley@wtlaw.com>
**Date:** Friday, November 6, 2026 at 6:14 PM
**To:** Laroche, Matthew <mlaroche@milbank.com>; Farag, Peter <pfarag@milbank.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>; Rebecca Rhym <rrhym@wtlaw.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** Re: HLF/Freeway Joint Email to Judge McShane

Hi Peter and Matt,

Please find Freeway's position attached.

Best,

James

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Date:** Friday, November 6, 2026 at 12:53 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Andrew Perrong <a@perronglaw.com>
**Subject:** Re: HLF/Freeway Joint Email to Judge McShane

In other words, by your own timeline, you waited 10 days instead of 11 to respond to our position on your request, which subsequently became urgent as third parties began producing the very "forensic evidence" you said you'd produce but now won't. Since we now know that third-party evidence corroborates the eight-figure fraud your client perpetrated using the auspices of the Court, it's no wonder you want to shut those subpoenas down.

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Date:** Friday, November 6, 2026 at 12:39 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>; Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Andrew Perrong <a@perronglaw.com>
**Subject:** RE: HLF/Freeway Joint Email to Judge McShane

[Warning – external]

Ryan,

We responded to all the points in your email during our meet and confer on Monday (which again we pushed from Thursday to accommodate your team), so I don't know what you mean by we never responded or didn't provide our position until November 3.

We look forward to receiving your position.

Best,

Matt

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Friday, November 6, 2026 12:16 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Andrew Perrong <a@perronglaw.com>
**Subject:** [EXT] Re: HLF/Freeway Joint Email to Judge McShane

Matt,

I was working on our position statement when you emailed, but I'm taking time away from that because your email misstates the record in a way that must be corrected. Below is the actual timeline.

On 10/20, James asked for your availability to confer on HLF's supplemental production and the correspondence accompanying it. On 10/22, Peter provided availability, and we scheduled it for 10/29.

Separately, you sent us a letter on the vendor subpoena on 10/22. I responded immediately, on 10/23, explaining our position in substantive detail. HLF didn't say "I think we have a dispute, let's go to the court so here's our position statement." In fact, you never responded at all and still haven't to this day.

On 10/29, and still without any response to our detailed position on the third-party subpoena issue, James emailed you to move *our conferral* that *we requested* about HLF's deficiencies to the following Monday because of a sick child. You responded that same day, suggesting pushing that conferral out even *further* so that we could review HLF's R&Os to the second subpoena before the call. We said that was fine and set the conferral for 11/5.

In the meantime, on 10/30, Peter wrote asking to talk about the third-party subpoenas sooner, on Monday or Tuesday of this week. I accommodated that while James was out sick and we conferred on Monday, 11/2—the first date you proposed. You then sent your position statement on the subpoena issue at 7 pm on 11/3, a full *eleven days* after we gave you our position on the third-party subpoenas: why they are relevant, that HLF has no standing, etc.

And that brings me full circle to your statements below. You say you want our "position today, particularly given that we agreed to push the meet and confer from last Thursday to Monday in light of a family illness." I'm surprised you would make such a disingenuous statement. As explained above, that was *our* conferral about *HLF's deficiencies* that was moved—and it was moved even further at your suggestion. The conferral about the subpoena occurred on Monday, which I accommodated at your request.

You also say "none of this has to be urgent if you agree to pause compliance for the non-Wilson numbers while we work this out. And if you're not willing to do that, it really just looks like you're trying to run out the clock on us." We agree this is not "urgent," as HLF has not treated it as such. I gave you our position within 24 hours of you raising an issue with the third-party subpoenas. You never responded. When you asked for a conferral on it, I accommodated it at the earliest time you gave. Then you sent us your position a full 11 days after I explained why we would not withdraw the subpoenas.

Despite all this, I already said we'd get you our position today and we will do so shortly.

In the meantime, please see the first third-party subpoena response that came in last night, from Attentive. As you'll see, it shows exactly what we predicted: a baseline opt-in rate for both Wilson and Taylor that ***doubled*** while represented by HLF and then returned to its pre-HLF baseline as soon as we called fraud. According to statistics, the chances of that being an anomaly is 1 in 500.

This only makes the subpoenas more appropriate. We'll send our statement shortly.

Best,

-Ryan

Ryan D. Watstein (bio)
WATSTEIN TEREPKA LLP
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

---

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Date:** Friday, November 6, 2026 at 11:13 AM
**To:** Ryan Watstein <Ryan@wtlaw.com>; Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Andrew Perrong <a@perronglaw.com>
**Subject:** RE: HLF/Freeway Joint Email to Judge McShane

[Warning – external]

Thanks Ryan. As you note, the return dates have not passed, and we sent you a letter before the objection dates passed. We'd appreciate getting your position today, particularly given that we agreed to push the meet and confer from last Thursday to Monday in light of a family illness. And as Peter said below, none of this has to be urgent if you agree to pause compliance for the non-Wilson numbers while we work this out. And if you're not willing to do that, it really just looks like you're trying to run out the clock on us. There is no apparent discovery deadline and no risk that the Court won't allow the third parties to comply if the Court believes the subpoenas are appropriate.

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Friday, November 6, 2026 11:03 AM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** [EXT] Re: HLF/Freeway Joint Email to Judge McShane

And to be clear, I meant the objection dates passed.

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Date:** Friday, November 6, 2026 at 10:42 AM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>

**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** Re: HLF/Freeway Joint Email to Judge McShane

You sent us your position at 7 pm on Tuesday, after the subpoena return dates had passed. Two business days have elapsed. We are working on it and will get you our position today.

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Friday, November 6, 2026 at 10:02 AM
**To:** Ryan Watstein <Ryan@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** RE: HLF/Freeway Joint Email to Judge McShane

[Warning – external]

James & Ryan,

If you are willing to pause on the third-party subpoenas then sending our joint email to the Court is not urgent. However, if you are *not*, we need to notify the Court as soon as possible.

We sent you our position on Tuesday. Please send us your position **as soon as possible.**

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Wednesday, November 4, 2026 2:55 PM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** [EXT] Re: HLF/Freeway Joint Email to Judge McShane

Thanks, Peter. We'll work on this today/tomorrow and circulate our position.

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Tuesday, November 3, 2026 at 7:17 PM
**To:** James Ruley <jruley@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** HLF/Freeway Joint Email to Judge McShane

[Warning – external]

Ryan & James,

Attached is a draft joint email to Judge McShane's courtroom deputy, which includes HLF's position. We hope you will agree to hold the third-party subpoenas in abeyance as to the non-Wilson information. If you do not agree, we intend to ask the Court for that relief.

Before we send the email to the Court, please share your position with us. We reserve the right to adjust our position after we see your draft.

I am copying Andrew Perrong for his visibility.

Best,

Peter

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.