# EXHIBIT 3

**Joint Email to the Courtroom Deputy**

**Subject:** In re Subpoena to Heidarpour Law Firm, PLLC, No. 6:26-mc-00830-MC — Request for Telephone Conference re: Discovery Dispute

Dear Chambers:

Pursuant to Judge McShane's practices, we write jointly on behalf of Petitioner Non-party Heidarpour Law Firm, PLLC ("HLF") and Respondent Freeway Insurance Services of America, LLC ("Freeway") to raise a dispute regarding the appropriate scope of discovery in the above-referenced matter. The parties have conferred in good faith but have been unable to resolve their disagreement, and they respectfully request a telephone conference with the Court.

The parties disagree about whether, following HLF's productions in response to the first subpoena, Freeway may obtain further discovery from HLF through a second subpoena and from twenty-one other non-parties it subpoenaed on October 16, including vendor records concerning individuals other than Mr. Wilson. The parties set out their respective positions below.

**HLF's Position.**

HLF has complied with the Court's August 24 Order, and no further discovery from HLF is warranted. At a minimum, the sweeping discovery Freeway now seeks from HLF and twenty-one other non-parties far exceeds anything the Court has considered.

On August 24, 2026, the Court denied HLF's motion to quash the first subpoena's twelve requests, each limited to Mr. Wilson, the Subject Number, or Freeway and each seeking only documents "sufficient to identify" discrete facts, and encouraged the parties to "narrow or refine" them. On September 23, HLF produced nearly 2,000 pages, a 7,152-entry privilege log, an index tying documents to each request, and a letter addressing each of Freeway's accusations. Freeway asserted deficiencies on October 2. On October 14, HLF responded point by point in a twelve-page letter, made a supplemental production, and invited further conferral. Two days later, without responding, Freeway served twenty-two new subpoenas: a second subpoena to HLF, subpoenas to three attorneys, one of whom represents Plaintiff in this action and two others who have represented Plaintiff in other matters, and subpoenas to eighteen vendors.

The new subpoenas bear little resemblance to the discovery the Court considered. The second subpoena demands "[a]ll Communications" and "[a]ll Documents" across every TCPA matter involving Mr. Wilson or the Subject Number since 2023; a "complete export or log" of HLF's

communications with Mr. Wilson and his co-counsel, “whether or not” privileged; HLF’s timesheets and personnel and compensation records; records of a different law firm dating to 2012; and “[a]ll other Documents” demanded in Freeway’s October 2 email, which HLF already addressed. The vendor subpoenas seek records about individuals other than Mr. Wilson, and Freeway has said it will subpoena more.

This is not the discovery Freeway described to the Court. At the August 19 hearing, Freeway described the discovery it needed as “very limited” and “targeted,” and said that “60 days is all we asked for.” The Court called for “relatively robust” discovery regarding HLF and this litigation, and asked the parties to bring any dispute over “how far” that discovery should go to the Court. The only discovery from HLF the Court has addressed to date is the twelve requests in its August 24 Order, and HLF has complied with that Order.

HLF respectfully requests a conference to address whether any further discovery is warranted and, if so, its appropriate scope, and asks that compliance with the third-party subpoenas, to the extent they seek information unrelated to Mr. Wilson’s claims against Freeway, be held in abeyance until then.

**Freeway’s Position.** [XX]