**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

*In re* SUBPOENA TO HEIDARPOUR LAW FIRM, PLLC.

---

CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FREEWAY INSURANCE SERVICES OF AMERICA, LLC,

Defendant.

Case No.: 6:26-mc-00830-MC

Underlying action:

United States District Court for the District of Oregon Eugene Division

Case No. 6:25-cv-01869-MC

**SUPPLEMENTAL DECLARATION OF ANDREW HEIDARPOUR**

Andrew Heidarpour, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am an attorney and the principal of Heidarpour Law Firm, PLLC ("HLF"). I submit this declaration in support of HLF's Response to Defendant's Notice of New Evidence (ECF No. 34). I make this declaration based on my personal knowledge, and if called to testify, I could and would testify competently to the matters stated below. I do not, by this declaration, disclose the substance of any privileged communication or attorney work product, and I expressly preserve all privileges, immunities, and protections asserted in HLF's responses and objections.

2. I am barred in the District of Columbia, remain in good standing, and have never been disciplined or sanctioned for my conduct as an attorney.

3. Over the course of HLF's nine years of practice, HLF has handled approximately 4,000 matters involving unwanted telemarketing. The vast majority of those matters were resolved without litigation. Of the claims HLF has referred to other counsel for litigation, the majority have been resolved favorably for the client. To my knowledge, no court has ever found that HLF fabricated an opt-in or manufactured a claim.

4. I understand that Freeway has suggested that HLF is involved in submitting opt-ins on a client's behalf. To be clear, HLF does not create or submit opt-ins or lead forms on any person's behalf. HLF also has never instructed a client to submit opt-ins or lead forms to generate potential TCPA claims. Neither I nor anyone at HLF or acting on its behalf has ever fabricated, altered, or forged any client engagement, signature, authorization, opt-in, or settlement document, or manufactured any claim, including in the matters Freeway identifies in its Notice.

5. I also understand that Freeway has made arguments concerning the MAH Group opt-in. HLF first received information about text messages Mr. Wilson received from MAH Group, Inc. (d/b/a WolfPak) on January 3, 2025, when Mr. Wilson sent HLF screenshots of text messages he had received, including a screenshot showing MAH Group's telephone number. HLF sent MAH Group a cease-and-desist letter on May 9, 2025. Mr. Wilson executed an engagement letter for that matter on May 17, 2025, and the complaint was filed on May 19, 2025. Mr. Wilson continued to receive approximately 130 unsolicited texts from MAH Group following HLF's cease-and-desist letter, many of which were received after the complaint was filed against MAH Group.

6. I also understand that Freeway has argued that HLF-referred claims have decreased since Freeway's counsel started claiming HLF engaged in misconduct. As an initial matter, HLF continues to receive a steady and substantial volume of unsolicited inquiries from members of the

public seeking help with unwanted calls and text messages. HLF keeps records of those inquiries in the ordinary course of its business, and I have reviewed them. For example, HLF's telephone records reflect more than 4,800 incoming calls between July 1 and November 10, 2026, and during that same period HLF's website intake form received more than 1,100 written inquiries from prospective clients. These inquiries continue to arrive on a daily basis. In the two weeks before this declaration alone, HLF received more than 470 incoming calls and more than 100 inquiries through its website.

7. As a result of Freeway's accusations, HLF has been less active in referring claims. I have been told by referral counsel that they are disinclined to work with HLF while these accusations remain pending. I have also been less active in trying to refer cases because I have devoted a great deal of time to addressing the accusations Freeway has made against HLF and me personally. For example, in several pending cases, opposing counsel have made discovery requests similar to those made by Freeway, citing Freeway's accusations as the basis for them. At the same time, I have evaluated many of the matters about which prospective clients have recently contacted HLF, and I believe at least some involve viable claims, but HLF has been unable to place them.

8. I also understand that Freeway has made accusations about the role of my mother, Farideh Heidarpour, at HLF. Ms. Heidarpour is an HLF employee who principally performs secretarial services, such as answering calls; assists with client intake; and, at times, communicates with clients under my direction and supervision. This has included communicating directly with Mr. Wilson. No portion of any fee or settlement in any matter involving Mr. Wilson has been paid or allocated to Ms. Heidarpour.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: November 16, 2026

*/s/ Andrew Heidarpour*
Andrew Heidarpour