# Exhibit A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Oregon

CHET MICHAEL WILSON,
*Plaintiff*
v.
FREEWAY INSURANCE SERVICES OF AMERICA, LLC,
*Defendant*

Civil Action No. 6:25–cv–01869–MC

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Heidarpour Law Firm
1300 Pennsylvania Ave NE, Washington, D.C. 20004

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: See attached Exhibit A herein. | Date and Time: 06/19/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and/or video recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A herein.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/20/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Ryan D. Watstein

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Freeway Insurance Services America, LLC, who issues or requests this subpoena, are:

Ryan Watstein, Watstein Terepka, LLP, 75 14th St NE, Ste 2600, Atlanta, GA 30309, Tel. 404-782-0695.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:25–cv–01869–MC

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. The terms "You" and "Your" mean the Heidarpour Law Firm and any other persons or entities acting on its behalf or at its direction with respect to the subject matter of any Request (including its attorneys, employees, paralegals, legal assistants, agents, contractors, consultants, representatives).

2. The term "Class Action" refers to the case captioned *Chet Michael Wilson v. Freeway Insurance Services of America, LLC*, No. 6:25-cv-1869-MC (D. Or. Oct. 12, 2025).

3. The term "Freeway" means Freeway Insurance Services of America, LLC, the defendant in the Class Action.

4. The term "Wilson" means Chet Michael Wilson, the named plaintiff and putative class representative in the Class Action.

5. The term "Subject Number" means the telephone number 541-999-9999.

6. The terms "Person" or "Persons" means or refers to any natural person or legal entity, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and governmental bodies.

7. The terms "Document" and "Documents" includes any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies and drafts, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda

and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, interoffice communications, electronic mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or un-cancelled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents. The terms "document" and "documents" also mean any and all computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magneticoptical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files.

8. "Relate to" means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent.

9. The term "Refer to" or "Referring to" means in any way referring to, relating to, reporting on, with respect to, showing or indicating knowledge of, pertaining to, having to do with, having any relationship or connection to, containing, mentioning, describing, disclosing,

summarizing, rephrasing, memorializing, describing, analyzing, showing, or in any manner bearing on the stated matter, fact, or thing.

10. The terms "Concern" or "Concerning" mean Relating to, Referring to, describing, evidencing or constituting.

11. The term "Evidence" or "Evidencing" means in any way supporting, demonstrating, embodying, representing, exemplifying, signifying, constituting, consisting of, comprising, being the equivalent or equal to, or establishing any reasonable, logical or causal connection to the stated matter, fact, or thing.

## INSTRUCTIONS

1. These instructions are subject to the definitions set forth in the preceding "Definitions" section of this Exhibit A.

2. If any Documents or things, the production of which is requested herein, are withheld under a claim of privilege, please provide the following information with respect to each such Document or thing:

a. the type of Document or thing, its general subject matter, and the place and approximate date it was prepared or created;

b. the name and title of each person who prepared or created the Document or thing, and the name and title of each other Person who has received or examined the Document or thing or a copy thereof;

c. the type of privilege claimed;

d. a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or only to part of the Document or thing; and

e. the numbers of each specification or Request to which the Document or thing otherwise would be responsive.

3. If any of the Documents requested by a Request are not within your possession, please describe in detail the efforts you made to locate or obtain the Documents, together with its likely source. If any portion of any Request refers to information or Documents that you are aware of but are not within your possession, identify each Person in possession of the information and each Document in a manner sufficient to describe such Documents for the purpose of preparing and serving a proper subpoena duces tecum, and identify the name, telephone number, and address of the Person last known by You to have been in possession, custody, or control of such documents.

4. If it is maintained that any Document that is requested has been destroyed, set forth the contents of the Document, the date of such destruction, and the name of the Person who authorized or directed such destruction.

5. These Requests are intended to be continuing in nature and any responsive documents which may be discovered subsequent to the initial production should be produced within a reasonable time following such discovery.

6. Any pronoun should be construed as singular or plural and is included in the masculine, feminine, or neuter to the extent necessary or appropriate to render the Interrogatory as broad and inclusive as reasonably possible.

7. The use of the present tense includes the past tense, and the use of the past tense includes the present tense, to be inclusive of any information that may otherwise be excluded.

8. The connectives “or” and “and” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The terms “all,” “any,” and “each” shall each be construed as encompassing any and all.

## REQUESTS

1. Documents sufficient to identify the date on which You first became aware of any communication sent by Freeway to the Subject Number, including the source of that information and how it was brought to Your attention.

2. Documents sufficient to identify the date on which You first communicated with Wilson concerning Freeway.

3. Documents sufficient to identify the date on which You first referred, transmitted, or otherwise provided any potential claim by Wilson against Freeway to any attorney, law firm, investigator, consultant, vendor, or other Person.

4. Documents sufficient to identify each Person who accessed, monitored, reviewed, searched, downloaded, exported, or otherwise used any iCloud account, Apple account, email account, cloud-storage account, device, message database, call log, voicemail account, or other account associated with Wilson or the Subject Number.

5. Documents sufficient to identify the date, time, IP address, device, browser, application, user agent, geographic location, and method of access for each instance in which You or any Person acting on Your behalf accessed, monitored, reviewed, searched, downloaded, exported, or otherwise used any iCloud account, Apple account, email account, cloud-storage account, device, message database, call log, voicemail account, or other account associated with Wilson or the Subject Number.

6. Documents sufficient to identify each username, login credential, authentication method, access token, shared credential, password-management tool, device, software, or platform

You used to access, monitor, review, search, download, export, or otherwise use any account or device associated with Wilson or the Subject Number.

7. Documents sufficient to identify each Person who performed technical, forensic, data-mining, claim-identification, message-monitoring, intake, or lead-review work for You concerning Wilson or the Subject Number.

8. Documents sufficient to identify the date on which any potential claim by Wilson against Freeway was first referred by You to any attorney or law firm other than You.

9. Documents sufficient to identify any agreement, understanding, referral arrangement, fee-sharing arrangement, co-counsel arrangement, consulting arrangement, or other financial interest You have or had in any claim by Wilson against Freeway.

10. Documents sufficient to identify any agreement, understanding, referral arrangement, fee-sharing arrangement, co-counsel arrangement, consulting arrangement, or other financial interest You have or had in any TCPA claim asserted by Wilson.

11. Documents sufficient to identify each TCPA claim, demand, lawsuit, or potential lawsuit involving Wilson that You referred, assigned, transmitted, or otherwise provided to any attorney or law firm from January 1, 2023 to the present.

12. Documents sufficient to identify each letter you sent out on Wilson's behalf regarding a potential TCPA claim from January 1, 2023 to the present.

<u>**NOTICE OF DEPOSITION OF THE HEIDARPOUR LAW FIRM**</u>

**PLEASE TAKE NOTICE** that Defendant Freeway Insurance Services America, LLC, ("Defendant"), by and through its undersigned attorneys, will take the deposition of a corporate representative of the Heidarpour Law Form. The deposition shall commence **at June 19, 2026, in person at Veritext - Washington, DC, 1250 I Street NW, Suite 901, Washington, DC 20005, via Zoom or other videoconference feature, or elsewhere by agreement**, and will continue thereafter from time to time and day to day, until completed.

**NOTICE IS FURTHER GIVEN** that the deposition will be taken before a duly certified court reporter and notary public or person authorized to administer oaths.

**NOTICE IS FURTHER GIVEN** that Defendant intends to record the testimony at the above-described deposition by stenographic method, by audiotape, videotape, and/or through the instant visual display of the testimony.

**NOTICE IS FURTHER GIVEN** that Defendant reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Huseby or, in the alternative, other video teleconferencing (VTC) services to provide remote/virtual access for the parties and their counsel. Also take notice that Defendant reserves the right to record the deposition either by stenographic means by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment. Both the court reporter and digital reporter are authorized to administer the oath and serve as the deposition officer in the District of Columbia. Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above (or via telephone) for the purposes of providing the oath/affirmation to the deponent and capturing the proceeding. Defendant further reserves the right to utilize the following: (1) record the deposition utilizing audio or video technology; (2) instant visual display

such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real-time; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) to conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

**NOTICE IS FURTHER GIVEN** that this deposition will be taken for the purposes of discovery, for use at trial, and for all other purposes permitted by the Federal Rules of Civil Procedure.

## TOPICS FOR DEPOSITION

**Topic 1.** The date on which the Heidarpour Law Firm first became aware of any communication sent by Freeway to the Subject Number, including the source of that awareness, how the information was obtained or brought to the Heidarpour Law Firm's attention, and the identity of any Person who provided that information.

**Topic 2.** The date on which The Heidarpour Law Firm first communicated with Wilson concerning Freeway, the nature and substance of that communication, and the identity of any Person involved in or present for that communication.

**Topic 3.** The date on which any potential claim by Wilson against Freeway was first referred, transmitted, or otherwise provided to any attorney, law firm, investigator, consultant, vendor, or other Person, and the identity of each such recipient.

**Topic 4.** The identity of each Person who accessed, monitored, reviewed, searched, downloaded, exported, or otherwise used any iCloud account, Apple account, email account, cloud-storage account, device, message database, call log, voicemail account, or other account associated with Wilson or the Subject Number.

**Topic 5.** For each instance in which the Heidarpour Law Firm or any Person acting on the Heidarpour Law Firm's behalf accessed, monitored, reviewed, searched, downloaded, exported, or otherwise used any account or device associated with Wilson or the Subject Number: the date, time, IP address, device, browser, application, user agent, geographic location, and method of access.

**Topic 6.** Each username, login credential, authentication method, access token, shared credential, password-management tool, device, software, or platform used to access, monitor, review, search, download, export, or otherwise use any account or device associated with Wilson or the Subject Number.

**Topic 7.** The identity of each Person who performed technical, forensic, data-mining, claim-identification, message-monitoring, intake, or lead-review work for the Heidarpour Law Firm concerning Wilson or the Subject Number, and the nature of the work performed by each such Person.

**Topic 8.** The date on which any potential claim by Wilson against Freeway was first referred by the Heidarpour Law Firm to any attorney or law firm other than the Heidarpour Law Firm, and the identity of each such attorney or law firm.

**Topic 9.** Any agreement, understanding, referral arrangement, fee-sharing arrangement, co-counsel arrangement, consulting arrangement, or other financial interest that the Heidarpour

Law Firm has or had in any claim by Wilson against Freeway, including the parties, terms, and timing of any such arrangement.