# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>Defendant. | Case No.: 6:25-cv-01869-MC |

**NON-PARTY HEIDARPOUR LAW FIRM, PLLC'S RESPONSES AND OBJECTIONS <u>TO DEFENDANT'S SECOND RULE 45 SUBPOENA</u>**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Oregon (the "Local Rules"), and any other applicable law, rule, or order entered in or applicable to the above-referenced action (the "Action") and the related subpoena proceeding, *In re Subpoena to Heidarpour Law Firm, PLLC*, No. 6:26-mc-00830-MC (D. Or.) (the "Subpoena Proceeding"), non-party Heidarpour Law Firm, PLLC ("HLF" or the "Firm") submits these Responses and Objections (the "Responses and Objections") to the document subpoena served by Defendant Freeway Insurance Services of America, LLC ("Freeway") on or about October 16, 2026 (the "Second Subpoena"), including the document requests set forth in Exhibit A thereto (the "Requests"). HLF's counsel is prepared to meet and confer with Freeway regarding any disputes that may arise concerning the meaning, scope, or relevance of the Second Subpoena or of these Responses and Objections.

**PRELIMINARY STATEMENT**

HLF has responded to Freeway's discovery requests in good faith. The Court sustained the First Subpoena because its requests were limited to documents "sufficient to identify" discrete facts and did not seek HLF's legal advice. Order at 5–6, *Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25-cv-01869-MC (D. Or. Aug. 24, 2026), ECF No. 28 ("Aug. 24 Order"). HLF complied by producing nearly 2,000 pages of documents, a 7,152-entry privilege log, an index identifying the documents responsive to each request, and a detailed letter addressing each of Freeway's accusations. Freeway's October 2, 2026 email asserted that the production was deficient. On October 14, HLF responded point by point in a twelve-page letter, made a supplemental production, and invited further conferral.

Two days later, without conferring on HLF's response, Freeway served the Second Subpoena, which was one of twenty-two subpoenas Freeway served that day. The others went to three of Plaintiff's lawyers and to eighteen lead-generation, marketing, and messaging vendors. Request 19 of the Second Subpoena demands "[a]ll other Documents" that Freeway sought in its October 2 email and that HLF explained were outside the First Subpoena. That is not a proper use of Rule 45. If Freeway believed HLF's response to the First Subpoena was deficient, the appropriate course was to confer and, if necessary, present the dispute to the Court through the procedure the Court established for discovery disagreements. *See* Tr. of Oral Argument at 80–81, *Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25-cv-01869-MC (D. Or. Aug. 19, 2026) ("Hr'g Tr."). A party cannot declare a production deficient and then, rather than testing that position under the First Subpoena and the Aug. 24 Order, serve a new subpoena seeking the same materials and much more. Rule 45(d)(1) requires Freeway to avoid imposing an undue burden on a non-party, which is the opposite of what Freeway is doing now.

The Second Subpoena goes well beyond the First. Freeway told the Court that the discovery it sought was "very limited" and "targeted," and that "60 days is all we asked for." Hr'g Tr. at 13, 15, 41. The Second Subpoena instead seeks, among other things, (i) "All Documents" and "All Communications" concerning every Wilson TCPA matter since 2023; (ii) a log of every communication between HLF and its client and co-counsel, "whether or not" privileged; (iii) HLF's timesheets and personnel records; and (iv) records dating back to 2012 concerning a different law firm.

Much of this material is attorney-client privileged, work product, or common-interest material of the kind the Court recognized the First Subpoena did not reach. Much of the rest is available from Plaintiff, his counsel of record, or the third parties Freeway has already subpoenaed. And Freeway's discovery is not even limited to Mr. Wilson. Several of Freeway's October 16 vendor subpoenas seek records for telephone numbers that are not the Subject Number and that belong to other HLF clients.

Taken together, Freeway's latest discovery requests are not directed at anything relevant in this action. Freeway is on a fishing expedition into HLF's entire practice with the apparent purpose of developing claims against HLF and others. Freeway has said as much, telling HLF that it intends "to seek sanctions and potentially a civil action against HLF." Sept. 15, 2026 Email from J. Ruley. Discovery in this Action is not a vehicle for developing a separate lawsuit against a non-party.

HLF remains willing to confer on reasonable, targeted requests, but the Second Subpoena is improper. HLF responds below subject to, and without waiving, its rights to move to quash or modify the Second Subpoena under Rule 45(d)(3), to seek a protective order, and to seek costs and

fees under Rule 45(d)(1) and (d)(2)(B)(ii). Nothing in these Responses and Objections concedes any allegation of wrongdoing, all of which HLF denies.

As HLF explained to Freeway during the parties' November 2, 2026 meet-and-confer, HLF believes the most appropriate way to address the issues raised by the Second Subpoena, including its scope, is to present them to the Court. Although HLF maintains that the Second Subpoena is improper, HLF believes the Court's guidance would best help the parties address these issues going forward. HLF reserves the right to revise its positions in light of any guidance the Court provides.

## GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections (the "General Objections") apply to the Second Subpoena generally and to each Definition, Instruction, and Request. Unless otherwise stated, the General Objections have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request, and any undertaking to search for or provide information remains subject to, and without waiver of, the General Objections. The fact that a General Objection is not restated in a specific response does not waive that objection or preclude HLF from raising it later.

1. **Scope of Responses; No Waiver.** Where HLF states that it will not search for or produce documents in response to a Request, HLF is not searching for, collecting, or reviewing documents in that category on the basis of the stated objections, and accordingly is not withholding any identified document on the basis of privilege. No privilege log is required for documents HLF has not searched for. Any production or statement by HLF is made without waiving any objection, privilege, or protection, and does not concede the relevance, admissibility, or proportionality of any document or category of documents.

2. **Scope of Authorized Discovery.** HLF objects to the Second Subpoena to the extent it exceeds the discovery Freeway described to the Court and the Court permitted. Freeway told the Court that the discovery it sought was "very limited" and "targeted." Hr'g Tr. at 13, 15. The First Subpoena, which the Court sustained, sought documents "sufficient to identify" discrete facts. The Second Subpoena instead demands "all Documents" and "all Communications" across HLF's representation of Mr. Wilson.

3. **Overbreadth and Proportionality.** HLF objects to the Second Subpoena as overbroad, unduly burdensome, and disproportionate to the needs of the case. The only merits issue in the Action is whether Freeway had consent to contact the Subject Number, and on August 19, 2026, the Court denied class certification. Hr'g Tr. at 76. Even accounting for any potential motion for sanctions, the law firm-wide, privileged discovery the Second Subpoena demands is not proportional to the needs of the case. Nothing that remains in this action justifies the extensive discovery sought in the Second Subpoena.

4. **Request Reaching Any Wilson Matter; Time Period.** HLF objects to each Request that reaches "any Wilson Matter," without limitation to Freeway, the Subject Number, or the text messages at issue, and to the Relevant Period beginning January 1, 2023 (and, in Request 1, January 1, 2012). The text messages at issue were sent in June 2024, and Mr. Wilson did not retain HLF until on or about October 2024.

5. **Privilege and Protection.** HLF objects to the Second Subpoena to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the common-interest privilege. HLF specifically objects to each Request that demands communications "whether or not" HLF contends they are privileged. A subpoena cannot compel privileged material, and Rule 45 provides that privilege claims are addressed by withholding and

describing the material. HLF will not produce privileged or protected material, and any inadvertent production shall not waive any privilege or protection.

6. **Information Concerning Non-Parties.** HLF objects to the Second Subpoena to the extent it seeks information concerning persons other than Mr. Wilson, including other individuals, settlement counterparties, and recipients of pre-suit letters, the disclosure of which would implicate their privacy interests, contractual confidentiality obligations, or HLF's duties of confidentiality.

**7. Improper Purpose and Inconsistency with the Court's Procedures.** HLF objects that the Second Subpoena was served for an improper purpose and in disregard of the Court's directions for managing discovery. On October 2, 2026, Freeway sent HLF an email alleging deficiencies in HLF's production. HLF responded item by item on October 14, 2026 and made a supplemental production. Two days later, without responding to or conferring about that letter, Freeway served the Second Subpoena, which repeats many of the same demands, along with twenty-one other subpoenas served the same day. At the August 19, 2026 hearing, the Court directed the parties to confer and to raise disagreements through a joint status report and conference. Hr'g Tr. at 80–81. Serving a new subpoena that repeats demands HLF has already answered is not the reasonable effort to avoid undue burden on a non-party that Rule 45(d)(1) requires, and it is harassing.

8. **Documents Previously Produced.** HLF objects to producing again documents already produced in response to the First Subpoena. Consistent with Instruction 8, HLF identifies previously produced documents by Bates number where applicable, and objects to reproducing in native format documents already produced in a reasonably usable form. Fed. R. Civ. P. 45(e)(1)(C).

9. **Other Sources.** HLF objects to the Second Subpoena to the extent it seeks information that is cumulative, duplicative, or obtainable from a more convenient, less burdensome, or less expensive source, including Mr. Wilson, Referral Counsel, and the vendors Freeway has subpoenaed. Fed. R. Civ. P. 26(b)(2)(C)(i).

10. **Protective Order.** Any production by HLF is made subject to the Interim Stipulated Confidentiality Agreement and Protective Order agreed to in *In re Subpoena to Heidarpour Law Firm, PLLC*, No. 6:26-mc-00830-MC (D. Or.), which governs Confidential materials in both that proceeding and the Action.

11. **Burden and Expense on a Non-Party.** HLF objects to the Second Subpoena to the extent it imposes undue burden and significant expense on a non-party. Fed. R. Civ. P. 45(d). To the extent HLF is required to produce any documents beyond those identified in these responses, HLF reserves the right to seek its reasonable costs and attorneys' fees.

12. **Discovery to Party's Counsel.** HLF objects to the Second Subpoena as a subpoena directed to a party's counsel, which is disfavored and subject to heightened scrutiny. Discovery from counsel is permissible only where the information sought is unavailable from other sources, is relevant and non-privileged, and is crucial to the preparation of the case. *See Armstrong Mfg. Co. v. Wright Mach. Tool Co.*, No. CV. 91-1021-FR, 1991 WL 247562, at *1 (D. Or. Nov. 12, 1991); *see also Zucchella v. Olympusat, Inc.*, 2021 WL 4785939, at *2 (C.D. Cal. 2021); *Jiang v. Nvidia*, 2026 WL 962496, at *2 (D.D.C. Apr. 9, 2026). Freeway cannot make that showing.

13. **No Admission.** HLF objects to the Second Subpoena to the extent it calls for legal conclusions or presumes facts that do not exist. Nothing in these Responses and Objections is an admission of any allegation, characterization, or factual premise in the Second Subpoena, including any allegation of fraud or misconduct, each of which HLF denies.

14. **Reservation of Rights.** HLF reserves the right to revise, correct, supplement, amend, modify, or clarify these Responses and Objections; to provide additional information in the future; to object to further discovery; to move to quash or modify the Second Subpoena and for a protective order, costs, and fees under Rule 45(d); to challenge the authenticity or admissibility of any information or document in any hearing, proceeding, or trial; and to object to the place and manner of compliance, including under Rule 45(c).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

### A. Definitions

1. HLF's Responses and Objections to the Definitions and Instructions are incorporated by reference into each specific Response and Objection below. By responding with a defined term, HLF does not agree with any definition.

2. HLF objects to the Definitions and Instructions to the extent they purport to impose obligations greater than, or different from, those imposed by the Federal Rules of Civil Procedure, the Local Rules, and Rule 45.

3. HLF objects to the definitions of "You" and "Your," both as written and as applied through Instruction 2, as overbroad, unduly burdensome, vague, and ambiguous to the extent they extend beyond Heidarpour Law Firm, PLLC to Referral Counsel, Family Members, consultants, vendors, cloud-service providers, and "any other persons or entities acting on its behalf or at its direction," and to the extent they purport to require HLF to search for, or attest to, information in the possession of persons other than the Firm. HLF responds only on its own behalf. HLF does not respond on behalf of, and will not search the files of, its counsel, consultants retained by its counsel, or other persons or entities that are not HLF.

4. HLF objects to the definition of "Wilson Matter" as overbroad, unduly burdensome, and beyond the relevant scope of discovery, because it reaches every actual or potential TCPA claim "by or on behalf of Wilson" or "Concerning the Subject Number" from January 1, 2023 to the present, "whether or not [HLF] appeared as counsel," without any limitation to Freeway, to the texts at issue, or to the consent question. The definition also extends to "any matter in which Wilson was a co-plaintiff or co-claimant with any other Person," which reaches claims, information, and privileged communications of persons other than Mr. Wilson.

5. HLF objects to the definitions of "Referral Counsel" and "Demand Recipient" as overbroad and as calculated to capture privileged and common-interest communications among Mr. Wilson's counsel and communications with, and the private information of, third parties.

6. HLF objects to the definition of "Family Member" as overbroad, harassing, and irrelevant, and as calculated to invade the privacy of non-parties and to develop a record untethered to the consent question.

7. HLF objects to the definition of "Consent Evidence" to the extent it seeks third-party lead-aggregator and consent-vendor records (including lead forms, lead records, TrustedForm or Jornaya certificates, IP addresses, session data, and EverQuote or other lead-aggregator records) that are in the possession of the vendors Freeway has already subpoenaed, not HLF.

8. HLF objects to the definition of "Communication" as overbroad and unduly burdensome to the extent it reaches every conceivable medium and messaging application and is used to demand the wholesale production of privileged attorney-client and common-interest communications.

9. HLF objects to the definitions of "Document" and "Documents" as overbroad and unduly burdensome to the extent they reach drafts, non-identical copies, "all back-up copies, undeleted data, and dormant or remnant files" and other electronically stored information that is not reasonably accessible.

10. HLF objects to the definitions of "Relate to," "Refer to," "Referring to," "Concern," "Concerning," "Evidence," and "Evidencing" as overbroad, vague, and ambiguous to the extent they purport to expand the Requests to anything "in any way pertinent," "having any relationship or connection to," or bearing "any reasonable, logical, or causal connection to" a stated matter.

11. HLF objects to the definition of "Native Format," to the extent it purports to require HLF to produce or reproduce documents in native format beyond what Rule 45(e)(1)(B) requires, including the reproduction of documents HLF already produced in a reasonably usable form.

12. HLF objects to the definition of "Relevant Period" for the reasons stated above in General Objection 4.

**B. Instructions**

13. HLF objects to Instruction 2 to the extent it purports to define HLF's possession, custody, or control to include documents held by HLF's attorneys, consultants retained by HLF or its counsel, Referral Counsel, cloud-service providers, or Family Members, or documents HLF has the "practical ability to obtain." HLF will respond with respect to documents within its own possession, custody, or control, meaning documents HLF has the legal right to obtain on demand.

14. HLF objects to Instruction 3 to the extent it requires information beyond what Rule 45(e)(2)(A) requires, including the "name and title" of every person who "examined" a document, a "statement of the circumstances" bearing on each claim, and mapping each document to a Request. To the extent HLF withholds an identified responsive document on the basis of privilege,

HLF will describe it as Rule 45(e)(2)(A) requires, which may be done by category where appropriate. As stated in General Objection 1, no log is required for documents HLF has not searched for on the basis of its objections.

15. HLF objects to Instruction 4 to the extent it purports to require HLF to produce "dates, participants, transactional terms, and amounts" from privileged communications, and to the extent it declares that "the existence, date, participants, and medium of a Communication, the identity of a client or referral source, and the terms of a fee or referral arrangement are not privileged." Those statements are legal conclusions that HLF does not accept, and whether any such information is protected depends on the circumstances.

16. HLF objects to Instruction 5 to the extent it purports to treat HLF's prior production of documents in *Robertson v. Plain-English Media, LLC*, or in response to the First Subpoena, as a waiver of, or as a measure of, HLF's objections here. Voluntary production of discrete, non-privileged categories elsewhere does not waive HLF's objections or establish the relevance, non-privilege, or proportionality of the far broader categories the Second Subpoena demands.

17. HLF objects to Instructions 6 through 8 to the extent they render the Requests overbroad, unduly burdensome, vague, and ambiguous, and to the extent they purport to require production, reproduction, indexing, or continuing supplementation beyond what Rule 45 requires.

18. HLF objects to Instruction 9 because it refers to "the protective order in the Class Action," but no separate protective order has been entered in the Class Action. The only operative order is the Interim Stipulated Confidentiality Agreement and Protective Order agreed to in the Subpoena Proceeding, which by its terms governs the designation and use of Confidential materials in both the Subpoena Proceeding and the underlying Action. HLF's confidentiality

designations are governed by that order, and remain subject to the parties' unresolved dispute over use restrictions.

19. HLF objects to Instructions 10 and 11 to the extent they require HLF to describe "in detail" its efforts to locate documents not in its possession, to identify every person who may possess responsive information together with contact details, or to reconstruct the contents of any document, which exceeds Rule 45's requirements and seeks privileged information.

20. HLF objects to Instruction 12 to the extent it imposes obligations beyond Rule 45; HLF's statements regarding whether it will search for or produce documents are made as described in General Objection 1.

21. HLF objects to Instruction 13 because Rule 45 imposes no continuing duty on a non-party to supplement its production, and HLF undertakes none.

22. HLF objects to Instructions 14 through 17 to the extent they direct that the Requests be construed "as broad and inclusive as reasonably possible" or otherwise expand the Requests beyond their plain terms. HLF will construe the Requests according to the ordinary meaning of their words.

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

In its September 23, 2026 production cover letter, Your counsel represented that "when Mr. Heidarpour was in law school, he served as a clerk to Richard J. Daschbach, who was then serving as Chief Judge of the Federal Workers Compensation Appeals Board"; that "[a]fter retiring, Mr. Daschbach founded Legal Advocacy for Victims LLP, which was a consumer rights firm that handled TCPA claims and for which Mr. Heidarpour worked prior to becoming a licensed attorney"; that Mr. Daschbach "used an engagement letter for firm clients that was nearly identical to the one Freeway takes issue with and which included the same power of attorney provision"; and that "[w]hen Mr. Heidarpour founded HLF, he simply continued to use the same agreement that Mr. Daschbach had drafted and used for firm clients," so that "[t]here is nothing nefarious about that, and HLF certainly did not adopt the language to engage in fraud or unethical conduct." But in Fred Heidarpour v. Central Payment, Andrew Heidarpour testified that Legal Advocacy for Victims was a for-profit plaintiff's TCPA firm that he did not merely work for. It was "a business

that I helped start that was doing TCPA cases," it existed "for TCPA claims," he held an ownership interest in it, and he still held that interest at his 2016 deposition because he had not "been bought out yet" and was seeking to be "compensated for the cases we had been working on." He further testified that he left that firm because he "didn't feel comfortable with" its contingency percentage of "[a]nywhere from 45, 55 percent" and "[d]idn't agree" with its "billing practices." Dep. Tr. of Andrew Heidarpour at 15–19, *Fred Heidarpour v. Central Payment*, No. 4:15-cv-00139-CDL (M.D. Ga.), Dkt. No. 44 ("Andrew Heidarpour Dep.").

So, please produce, for the period January 1, 2012 to the present, all Documents Concerning Legal Advocacy for Victims LLP ("LAV," also identified in the record as "LAFV") that reflect or Relate to: (a) the terms of Andrew Heidarpour's employment by or ownership in LAV, and any buyout, separation, or compensation dispute; (b) each engagement letter, contingent-fee agreement, power-of-attorney provision, demand-letter template, or other form document used by LAV that You adopted, in whole or in part, including all Documents Concerning Your adoption or modification of it; (c) how LAV charged for its services and the contingent-fee percentages it imposed, including the contingency of "[a]nywhere from 45, 55 percent" that Mr. Heidarpour testified he "didn't feel comfortable with"; and (d) the "billing practices" with which he testified he "[d]idn't agree." Andrew Heidarpour Dep. at 15–19.

**<u>RESPONSE TO REQUEST NO. 1:</u>**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action and that have no connection to Freeway, the Subject Number, Mr. Wilson, or any Wilson Matter.

The Request concerns a different law firm, and reaches back to January 1, 2012, more than a decade before the June 2024 text messages at issue and before HLF was retained by Mr. Wilson in October 2024. LAV had no involvement with Freeway, the Subject Number, Mr. Wilson, or any Wilson Matter. Mr. Heidarpour's employment by or ownership interest in LAV, any buyout or compensation dispute with that firm, the fees LAV charged its clients, and LAV's billing practices have nothing to do with whether Freeway had consent to contact the Subject Number. They also have nothing to do with the discrete facts the First Subpoena addressed, or with any Wilson Matter.

HLF further objects that the Request mischaracterizes HLF's September 23, 2026 letter, which explained the origin of a single provision in HLF's engagement letter. Nothing in the

testimony quoted in the Request is inconsistent with the letter. Mr. Heidarpour's testimony that he helped start LAV, held an interest in it, and disagreed with its fee percentages and billing practices does not contradict any statement in the letter. Nor does it bear on where the engagement-letter provision came from.

Thus, the Request appears designed to obtain impeachment material on a collateral matter: whether a decade-old deposition can be juxtaposed with a sentence in a letter from counsel. Discovery sought for that purpose, untethered to any claim or defense, is outside the scope of the federal rules. It also cannot justify the burden of a fourteen-year search of a non-party's records. HLF also objects that the Request seeks documents concerning a separate firm that are not within HLF's possession, custody, or control, to the extent such documents exist.

On the basis of these objections, HLF will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between You or any Referral Counsel, on the one hand, and any Demand Recipient on the other, Concerning any Wilson Matter. To the extent any Demand Recipient contended that Wilson's threatened claims were without merit, please also produce all Documents Concerning Your evaluation of and response to each such assertion and all Communications with Wilson or Referral Counsel Concerning it. To the extent You withhold any such Communications as privileged, please log them in accordance with Instruction 3.

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. The Request is not limited to Freeway, the Subject Number, or the text messages at issue. Rather, Freeway seeks "[a]ll Communications" between HLF or any Referral Counsel and any "Demand Recipient," a term Freeway defines to include every person who received a demand, pre-suit notice, or other communication in any Wilson Matter, every defendant

in any Wilson Matter, and each of their counsel, insurers, and agents. The Request also reaches every Wilson Matter since January 1, 2023, including matters in which HLF did not appear and matters involving co-plaintiffs other than Mr. Wilson. Read according to its terms, the Request would require HLF to collect and review every communication, in every medium, with hundreds of companies, their lawyers, and their insurers over nearly four years, regardless of subject. That burden is grossly disproportionate to the needs of the Action, particularly for a non-party.

The Request also seeks documents HLF does not possess or control. Communications between Referral Counsel and Demand Recipients are held by Referral Counsel, which Freeway has separately subpoenaed. HLF's communications with Demand Recipients are in the possession of those recipients, some of whom Freeway's counsel in this matter represented.

HLF further objects to the second sentence of the Request, which seeks "all Documents Concerning [HLF's] evaluation of and response to" any assertion that a claim lacked merit, along with related communications with Mr. Wilson and Referral Counsel. Freeway's demand goes to the core of the attorney-client privilege, the work-product doctrine, and the common-interest privilege. This includes HLF's assessment of the strengths and weaknesses of a client's claims, and counsel's communications with the client and co-counsel about them. This is exactly the type of material the First Subpoena, which sought only documents "sufficient to identify" discrete facts, did not reach and that Freeway previously told HLF and the Court it did not want.

HLF has already produced the cease-and-desist letters (HLF_Freeway_0000807 through HLF_Freeway_0001487), engagement agreements (HLF_Freeway_0000091 through HLF_Freeway_0000800), and settlement agreements (HLF_Freeway_0001496 through HLF_Freeway_0002014) from Mr. Wilson's matters. On the basis of the foregoing objections, HLF will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show, for each Wilson Matter, every settlement demand or offer made by You, Wilson, or Referral Counsel, every offer or counteroffer received from the Demand Recipient, including the amount, date, and Person making or receiving each, and the Person who decided to accept or reject each offer on Wilson's behalf and how and when that decision was communicated to Wilson.

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. The Request seeks, for every Wilson Matter since January 1, 2023, a record of every demand, offer, and counteroffer exchanged with every Demand Recipient, including the amount, date, and persons involved. Thus, Freeway seeks the full negotiating history of hundreds of matters, many of which involve third parties with confidentiality interests in their settlement communications. For matters filed in court, HLF did not negotiate with opposing parties.

HLF further objects to the portion of the Request seeking documents sufficient to show "the Person who decided to accept or reject each offer on Wilson's behalf and how and when that decision was communicated to Wilson." That portion seeks the substance of confidential communications between Mr. Wilson and his counsel about whether to settle his claims, which lie at the core of the attorney-client privilege and the work-product doctrine. The Request also presumes, without basis, that someone other than Mr. Wilson made those decisions, which is incorrect.

Subject to and without waiving these objections, HLF refers Freeway to the following: (i) the settlement agreements and settlement statements HLF has already produced, which reflect the amount and allocation of each resolved matter (HLF_Freeway_0001496 through HLF_Freeway_0002014); (ii) HLF's September 23, 2026 letter, which explained that for matters referred to litigation counsel, HLF conveyed the terms of potential settlements to Mr. Wilson, who

had the ultimate authority to accept or reject them; (iii) Mr. Wilson's declaration in the Action stating that he decided to reject Freeway's settlement offer (Dkt. 29 ¶ 25); (iv) offers that Freeway itself made or received in the Action, which are already in Freeway's possession; and (v) offers that Freeway's counsel made or received on behalf of other entities in Mr. Wilson's matters.

On the basis of the foregoing objections, HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the date, time, medium, participants, and subject of every Communication between You, on the one hand, and Wilson or any Referral Counsel on the other, regarding any Wilson Matter during the Relevant Period, including a complete export or log of every text, phone call, and messaging-application thread, whether or not You contend the content is privileged.

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. The Request seeks a record of every communication, in every medium, between HLF and its client or co-counsel concerning every Wilson Matter since January 1, 2023, including "a complete export or log of every text, phone call, and messaging-application thread." Compliance would require HLF to compile a catalog of nearly four years of communications with its client and co-counsel across hundreds of matters, including every telephone call. This Request imposes a burden that is grossly disproportionate to the needs of the Action, particularly for a non-party.

HLF further objects that the Request seeks information protected by the attorney-client privilege, the work-product doctrine, and the common-interest privilege. A comprehensive record of when, how often, by what means, and on what subjects a lawyer communicated with a client and co-counsel across an entire representation would reveal counsel's strategy and the substance

of privileged communications. To the extent the Request seeks a "complete export" of text and messaging-application threads between HLF and its client or co-counsel "whether or not" HLF contends the content is privileged, it seeks the privileged communications themselves, not merely information about them, and HLF will not produce them.

HLF has already provided much of what the Request seeks as to the matters at issue. On September 23, 2026, HLF served a 7,152-entry privilege log identifying certain communications concerning Mr. Wilson's cases involving Mr. Wilson or co-counsel. For each entry, the log states the date, sender, every recipient, the subject line, the privilege asserted, and the basis for withholding. HLF explained how that log was constructed in its September 23 and October 14, 2026 letters.

On the basis of the foregoing objections, HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify each instance in which any Person other than Wilson executed, signed, initialed, or placed Wilson's name or signature on any Document, including under the power of attorney in ¶ 7 of the October 4, 2024 Contingent Fee Agreement (produced at HLF_Freeway_0000009–10 and filed in the Class Action at ECF No. 33, Ex. 3), together with each Document so executed and the identity of the Person who executed it.

**RESPONSE TO REQUEST NO. 5:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request as overbroad and unduly burdensome to the extent it reaches "any Document" in any Wilson Matter since January 1, 2023, without limitation to Freeway or the Subject Number. HLF further objects to the phrase "placed Wilson's name or signature on any Document" as vague and ambiguous. Read literally, it would encompass every letter, pleading, or other document that identifies Mr. Wilson by name, including routine correspondence sent on his behalf. HLF construes the Request to seek documents sufficient to identify any instance in which

a person other than Mr. Wilson signed, initialed, or executed a document in Mr. Wilson's name or as his signature.

Subject to the foregoing, HLF responds as follows. As HLF has repeatedly confirmed, including in its September 23 and October 14, 2026 letters, HLF has never invoked the power-of-attorney provision in the October 4, 2024 Contingent Fee Agreement to sign anything on Mr. Wilson's behalf, and no one at HLF or acting on its behalf has ever signed, initialed, or executed any document in Mr. Wilson's name.

HLF further refers Freeway to the SignNow audit logs HLF has already produced. For the co-counsel engagement agreement and settlement agreement, those logs record that HLF's account sent the invitation and that Mr. Wilson's account viewed, signed, and saved the document, with the time of each action and its originating IP address. This includes the Freeway contingent fee agreement and its audit log at HLF_Freeway_0000522 through HLF_Freeway_0000525, the engagement agreements Mr. Wilson executed at HLF_Freeway_0000091 through HLF_Freeway_0000800, and the initial October 4, 2024 Contingent Fee Agreement at HLF_Freeway_0000009 through HLF_Freeway_0000011, as well as HLF's October 14, 2026 letter. HLF has no documents showing that any person signed on Mr. Wilson's behalf.

**REQUEST FOR PRODUCTION NO. 6:**

For Farideh Heidarpour and each other Family Member (including Ali and Fred Heidarpour) who performed any work for You, or at Your direction, Concerning any Wilson Matter: Documents sufficient to show the Person's title and role; the dates of employment or engagement; whether the Person is or was an employee, independent contractor, or other agent of Yours; the basis of compensation, and whether any compensation was tied to any Wilson Matter or Settlement; and each Wilson Matter on which the Person worked, including any employment agreement, independent-contractor agreement, engagement letter, offer letter, or job description.

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects that this Request is overbroad, harassing, and seeks information that is irrelevant.

HLF further objects that the Request seeks confidential personnel, employment, and compensation records of non-parties, implicating their privacy interests. HLF also objects that the defined term "Family Member," which reaches any person related to Mr. Heidarpour by blood or marriage and any entity they own or control, is overbroad and appears designed to target individuals based on their family relationship rather than any role in the matters at issue.

Subject to the foregoing, HLF responds as follows. HLF has already explained Ms. Farideh Heidarpour's role, including during the parties' June 23, 2026 conference, in its September 23, 2026 production letter, and in its October 14, 2026 letter. Ms. Heidarpour is an HLF employee and is not a lawyer. She principally provides secretarial services and assists with client intake, working at the direction and under the supervision of Mr. Heidarpour. Freeway confirmed its understanding of her role in writing on June 24, 2026. Ms. Heidarpour's compensation is not tied to any Wilson Matter. No other Family Member has performed work for HLF, or at its direction, concerning any Wilson Matter.

On the basis of the foregoing objections, HLF will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify each attorney, employee, contractor, consultant, and vendor who performed any work Concerning any Wilson Matter during the Relevant Period, including each Person's role, whether each Person is a licensed attorney, each Person who communicated with Wilson on Your behalf, and each Person who created, sent, received, or signed any Document in any Wilson Matter using the accounts info@hlfirm.com, AHeidarpour@HLFirm.com, DOliver.HeidarpourLawFirm@gmail.com, or heidarpourlawfirm@gmail.com or any SignNow, airSlate, or DocuSign account, including each Person who completed a "Fill Out Now" field.

**RESPONSE TO REQUEST NO. 7:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or

defense in the Action. HLF objects to this Request as overbroad and unduly burdensome to the extent it seeks the identity of every attorney, employee, contractor, consultant, and vendor who performed "any work" concerning any Wilson Matter since January 1, 2023, without limitation to Freeway or the Subject Number. Read literally, that would include every vendor, technology provider, and administrative service provider HLF has used. HLF further objects to the extent the Request seeks the substance of the work performed, which is protected by the work-product doctrine and the attorney-client privilege. HLF also objects that the Request seeks information concerning other law firms, including Referral Counsel, that is not within HLF's possession, custody, or control.

Subject to and without waiving these objections, HLF has already identified persons who performed work on behalf of HLF concerning the Wilson Matters during the Relevant Period including (i) Andrew Heidarpour, the founding partner of HLF, (ii) Dana Oliver, an attorney, (iii) Farideh Heidarpour, an HLF employee who is not a lawyer, and (iv) Computer Forensics Resources, through Bob Olsen and Cody Breunig. As to the accounts identified in the Request, HLF has already provided information on many of those accounts too, including in Appendix A to its September 23, 2026 letter. As HLF also explained in its October 14, 2026 letter, DocuSign was used by co-counsel. As HLF explained above, and repeatedly in other correspondence, no person at HLF or acting on its behalf used any SignNow feature, or any similar feature, to complete a signature or initial field assigned to Mr. Wilson.

On the basis of the foregoing objections, HLF will not otherwise search for or produce documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

Documents sufficient to show each monetary demand You or any Referral Counsel made in any Wilson Matter.

**RESPONSE TO REQUEST NO. 8:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. A demand is an opening negotiating position. It does not show what any claim was worth or what any party ultimately paid. Those amounts were determined through negotiation with counterparties who were represented by counsel, sometimes in formal mediation, and are reflected in the settlement agreements HLF has already produced. To the extent Freeway is interested in the economics of Mr. Wilson's matters, the produced agreements show the actual amounts and their allocation, and the demands that preceded them add nothing.

The Request is also overbroad and unduly burdensome because it seeks every monetary demand made in every Wilson Matter since January 1, 2023, including in matters in which HLF did not appear. HLF further objects that the Request seeks documents not within its possession, custody, or control. Demands made by Referral Counsel in matters they litigated are reflected in Referral Counsel's files, and Freeway has subpoenaed those firms separately. HLF also objects that the Request seeks confidential settlement communications with third parties.

Subject to and without waiving these objections, HLF refers Freeway to the cease-and-desist letters HLF sent on Mr. Wilson's behalf, which HLF has already produced at HLF_Freeway_0000807 through HLF_Freeway_0001487. As HLF explained in its September 23, 2026 letter, those letters asked the recipient to stop contacting Mr. Wilson, provide any evidence of consent, and preserve relevant records. They did not demand payment or threaten a class action. HLF further refers Freeway to the settlement agreements and settlement statements HLF has already produced, which reflect the amount of each resolved matter (HLF_Freeway_0001496 through HLF_Freeway_0002014).

On the basis of the foregoing objections, HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show what You and any Referral Counsel were paid in any Wilson Matter.

**RESPONSE TO REQUEST NO. 9:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. The Request demands information about every Wilson Matter since January 1, 2023, including matters in which HLF did not appear. HLF further objects that the Request seeks documents not within its possession, custody, or control. Records of what Referral Counsel were paid are held by those firms, which Freeway has separately subpoenaed. HLF also objects that the Request seeks third-party settlement information subject to confidentiality obligations.

Subject to and without waiving the foregoing objections, HLF refers Freeway to HLF's prior production, which already answers this Request as to HLF. The contingent fee agreements HLF produced set out the division of any attorneys' fees among counsel by percentage, and the settlement agreements and settlement statements HLF produced show the attorneys' fees and the amounts paid in each resolved matter. *See, e.g.*, the contingent fee agreements and audit logs at HLF_Freeway_0000091 through HLF_Freeway_0000800, including the Freeway contingent fee agreement at HLF_Freeway_0000522 through HLF_Freeway_0000525, and the settlement agreements and settlement statements at HLF_Freeway_0001496 through HLF_Freeway_0002014. HLF further refers Freeway to its September 23 and October 14, 2026 letters, which explained the same.

On the basis of the foregoing objections, HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents that support or refute that the demands and payments referenced in Requests 8 and 9 were "based on the amount of time spent on the matter multiplied by our hourly rates," or reflected "a multiplier based on certain risk factors," as provided in paragraph 7 of the Contingent Fee Agreement dated August 29, 2025, filed in the Class Action at ECF No. 26-1, or in any comparable provision of any other fee agreement in any Wilson Matter. Responsive Documents include, without limitation, Your timesheets for each Wilson Matter where You made a demand or payment.

**RESPONSE TO REQUEST NO. 10:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. HLF further objects that the Request is not a request for identifiable documents. The Request demands "[a]ll Documents that support or refute" a characterization of the fee component of every demand and payment in every Wilson Matter since January 1, 2023, and of "any comparable provision of any other fee agreement." This would require HLF to review its entire file for every matter and to make legal and factual judgments about what "supports" or "refutes" Freeway's theory. Thus, this Request is grossly overbroad and unduly burdensome. HLF also objects that the Request is premised on legal conclusions about the meaning and application of fee-agreement provisions, and that it seeks information protected by the attorney-client privilege and the work-product doctrine to the extent it reaches counsel's internal evaluation of fees and settlement value.

HLF further objects that the Request seeks documents not within its possession, custody, or control. As HLF explained in its September 23 and October 14, 2026 letters, in matters referred to litigation counsel, HLF did not negotiate with opposing parties. Litigation counsel made any demands and negotiated any resolution, including any attorneys'-fee component, on Mr. Wilson's

behalf. HLF's own share in those matters was a fixed percentage of the attorneys' fee component, as reflected in the co-counsel agreements HLF has already produced. *See* HLF_Freeway_0000091 through HLF_Freeway_0000800, including HLF_Freeway_0000522.

On the basis of the foregoing objections, HLF will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

For each demand letter, pre-suit notice, or complaint sent or filed on Wilson's behalf, or that You evaluated for a possible demand or suit, Concerning a call, text message, or voicemail received by Wilson after November 18, 2024, Documents sufficient to show the source from which You obtained the call, text message, or voicemail, the date You obtained it, and the Person who provided it.

**RESPONSE TO REQUEST NO. 11:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. The text messages at issue in the Action were sent in June 2024, months before Mr. Wilson retained HLF and months before the November 18, 2024 collection. Messages Mr. Wilson received from other senders after that date, concerning other matters, have nothing to do with Freeway or the Subject Number.

HLF further objects that the Request is unduly burdensome and disproportionate to the needs of the Action, particularly for a non-party. Responding would require HLF to trace, for every call, text message, and voicemail underlying every demand letter, pre-suit notice, or complaint sent after November 18, 2024, across every Wilson Matter, when and how the message reached HLF. By Freeway's own count, that is more than 150 demand letters alone. HLF also objects to the extent the Request reaches complaints filed by litigation counsel, whose files are not within HLF's possession, custody, or control. HLF further objects to the extent the Request reaches messages HLF "evaluated for a possible demand or suit," which calls for counsel's work

product, and to the extent it seeks Mr. Wilson's communications with his counsel, which are privileged.

HLF has already answered the question underlying this Request. As HLF explained in its September 9, September 23, and October 14, 2026 correspondence, HLF never had real-time access to Mr. Wilson's iCloud account, never monitored his messages, and never signed into his account. CFR collected his text messages and voicemails on a single occasion on November 18, 2024. *See* HLF_Freeway_0000015 through HLF_Freeway_0000085; HLF_Freeway_0001488 through HLF_Freeway_0001495. Messages Mr. Wilson received after that date were provided to HLF by Mr. Wilson himself, who sent HLF copies of messages he received.

On the basis of the foregoing objections, HLF will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning the decision, on or about May 15, 2026, to seek dismissal of the Class Action, and Concerning any other Wilson Matter that You or Referral Counsel dismissed, withdrew, abandoned, declined to file, or ceased pursuing after a demand letter, pre-suit notice, or complaint had been sent or filed, including all Communications with Wilson and Referral Counsel Concerning each such decision, Documents sufficient to show the date of and reason for each such decision, and, where a Demand Recipient had raised Consent Evidence or a business-line defense, the date the defense was raised. To the extent You withhold any such Communication as privileged, log it in accordance with Instruction 3.

**RESPONSE TO REQUEST NO. 12:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. HLF further objects to this Request because it seeks the substance of privileged attorney-client communications and opinion work product. Communications between a client and his counsel about whether and when to dismiss, withdraw, or stop pursuing a claim, and counsel's reasons for advising one way or another, lie at the core of the attorney-client

privilege, the work-product doctrine, and, where co-counsel were involved, the common-interest privilege. The Request expressly seeks those communications, along with the "reason for each such decision."

HLF further objects that the Request seeks documents not within its possession, custody, or control. Plaintiff's motion to dismiss the Action was made by Plaintiff through his counsel of record, not by HLF, which has never appeared in the Action. The same is true of dismissals in other filed Wilson Matters, which were made by litigation counsel on their client's behalf.

HLF also objects that the Request is grossly overbroad and unduly burdensome. The Request seeks information about every Wilson Matter since January 1, 2023 that was "dismissed, withdrew, abandoned, declined to file, or ceased pursuing" after any demand letter or pre-suit notice was sent. As HLF has explained, the overwhelming majority of HLF's cease-and-desist letters were resolved without litigation, for example because the sender agreed to stop contacting Mr. Wilson. Read literally, the Request would sweep in HLF's files for nearly every matter in which it sent a letter. The dates on which filed matters were dismissed are a matter of public record.

On the basis of the foregoing objections, HLF will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All litigation-hold notices, preservation instructions, document-retention policies, and Documents sufficient to show the retention, auto-delete, or disappearing-message settings of every account and messaging application used with respect to a Wilson Matter or to communicate with Wilson or Concerning any Wilson Matter, and all Documents Concerning Your compliance with the preservation order entered in the Class Action on August 19, 2026.

**RESPONSE TO REQUEST NO. 13:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or

defense in the Action. HLF further objects to this Request to the extent it seeks litigation-hold notices, preservation instructions, and communications with counsel about preservation. Those materials reflect counsel's legal advice and mental impressions and are protected by the attorney-client privilege and the work-product doctrine. Freeway has made no showing that would justify their disclosure. HLF further objects that the Request is overbroad and unduly burdensome because it seeks "all" retention policies and documents showing the retention, auto-delete, or disappearing-message settings of "every account and messaging application" used in connection with any Wilson Matter or to communicate with Mr. Wilson since January 1, 2023, and "all Documents Concerning" HLF's compliance with the Court's preservation order.

Subject to and without waiving the foregoing objections, HLF confirms that it has taken, and continues to take, appropriate steps to preserve documents in response to Freeway's subpoenas and the Court's August 19, 2026 preservation order, as HLF confirmed in its October 14, 2026 letter. *See* Hr'g Tr. at 78. HLF has also downloaded and preserved all documents relating to Mr. Wilson to which it has access through SignNow. HLF is willing to meet and confer regarding a reasonable, non-privileged description of its retention and preservation practices. HLF is withholding its litigation-hold notice as privileged and work product, and will not otherwise search for or produce documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 14:</u>**

Documents sufficient to show the search You performed to respond to the First Subpoena, including the custodians, accounts, systems, devices, date ranges, and search terms used, and the basis for any representation that Your production was complete and that responsive Documents do not exist.

**<u>RESPONSE TO REQUEST NO. 14:</u>**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or

defense in the Action. HLF further objects to this Request as improper discovery about discovery. Freeway has not shown any deficiency in HLF's search for documents responsive to the First Subpoena. HLF responded in detail in its October 14, 2026 letter to each item Freeway identified as a purported deficiency in its October 2, 2026 email, and made a supplemental production with that letter. HLF further objects that its selection of search methods, search terms, and sources, and its internal communications with counsel about responding to the First Subpoena, reflect counsel's mental impressions and are protected attorney work product and privileged communications. HLF also objects that the Request asks HLF to create documents that do not exist, which Rule 45 does not require.

Subject to and without waiving the foregoing objections, HLF refers Freeway to the descriptions of its search and collection in its September 23, 2026 production cover letter and its October 14, 2026 letter. Those letters describe, among other things: (i) HLF's search for cease-and-desist and demand letters, which used targeted searches for language common to those letters, manual review of thousands of documents, and requests to the client for documents, followed by a further search using different terms, which identified the additional letters HLF produced with its October 14, 2026 letter; (ii) the single collection of Mr. Wilson's text messages and voicemails that CFR performed on November 18, 2024, in which CFR extracted all text messages and voicemails and was given no keywords; and (iii) how HLF prepared its privilege log, including its scope and the May 20, 2026 end date.

HLF is willing to meet and confer regarding any reasonable questions about how it searched for documents. HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning the inclusion in any settlement statement of a release by Wilson of claims against You, Andrew Heidarpour, or any Referral Counsel, including Documents sufficient to show when You first used that provision, each version of it, how it was presented to Wilson, and any Communication with Wilson or Referral Counsel Concerning it.

**RESPONSE TO REQUEST NO. 15:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. HLF further objects that this Request seeks communications protected by the attorney-client privilege, the work-product doctrine, and the common-interest privilege. This includes communications between HLF and its client, and between HLF and co-counsel, concerning the terms of settlement documents and how those terms were "presented to Wilson." HLF further objects that the Request is overbroad and reaches every settlement in "any Wilson Matter," and that it seeks third-party settlement information subject to confidentiality obligations. HLF further objects that the Request presumes facts and legal conclusions that HLF does not concede.

Subject to and without waiving the foregoing objections, HLF refers Freeway to the settlement statements HLF has already produced, which speak for themselves. HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning any payment, credit, or allocation of any portion of any fee or Settlement from any Wilson Matter to any Person who is not an attorney, including any Family Member, consultant, vendor, or employee, including any payment made under ¶ 6 of the agreement produced at HLF_Freeway_0000009–10 and filed in the Class Action at ECF No. 33, Ex. 3; and all Documents Concerning any financial interest of any Family Member, or any entity owned or controlled by a Family Member, in You, in any Wilson Matter, or in the proceeds of any Settlement.

**RESPONSE TO REQUEST NO. 16:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. HLF further objects that this Request seeks confidential Firm financial, compensation, and personnel information. HLF further objects to the definition of "Family Member," which reaches any person related to Mr. Heidarpour by blood or marriage and any entity they control, as overbroad and as invading the privacy of non-parties. HLF further objects that the Request is overbroad and reaches "any fee or Settlement" in "any Wilson Matter."

Subject to and without waiving the foregoing objections, HLF refers Freeway to the contingent fee agreements at HLF_Freeway_0000091 through HLF_Freeway_0000800 and the settlement agreements and settlement statements at HLF_Freeway_0001496 through HLF_Freeway_0002014, which show that the attorneys' fees in each resolved Wilson Matter were paid to the attorneys. HLF further states that no portion of any attorneys' fee or Settlement in any Wilson Matter was paid, credited, or allocated to any person who is not an attorney, including any Family Member, on the basis of, or in an amount tied to, any Wilson Matter or Settlement. HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify any bar complaint, disciplinary proceeding, or governmental inquiry Concerning You or Your employees during the Relevant Period.

**RESPONSE TO REQUEST NO. 17:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. HLF further objects that it invades the privacy of HLF's employees, including non-lawyer staff, and that the phrase "governmental inquiry" is vague and overbroad.

Subject to and without waiving the foregoing objections, HLF states that, to its knowledge, during the Relevant Period no bar complaint has been filed with, and no disciplinary proceeding or investigation has been opened by, any bar or attorney-disciplinary authority concerning HLF or any of its attorneys or employees, and HLF has not received notice from any such authority of any complaint, investigation, or referral. HLF is aware of the Court's remarks in *Rashley v. Boost Health Insurance Agency, LLC*, 25-cv-21690-KMW (S.D. Fla.), which speak for themselves. HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

For each demand letter, pre-suit notice, or other Communication asserting a claim that You sent or prepared on Wilson's behalf, Documents sufficient to show: (a) each Referral Counsel or other attorney to whom You offered or referred the matter, and the date of each offer or referral; (b) whether that Person accepted the matter, declined it, or did not respond, and the date and stated reason for any declination; and (c) each co-counsel, referral, or fee-sharing agreement executed for the matter, together with any draft or unexecuted agreement. This Request includes all Communications with any Referral Counsel or other attorney Concerning the offer, referral, acceptance, or declination of any Wilson Matter, and any list or spreadsheet of potential matters circulated to or among Referral Counsel. To the extent You withhold any such Communication as privileged, please log it in accordance with Instruction 3.

**RESPONSE TO REQUEST NO. 18:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects to this Request because it seeks documents that have no bearing on any claim or defense in the Action. HLF further objects that this Request seeks documents protected by the attorney-client privilege, the work-product doctrine, and the common interest privilege. Communications with attorneys concerning whether to accept, decline, or pursue a client's claim, the reasons for any such decision, internal lists of potential matters, and draft agreements reflect the mental impressions and claim evaluations of counsel.

HLF further objects that the Request is overbroad and reaches every demand letter and communication in "any Wilson Matter." HLF further objects that lists of potential matters may

contain information concerning persons other than Mr. Wilson, implicating their privacy. HLF further objects that the Request is cumulative of the subpoenas Freeway has served on Plaintiff's other lawyers, which can identify any matter each accepted or declined.

Subject to and without waiving the foregoing objections, HLF refers Freeway to (i) the cease-and-desist letters produced at HLF_Freeway_0000807 through HLF_Freeway_0001487; (ii) the contingent fee and co-counsel agreements produced at HLF_Freeway_0000091 through HLF_Freeway_0000800, which identify, where applicable, the counsel engaged on each referred matter; and (iii) the settlement agreements produced at HLF_Freeway_0001496 through HLF_Freeway_0002014 and with HLF's October 14, 2026 letter. HLF will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All other Documents that Freeway asked You to produce in its October 2, 2026 email but that You contended in Your October 14, 2026 response are non-responsive to the First Subpoena in the Class Action.

**RESPONSE TO REQUEST NO. 19:**

In addition to its General Objections and its Objections to the Definitions and Instructions, HLF objects that the Request has no bearing on any claim or defense in the Action. HLF further objects that this Request does not describe the documents sought with reasonable particularity, as Rules 34(b)(1)(A) and 45 require. Instead, the Request incorporates by reference an email and a letter and demands "[a]ll other Documents" falling within the parties' prior correspondence.

HLF further objects that this Request, together with many of the other Requests in the Second Subpoena, repeats demands Freeway made in its October 2, 2026 email, which HLF addressed in detail in its October 14, 2026 letter. These include Freeway's demands for SignNow data (now Request 7), documentation of Ms. Heidarpour's employment (now Request 6), records concerning messages Mr. Wilson received after November 18, 2024 (now Request 11),

confirmation of preservation (now Request 13), pre-suit communications beyond the letters HLF produced (now Request 2), and settlement statements (now Requests 9 and 15). Freeway served the Second Subpoena two days after receiving HLF's October 14 letter, without responding to it or conferring about it. Restating demands HLF has already answered in a new subpoena, so that HLF must answer them a second time, imposes the kind of undue burden and expense on a non-party that Rule 45(d)(1) requires the issuing party to avoid. It is also inconsistent with the Court's direction that the parties confer and raise disagreements through a joint status report and conference. *See* Hr'g Tr. at 80–81.

Subject to and without waiving the foregoing objections, HLF refers Freeway to its October 14, 2026 letter, which addresses each category identified in Freeway's October 2, 2026 email, and incorporates the positions and explanations stated there. HLF will not otherwise search for or produce documents responsive to this Request.

Dated: November 2, 2026

Respectfully submitted,

/s/ Matthew J. Laroche
Neal Katyal
Matthew J. Laroche
Peter Farag
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
NKatyal@milbank.com
MLaroche@milbank.com
PFarag@milbank.com

*Attorneys for Non-Party Heidarpour Law Firm, PLLC*