# Exhibit J

**Farag, Peter**

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Friday, November 6, 2026 12:54 PM
**To:** Laroche, Matthew; Farag, Peter; James Ruley
**Cc:** Andrew Perrong
**Subject:** [EXT] Re: HLF/Freeway Joint Email to Judge McShane

In other words, by your own timeline, you waited 10 days instead of 11 to respond to our position on your request, which subsequently became urgent as third parties began producing the very "forensic evidence" you said you'd produce but now won't. Since we now know that third-party evidence corroborates the eight-figure fraud your client perpetrated using the auspices of the Court, it's no wonder you want to shut those subpoenas down.

---

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Date:** Friday, November 6, 2026 at 12:39 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>; Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Andrew Perrong <a@perronglaw.com>
**Subject:** RE: HLF/Freeway Joint Email to Judge McShane

[Warning – external]

Ryan,

We responded to all the points in your email during our meet and confer on Monday (which again we pushed from Thursday to accommodate your team), so I don't know what you mean by we never responded or didn't provide our position until November 3.

We look forward to receiving your position.

Best,
Matt

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Friday, November 6, 2026 12:16 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Andrew Perrong <a@perronglaw.com>
**Subject:** [EXT] Re: HLF/Freeway Joint Email to Judge McShane

Matt,

I was working on our position statement when you emailed, but I'm taking time away from that because your email misstates the record in a way that must be corrected. Below is the actual timeline.

On 10/20, James asked for your availability to confer on HLF's supplemental production and the correspondence accompanying it. On 10/22, Peter provided availability, and we scheduled it for 10/29.

Separately, you sent us a letter on the vendor subpoena on 10/22. I responded immediately, on 10/23, explaining our position in substantive detail. HLF didn't say "I think we have a dispute, let's go to the court so here's our position statement." In fact, you never responded at all and still haven't to this day.

On 10/29, and still without any response to our detailed position on the third-party subpoena issue, James emailed you to move *our conferral* that *we requested* about HLF's deficiencies to the following Monday because of a sick child. You responded that same day, suggesting pushing that conferral out even *further* so that we could review HLF's R&Os to the second subpoena before the call. We said that was fine and set the conferral for 11/5.

In the meantime, on 10/30, Peter wrote asking to talk about the third-party subpoenas sooner, on Monday or Tuesday of this week. I accommodated that while James was out sick and we conferred on Monday, 11/2—the first date you proposed. You then sent your position statement on the subpoena issue at 7 pm on 11/3, a full *eleven days* after we gave you our position on the third-party subpoenas: why they are relevant, that HLF has no standing, etc.

And that brings me full circle to your statements below. You say you want our "position today, particularly given that we agreed to push the meet and confer from last Thursday to Monday in light of a family illness." I'm surprised you would make such a disingenuous statement. As explained above, that was *our* conferral about *HLF's deficiencies* that was moved—and it was moved even further at your suggestion. The conferral about the subpoena occurred on Monday, which I accommodated at your request.

You also say "none of this has to be urgent if you agree to pause compliance for the non-Wilson numbers while we work this out. And if you're not willing to do that, it really just looks like you're trying to run out the clock on us." We agree this is not "urgent," as HLF has not treated it as such. I gave you our position within 24 hours of you raising an issue with the third-party subpoenas. You never responded. When you asked for a conferral on it, I accommodated it at the earliest time you gave. Then you sent us your position a full 11 days after I explained why we would not withdraw the subpoenas.

Despite all this, I already said we'd get you our position today and we will do so shortly.

In the meantime, please see the first third-party subpoena response that came in last night, from Attentive. As you'll see, it shows exactly what we predicted: a baseline opt-in rate for both Wilson and Taylor that ***doubled*** while represented by HLF and then returned to its pre-HLF baseline as soon as we called fraud. According to statistics, the chances of that being an anomaly is 1 in 500.

This only makes the subpoenas more appropriate. We'll send our statement shortly.

Best,
-Ryan

**Ryan D. Watstein (bio)**
WATSTEIN TEREPKA LLP
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Date:** Friday, November 6, 2026 at 11:13 AM
**To:** Ryan Watstein <Ryan@wtlaw.com>; Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Andrew Perrong <a@perronglaw.com>
**Subject:** RE: HLF/Freeway Joint Email to Judge McShane

[Warning – external]

Thanks Ryan. As you note, the return dates have not passed, and we sent you a letter before the objection dates passed. We'd appreciate getting your position today, particularly given that we agreed to push the meet and confer from last Thursday to Monday in light of a family illness. And as Peter said below, none of this has to be urgent if you agree to pause compliance for the non-Wilson numbers while we work this out. And if you're not willing to do that, it really just looks like you're trying to run out the clock on us. There is no apparent discovery deadline and no risk that the Court won't allow the third parties to comply if the Court believes the subpoenas are appropriate.

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Friday, November 6, 2026 11:03 AM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** [EXT] Re: HLF/Freeway Joint Email to Judge McShane

And to be clear, I meant the objection dates passed.

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Date:** Friday, November 6, 2026 at 10:42 AM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** Re: HLF/Freeway Joint Email to Judge McShane
You sent us your position at 7 pm on Tuesday, after the subpoena return dates had passed. Two business days have elapsed. We are working on it and will get you our position today.

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Friday, November 6, 2026 at 10:02 AM
**To:** Ryan Watstein <Ryan@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** RE: HLF/Freeway Joint Email to Judge McShane

[Warning – external]

James & Ryan,

If you are willing to pause on the third-party subpoenas then sending our joint email to the Court is not urgent. However, if you are *not*, we need to notify the Court as soon as possible.

We sent you our position on Tuesday. Please send us your position **as soon as possible.**

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

---

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Wednesday, November 4, 2026 2:55 PM
**To:** Farag, Peter <pfarag@milbank.com>; James Ruley <jruley@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** [EXT] Re: HLF/Freeway Joint Email to Judge McShane

Thanks, Peter. We'll work on this today/tomorrow and circulate our position.

---

**From:** Farag, Peter <pfarag@milbank.com>
**Date:** Tuesday, November 3, 2026 at 7:17 PM
**To:** James Ruley <jruley@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Laroche, Matthew <MLaroche@milbank.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** HLF/Freeway Joint Email to Judge McShane

[Warning – external]

Ryan & James,

Attached is a draft joint email to Judge McShane's courtroom deputy, which includes HLF's position. We hope you will agree to hold the third-party subpoenas in abeyance as to the non-Wilson information. If you do not agree, we intend to ask the Court for that relief.

Before we send the email to the Court, please share your position with us. We reserve the right to adjust our position after we see your draft.

I am copying Andrew Perrong for his visibility.

Best,
Peter

Peter Farag | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5830
pfarag@milbank.com | milbank.com

======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
======================================== This e-mail message may contain legally privileged

and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
======================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
======================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**Joint Email to the Courtroom Deputy**

Subject: *In re Subpoena to Heidarpour Law Firm, PLLC*, No. 6:26-mc-00830-MC — Request for Telephone Conference re: Discovery Dispute

Dear Chambers:

Pursuant to Judge McShane's practices, we write jointly on behalf of Petitioner Non-party Heidarpour Law Firm, PLLC ("HLF") and Respondent Freeway Insurance Services of America, LLC ("Freeway") to raise a dispute regarding the appropriate scope of discovery in the above-referenced matter. The parties have conferred in good faith but have been unable to resolve their disagreement, and they respectfully request a telephone conference with the Court.

The parties disagree about whether, following HLF's productions in response to the first subpoena, Freeway may obtain further discovery from HLF through a second subpoena and from twenty-one other non-parties it subpoenaed on October 16, including vendor records concerning individuals other than Mr. Wilson. The parties set out their respective positions below.

***HLF's Position.***

HLF has complied with the Court's August 24 Order, and no further discovery from HLF is warranted. At a minimum, the sweeping discovery Freeway now seeks from HLF and twenty-one other non-parties far exceeds anything the Court has considered.

On August 24, 2026, the Court denied HLF's motion to quash the first subpoena's twelve requests, each limited to Mr. Wilson, the Subject Number, or Freeway and each seeking only documents "sufficient to identify" discrete facts, and encouraged the parties to "narrow or refine" them. On September 23, HLF produced nearly 2,000 pages, a 7,152-entry privilege log, an index tying documents to each request, and a letter addressing each of Freeway's accusations. Freeway asserted deficiencies on October 2. On October 14, HLF responded point by point in a twelve-page letter, made a supplemental production, and invited further conferral. Two days later, without responding, Freeway served twenty-two new subpoenas: a second subpoena to HLF, subpoenas to three attorneys, one of whom represents Plaintiff in this action and two others who have represented Plaintiff in other matters, and subpoenas to eighteen vendors.

The new subpoenas bear little resemblance to the discovery the Court considered. The second subpoena demands "[a]ll Communications" and "[a]ll Documents" across every TCPA matter involving Mr. Wilson or the Subject Number since 2023; a "complete export or log" of HLF's communications with Mr. Wilson and his co-counsel, "whether or not" privileged; HLF's timesheets and personnel and compensation records; records of a different law firm dating to 2012; and "[a]ll other Documents" demanded in Freeway's October 2 email, which HLF already addressed. The vendor subpoenas seek records about individuals other than Mr. Wilson, and Freeway has said it will subpoena more.

This is not the discovery Freeway described to the Court. At the August 19 hearing, Freeway described the discovery it needed as "very limited" and "targeted," and said that "60 days is all we asked for." The Court called for "relatively robust" discovery regarding HLF and this litigation, and asked the parties to bring any dispute over "how far" that discovery should go to the Court. The only discovery from HLF the Court has addressed to date is the twelve requests in its August 24 Order, and HLF has complied with that Order.

HLF respectfully requests a conference to address whether any further discovery is warranted and, if so, its appropriate scope, and asks that compliance with the third-party subpoenas, to the extent they seek information unrelated to Mr. Wilson's claims against Freeway, be held in abeyance until then.

***Freeway's Position.*** [XX]