# Exhibit M



Ryan Watstein • 2nd + Follow ...

Founding Partner at WT | Our Record is Our Brand

2mo •

Yesterday, I had the great honor of arguing an important, first-of-its-kind motion to deny class certification in federal court in Oregon.

After an afternoon of argument, the Court denied certification in 14 putative class actions.

Here's what we told the Court at the outset of our presentation: we believe in the class action mechanism. When used properly, it is a powerful way to hold wrongdoers accountable—often the only way. I really believe that.

But when lawyers or litigants abuse it for personal profit, they cheapen it for everyone. Most of all for the people it exists to protect. Courts and the public grow skeptical. Companies increasingly impose arbitration clauses.

Here, one plaintiff filed 85 class actions in under two years, with hundreds (maybe thousands) more threatened by demand letter. His lawyers combined the pressure of the "class action" label and the terms of their engagement letters to cap the named plaintiff's recovery and extract individual settlements that significantly exceeded the statutory maximum. Using fact patterns that, by the plaintiff's own account, were individualized and not subject to class treatment. Almost all of the money recovered went to the lawyers, sometimes more than 90%. Nothing went to a class of injured persons.

When we asked a court to examine the mechanics of this operation for the first time, the lawyers immediately tried to dismiss their own case to avoid scrutiny. Other cases against our firm too.

Yesterday, the Court said no. To all of it. It denied certification across the 14 cases it had consolidated for purposes of our motion to deny certification. It rejected Plaintiff's attempt to dismiss his own case before discovery into the extent of any misconduct. And it stayed the remaining 13 cases—now individual, non-class cases.

It gives me no pleasure to have to bring this type of motion. We did everything we could to avoid it. We warned about the misuse of the class mechanism for years. And so did others. We conferred with plaintiff's counsel in this case about the motion we intended to file. But it all fell on deaf ears, so here we are.

Many thanks to my colleagues James Ruley and Rebecca Rhym, and to our Oregon and D.C. counsel, Tim Fransen and Attison Barnes, III, for their excellent work on the case and related proceedings.

I'll post the transcript in the comments for those who want to read it.

97 25 5

Most relevant ▾



**Ryan Watstein** Author 3mo •••

Founding Partner at WT | Our Record is Our Brand

Here is a link to the transcript: https://www.dropbox.com/scl/fi/1x9kovq12rcqykv1epu7d/08-19-2026-Wilson-v.-Freeway-Insurance-Services-FINAL.pdf?rlkey=tztbahf7ngheemr60u756z66z&st=1cfyqyxt&e=1&dl=0

4



**Sean Gruwell** • 3rd+ 3mo •••

Entrepreneur & Consultant | Specializing in Contact Center Solutions, ...

Congratulations, Ryan. Big one, and overdue.

I lived this in 2012 as the marketing partner on a fully legal outbound program for a public energy company. A competitor's employee got themself hired at one of our contact centers and manually dialed a known serial litigator. Twice. Both calls recorded. That became a class action against my client, because my client was the deeper pocket.

Plaintiff's counsel chased it two years (Antony something ich). The theory doesn't require harm and that's the point. Get into discovery on millions of calls, find the small drift any program that size has, multiply by statutory damages, and produce a number big enough that settling is the only rational business decision. Most of those calls were never even answered. Nobody was injured. The math is the weapon.

I spent real personal money defending it, mostly to keep it off a client whose in-house team didn't grasp vicarious liability. He withdrew.

Which is why your framing matters. The class mechanism is legitimate. The arbitrage built on top of it isn't. When 90%+ goes to counsel, the "class" is set dressing.

I've quietly referred people to you for five years great work, at rates that reflect the work and not the marketing budget!

1 2

Ryan Watstein Author 3mo
Founding Partner at WT | Our Record is Our Brand

Sean Gruwell I have seen this story so many times. One day maybe Congress will do something to fix the incentives that make the abuse possible. Until then, thanks for the kind words (and referrals), and we'll keep doing what we can to level the playing field.

Sean Gruwell • 3rd+ 3mo
Entrepreneur & Consultant | Specializing in Contact Center ...

Pleasure! Every complaint I've seen (I track pacer for fun 😜) opens with the same line: Americans are united in their disdain for robocalls. True and irrelevant, when the defendant is a licensed company with 400 W-2s ... a compliant business who is not said robocalling. That sentence has done a lot of work it hasn't earned. Courts examining the mechanics instead of the sentiment is the fix Congress seems to not be getting around to. Keep on keeping on. ⚖️ 💪

Collapse replies

LinkedIn Member 3mo

Congratulations to you and the team, Ryan. You're all doing G-D's work.

Most businesses will indeed settle because the arithmetic tells them to, not because they did anything wrong. A court finally examining the mechanics behind how these operations are conducted is long overdue. Bravo.

2 1

LinkedIn Member 3mo ...

David B. Moreno The Court was surprised it took so long for someone to raise it. But you are exactly right about why, and that's what we told the judge: the model thrives because it is usually wildly cheaper to pay than to expose.

1

LinkedIn Member 3mo ...

This could really change everything. Just amazing work. Will follow closely.

4 1

LinkedIn Member 3mo ...

Eric J. Troutman It will certainly be interesting to see what the landscape looks like in a year. Never a dull moment.

1

Alexander Terepka • 2nd 3mo Follow ...

Partner at Watstein Terepka LLP

This is one for the books! Such great work bringing much needed judicial scrutiny to abuses in the system.

4 3



**Ryan Watstein** Author 3mo ···

Founding Partner at WT | Our Record is Our Brand

Alexander Terepka If someone asked me whether I would be doing work like this when I came out of law school, I would have thought they were crazy. But that's because they teach you how noble the system is. The reality, unfortunately, is often the opposite.

2



**John Henson** • 2nd 3mo Follow ···

Your AI Voice Agent Needs a Lawyer. I'm That Lawyer....

Ryan Watstein - "But that's because they teach you how noble the system is. The reality, unfortunately, is often the opposite."

But, the work you are doing here IS noble work. From all of us, thank you and your team!

2

**LinkedIn Member** 3mo ···

John Henson Really appreciate that!

Collapse replies



**James Ruley** • 2nd 3mo Follow ···

Class Action Defense Attorney | Consumer Litigation | TCPA | ...

This is the kind of motion that's a pain to bring and exactly right to bring despite that. Great result, and a privilege to work on it with you.

4

Jenna Schneider • 3rd+ 3mo Follow ...
Litigation and Privacy Counsel | CIPP/US

An argument like this (and the subsequent ruling crediting it) helps safeguard the actual class certification mechanism for those it was meant for. Well done!

2

Trish Treadwell • 3rd+ 3mo Follow ...
Senior Counsel at Federal Deposit Insurance Corporation ...

This is great stuff. The team exposed exactly why and how the class action mechanism is being abused. Kudos to the firm's and our client's courage!

3

Eleanor Keith Hall Emanuel • 3rd+ 3mo Follow ...
Associate at Watstein Terepka

These types of plaintiffs and their lawyers have been abusing the class action mechanism this way for years, and gotten away with it. But the tide is turning, and proud to be a part of the team making waves.

2

Nathaniel Haas • 3rd+ 3mo Follow ...
Litigation Partner @ Watstein Terepka LLP | Commercial ...

It was a pleasure to listen to your oral argument, which was a masterclass. I am so proud of you and our Firm for this important work.

3

Matthew Keilson • 3rd+ 3mo Follow ...
Partner at Watstein Terepka LLP

👏👏

2

Corine Forward White • 2nd 3mo Follow •••
Associate at Watstein Terepka LLP

Truly unprecedented. Great work!

2

Lauri Mazzuchetti • 2nd 3mo Follow •••
Partner at Kelley Drye & Warren

Amazing job! Truly terrific.

2

Benjamin Williams • 2nd 3mo •••
Complex Commercial Litigator

Well done, Ryan. So proud to work alongside this gilt-edged team.

2

Lyndsi [Stafford] Edgar in • 3rd+ 2mo Follow •••
Get Noticed by the People Who Refer and Hire You | Done-fo...

Huge win, Ryan! Congrats to you and the team on such an important result.

1

Shreya Shah • 3rd+ 3mo Follow •••
Litigation Associate at Watstein Terepka, LLP

Way to go Ryan Watstein and Team! So honored to work alongside this trailblazing team driving meaningful change.

1



**Kristi Fielder** • 3rd+ 3mo •••

Global in-house leader, Litigation

Way to go!!

1



**Bryant Delgadillo** • 3rd+ 3mo Follow •••

Partner at PIB Law

Congrats Ryan. Great job!

1